1

2

3

4

5

6

7

8

THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  PLAINTIFFS JOY PECZNICK and GIL
   KAUFMAN, individually and on behalf of all
10 others similarly situated,

11          Plaintiffs,

12     v.

13 AMAZON.COM, INC., a Delaware
   corporation,

14

15          Defendant.

16

Case No.: 2:22-cv-00743-TL

**DEFENDANT AMAZON.COM, INC.'S
MOTION TO CONSOLIDATE**

**NOTE ON MOTION CALENDAR:
JULY 8, 2022**

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiffs in this action and in the related case *Griffith v. Amazon.com, Inc.*, No. 2:22-cv-00783 (collectively, the "Related Actions") allege that Amazon.com, Inc. unfairly or deceptively charged a $9.95 service fee for Whole Foods Market ("WFM") delivery orders. The Related Actions were filed just days apart and are both before this Court. The cases similarly assert violations of state consumer protection laws and common law claims, on behalf of substantially identical putative classes of Amazon Prime members. Given the substantial factual and legal overlap between the cases, and in the interest of judicial economy, Amazon respectfully requests that the Court consolidate the Related Actions.

**BACKGROUND**

**I.     The Pecznick Action**

On May 31, 2022, Plaintiffs Joy Pecznick and Gil Kaufman filed a complaint against Amazon regarding the WFM delivery program for Prime members. *Pecznick*, No. 2:22-cv-00743, Dkt. No. 1 ("Pecznick Compl."). Amazon Prime is a paid membership that offers subscribing customers various benefits for a monthly or yearly fee. *Id.* n.1. In or around February 2018, Amazon introduced a Prime benefit that allowed members in certain U.S. regions to "order groceries from Whole Foods and have the groceries delivered for free with a minimum $35 purchase." *Id.* ¶ 3. According to the Pecznick complaint, in October 2021, Amazon committed an "unfair business practice," and breached the terms and conditions of Amazon Prime ("Prime Terms and Conditions"), by "eliminat[ing] Prime's free Whole Foods delivery program" and adding a $9.95 service fee to WFM delivery orders. *Id.* ¶¶ 5-7. Plaintiffs claim they were injured "[a]s a result of Amazon instituting the $9.95 Whole Foods delivery fee," which allegedly deprived them of "the benefit of their membership bargain." *Id.* ¶¶ 7-9. The complaint asserts violation of the Washington Consumer Protection Act ("WCPA"), breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment. *See generally id.* Plaintiffs Pecznick and Kaufman purport to bring these claims on behalf of a nationwide class of "[a]ll Amazon Prime members residing in the United States who ordered Amazon's Whole Foods free delivery and were annual members when the $9.95 fee was introduced on October 25, 2021." *Id.* ¶ 44.

1    Counsel for Amazon and Plaintiffs Pecznick and Kaufman conferred before Amazon filed

2    this Motion, and Plaintiffs oppose consolidation.  Declaration of Brian D. Buckley ¶ 2.

3    **II.    The Griffith Action**

4    On June 7, 2022, just seven days after the Pecznick complaint was filed, Plaintiff Dena

5    Griffith also sued Amazon in this District with respect to the WFM delivery program.  *Griffith*,

6    No. 2:22-cv-00783, Dkt. No. 1, ("Griffith Compl.").  The Griffith complaint contends that one

7    advertised benefit of Amazon Prime is that members can receive "'FREE Delivery' and 'FREE 2-

8    Hour Grocery Delivery,' including for grocery deliveries from Whole Foods Market."  *Id.* ¶ 9.

9    The complaint alleges that Amazon's representations are false and misleading because in October

10   2021, Amazon implemented a $9.95 service fee for WFM deliveries, including for Prime members.

11   *Id.* ¶¶ 12-13.  Relatedly, the complaint alleges that Amazon failed to "disclos[e] the $9.95 service

12   fee along with the advertised price of the Whole Foods grocery items."  *Id.* ¶ 15.  Plaintiff Griffith

13   claims to have been injured because "[i]nstead of receiving the benefit of a free delivery as

14   advertised, Plaintiff paid a $9.95 service fee."  *Id.* ¶ 24.  Plaintiff asserts claims for violations of

15   the WCPA and California's consumer protection laws, unjust enrichment, negligent

16   misrepresentation, concealment, and fraud.  *See generally id.*  She purportedly brings these claims

17   on behalf of a nationwide class of "[a]ll U.S. citizens who were Amazon Prime members that were

18   charged a service fee in connection with an online delivery from Whole Foods Market from August

19   1, 2021."  *Id.* ¶ 29.

20   Plaintiff Griffith filed a Notice of Related Case on June 7, 2022, listing the Pecznick Action

21   as a related case.  *Pecznick*, No. 2:22-cv-00743, Dkt. No. 2 ("Notice").  The Notice explains that

22   both cases are "putative class actions for claims arising out of a service fee charged by

23   Amazon.com, Inc. in connection with its grocery delivery service from Whole Foods Market."  *Id.*

24   The Griffith Action was reassigned from Judge Coughenour to this Court on June 10, 2022.

25   Counsel for Amazon and Plaintiff Griffith conferred before Amazon filed this Motion.

26   Buckley Decl. ¶ 3.  Plaintiff Griffith consents to and supports consolidation of the Related Actions,

27   including the filing of an amended consolidated complaint if this Motion is granted.  *Id.*  Griffith

28   is filing a similar motion to consolidate in the Griffith Action.  *Id.*

AMAZON'S MOTION TO CONSOLIDATE                    - 2 -                    FENWICK & WEST LLP
CASE NO.: 2:22-CV-00743-TL                                              1191 SECOND AVENUE, 10TH FLOOR
                                                                        SEATTLE, WASHINGTON  98101

**LEGAL STANDARD**

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions."  Fed. R. Civ. Proc. 42(a).  A court has "broad discretion under this rule to consolidate cases pending in the same district."  *Inv'rs Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989).  Once a court identifies a common question of law or fact, it generally weighs "the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result."  *Rittmann v. Amazon.com, Inc.*, No. C16-1554-JCC, 2019 U.S. Dist. LEXIS 113928, at *4-5 (W.D. Wash. July 9, 2019); *see also Bedrock Masonry, Inc. v. Innovative Constr. & Design Ltd.*, No. 2:19-CV-429-RMP, 2020 U.S. Dist. LEXIS 128611, at *6 (E.D. Wash. July 21, 2020).

**ARGUMENT**

**I.     The Related Actions Substantially Overlap in Questions of Law and Fact.**

Consolidation under "Rule 42 requires simply 'a common question of law or fact' and not that common legal and factual questions predominate."  *Terwilleger v. Grays Harbor Cty.*, No. 3:19-cv-5215 RBL-JRC, 2019 U.S. Dist. LEXIS 82171, at *4 (W.D. Wash. May 14, 2019); Fed. R. Civ. Proc. 42(a).  In other words, consolidation is appropriate where the cases share only *a single issue of fact or law.  See Burnett v. Rowzee*, No. SACV07-641 DOC (ANx), 2007 U.S. Dist. LEXIS 89799, at *7 (C.D. Cal. Nov. 26, 2007).

Numerous courts have consolidated cases with similar facts to preserve judicial resources.  For instance, the court in *Gray v. Suttell & Associates* consolidated two actions because defendants' "debt-collecting system underlie all claims."  No. CV-09-251-EFS, 2010 U.S. Dist. LEXIS 146948, at *7 (E.D. Wash. Dec. 29, 2010).  The court did so notwithstanding the fact that the actions challenge different aspects of defendants' debt collection practices; the proposed classes "overlap" but are "not identically defined"; and "these actions are in two different stages of litigation."  *Id.*  It reasoned that consolidation "will result in considerable savings to the judicial system: litigating the suits separately could result in unnecessary discovery duplication and inconsistent determinations of the same factual and legal issues."  *Id.*  Similarly, another court consolidated two contract disputes—notwithstanding the "distinct factual determinations that may

1    have to be made regarding [the two plaintiffs'] and their respective relationships." *Bedrock*

2    *Masonry,* 2020 U.S. Dist. LEXIS 128611, at *7-8.  Ultimately, consolidating cases that overlap in

3    claims, defendants, and evidence will "result in reduced costs and increased efficiencies." *Id.* at

4    *2.  *See also, e.g., Burnett*, 2007 U.S. Dist. LEXIS 89799, at *13-14 (granting consolidation even

5    though "there are a number of factual issues with respect to the various plaintiffs' relationships

6    with various defendants" because the "core factual dispute for each of the claims" concerns the

7    same overall scheme).

8         Although common legal and factual questions need not predominate to support

9    consolidation, they do here.  The substantial overlap in questions of law between the Related

10   Actions are already apparent at this early juncture.  Common legal questions to be decided on a

11   motion to dismiss include: whether Plaintiffs agreed to and are bound by Amazon's Conditions of

12   Use and Prime Terms and Conditions, which explain that Amazon can change Prime benefits in

13   its sole discretion; whether Amazon's disclosures regarding the $9.95 service fee are adequate as

14   a matter of law; whether Plaintiffs have sufficiently alleged that the service fee is unfair or

15   deceptive; and whether Plaintiffs have stated a claim for unjust enrichment.

16        Even if the claims survive the motion to dismiss stage, common questions of fact will

17   continue to permeate the Related Actions.  The two cases focus on the same Amazon service

18   (WFM delivery) over the same period of time (after October 2021).  *See, e.g.*, Pecznick Compl.

19   ¶ 5; Griffith Compl. ¶ 13.  As Plaintiff Griffith explains, the Related Actions both "aris[e] out of a

20   service fee charged by Amazon.com, Inc. in connection with its grocery delivery service from

21   Whole Foods Market."  *See* Notice.  Thus, Plaintiffs will likely seek similar discovery from

22   Amazon.  Without a consolidated pre-trial process, Amazon could be subject to parallel but not

23   identical discovery processes and forced to negotiate the scope of discovery with two sets of

24   plaintiffs' counsel, produce witnesses for deposition more than once, respond to multiple sets of

25   discovery on similar issues, and produce duplicative documents and data.  It is much more efficient

26   and far less burdensome for Amazon and the Court to have a unified discovery process that covers

27   the overlapping issues.

28

1   Plaintiffs have also proposed nearly identical nationwide classes. *Compare* Pecznick

2   Compl. ¶ 44 (proposing class of U.S. Prime annual members "who ordered Amazon's Whole

3   Foods free delivery and were annual members when the $9.95 fee was introduced on October 25,

4   2021"), *with* Griffith Compl. ¶ 29 (proposing class of U.S. Prime members who "were charged a

5   service fee in connection with an online delivery from Whole Foods Market from August 1,

6   2021"). Absent consolidation, this Court must twice decide whether the proposed classes are

7   certifiable under Rule 23. And any summary judgment motions in the Related Actions would

8   require the Court to twice decide, among other overlapping questions, whether the $9.95 service

9   fee is unfair or deceptive and whether Plaintiffs can prove causation or injury for their WCPA

10   claims. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780,

11   719 P.2d 531 (1986).

12   In sum, Amazon's WFM delivery service for Prime members "underlie[s] all claims" in

13   the Related Actions. *Gray*, 2010 U.S. Dist. LEXIS 146948, at *6. The significant overlap in

14   questions of law and fact between the Related Actions weighs heavily in favor of consolidation.

15   **II.   Consolidation Promotes Judicial Economy and Would Not Cause Delay, Confusion,**
16   **or Prejudice.**

17   Consolidating the Related Actions would not result in any inconvenience, delay, or

18   prejudice. *See Rittmann*, 2019 U.S. Dist. LEXIS 113928, at *4-5. They are both before this Court

19   and in the exact same procedural posture. Neither Plaintiffs nor Amazon have incurred significant

20   litigation expenses, and Amazon has not answered or filed any motion to dismiss. Because these

21   cases are in the early stages, consolidation now is "preferable to consolidating at a later stage, as

22   it will serve to avoid duplicative motions practice and discovery." *Terwilleger*, 2019 U.S. Dist.

23   LEXIS 82171, at *4. By contrast, if this Court denies the Motion, Amazon would be prejudiced

24   by "the undue burden associated with defending itself against the same claims in separate lawsuits

25   brought by competing plaintiffs' counsel." *A Cemal Ekin v. Amazon Servs., LLC*, No. C14-0244-

26   JCC, 2014 U.S. Dist. LEXIS 199367, at *7 (W.D. Wash. May 23, 2014).

27   Consolidation also reduces confusion by "prevent[ing] any possibility of inconsistent

28   rulings." *Id.* at *6. This Court should grant the Motion and direct Plaintiffs to file a consolidated

complaint "for the purposes of combining the then-existing claims and parties in a single pleading." *Salinas v. City of San Jose*, No. C 09-4410 RS, 2010 U.S. Dist. LEXIS 137615, at *2 (N.D. Cal. Dec. 20, 2010); *see also Terwilleger*, 2019 U.S. Dist. LEXIS 82171, at *4-5 (ordering consolidation and directing plaintiff to file a "consolidated amended complaint [that] will act as a complete replacement for the original complaints"). Plaintiff Griffith agrees. *See* Buckley Decl. ¶ 3. Amazon would then "respond [to] and defend one unified action as opposed to [two] separate actions," and the Court would rule on one motion to dismiss. *See Mack v. LLR, Inc.*, No. 5:17-CV-00853-JGB(DTBx), 2018 U.S. Dist. LEXIS 238244, at *8 (C.D. Cal. Jan. 31, 2018).

"[C]onsolidation of overlapping lawsuits before a single judge is the preferred method of handling duplicative actions" and promotes judicial economy. *A Cemal Ekin*, 2014 U.S. Dist. LEXIS 199367, at *7. Like in *Gray* and *Bedrock Masonry* where the courts granted consolidation, combining the Related Actions into one unified case results in "considerable savings to the judicial system" and "reduced costs and increased efficiencies." *Gray*, 2010 U.S. Dist. LEXIS 146948, at *7; *Bedrock Masonry*, 2020 U.S. Dist. LEXIS 128611, at *7. Specifically, consolidation would reduce the number of conferences and motion practice, simplify pre-trial schedules and procedures, and avoid duplicative discovery disputes, redundant discovery responses, depositions of the same witnesses, and parallel production of similar documents.

## CONCLUSION

The Related Actions are both pending before this Court, Amazon is a common party in each case, and there is substantial overlap in issues of fact and law. Consolidation will not prejudice any party but would instead lead to efficiencies and judicial economy. This Court should grant Amazon's Motion and direct plaintiffs to file a consolidated complaint.

1

Dated:  June 23, 2022                    Respectfully submitted,

2

3                                        FENWICK & WEST LLP

4

                                         By: */s/ Brian D. Buckley*
5                                            Brian D. Buckley, WSBA No. 26423

6                                            Y. Monica Chan, WSBA No. 58900
                                             1191 Second Avenue, 10th Floor
7                                            Seattle, WA  98101
                                             Telephone:      206.389.4510
8                                            Email:          bbuckley@fenwick.com
                                                             mchan@fenwick.com
9
                                             *Attorneys for Defendant*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFFS JOY PECZNICK and GIL KAUFMAN, individually and on behalf of all others similarly situated, | Case No.: 2:22-cv-00743-TL |
| Plaintiffs, | **CERTIFICATION OF CONFERENCE** |
| v. | |
| AMAZON.COM, INC., a Delaware corporation, | |
| Defendant. | |

Pursuant to Section II(D) of the Honorable Judge Lin's April 26, 2022 Standing Order for All Civil Cases, I hereby certify that, on June 13, 2022, as counsel for the moving party, I conferred with opposing counsel in a good-faith effort to resolve the issues raised in this motion.  The parties were unable to resolve the issues raised in the motion

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 23, 2022        */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423