UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFFS JOY PECZNICK and GIL KAUFMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>*Defendant*. | Case No: 2:22-cv-00743-TL<br><br>NOTICE OF MOTION TO CONSOLIDATE CASES AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL |

NOTICE OF MOTION TO CONSOLIDATE CASES

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Pursuant to Local Civil Rule 42, Plaintiff Dena Griffith in Case No. 2:22-cv-00783-TL hereby submits notice of the filing of the appended Motion.

DATED this 23rd day of June, 2022.

**BORDE LAW PLLC**

By: s/ Manish Borde
Manish Borde, WSBA #39503
600 Stewart St., 400
Seattle, WA 98101
Telephone: (206) 531-2722
Email: mborde@bordelaw.com


**SCHROETER GOLDMARK & BENDER**

By: s/ Adam J. Berger
Adam J. Berger, WSBA # 20714
401 Union Street, Suite 3400
Seattle, WA  98101
Telephone: (206) 622-8000
Fax: (206) 682-2305
Email: berger@sgb-law.com


**LAW OFFICES OF RONALD A. MARRON**

By: s/ Ronald A. Marron
Ronald A. Marron (*pro hac vice*)
Michael T. Houchin (*pro hac vice*)
Lilach Halperin (*pro hac vice*)
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Fax: (619) 564-6665
Email: ron@consumersadvocates.com
mike@consumersadvocates.com
lilach@consumersadvocates.com

**ATTORNEYS FOR PLAINTIFF and the Proposed Classes**

NOTICE OF MOTION TO CONSOLIDATE CASES - 1 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants.

**BORDE LAW PLLC**

By: s/ Manish Borde
Manish Borde, WSBA #39503
600 Stewart St., 400
Seattle, WA 98101
Telephone: (206) 531-2722
Email: mborde@bordelaw.com

*Attorney for Plaintiff Dena Griffith*

NOTICE OF MOTION TO CONSOLIDATE CASES - 2 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENA GRIFFITH, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>*Defendant*. | Case No.  2:22-cv-00783-TL<br><br>**MOTION TO CONSOLIDATE CASES AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>NOTED FOR MOTION CALENDAR: July 8, 2022 |

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff Dena Griffith ("Plaintiff") respectfully moves this Court to consolidate the instant case with a related action titled *Joy Pecznick, et al. v. Amazon.com, Inc.*, Case No. 2:22-cv-00743-TL ("*Pecznick*")[1] because common questions of law and fact permeate both actions. Additionally, the Court should appoint the Law Offices of Ronald A. Marron, APLC ("Marron Firm"), the law firm of Schroeter Goldmark & Bender ("SGB"), and BORDE LAW PLLC ("Borde Firm") as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3).

Consolidation is warranted for multiple reasons. First, Plaintiff Griffith and Defendant Amazon.com, Inc. ("Amazon") agree that consolidation is appropriate. Marron Decl., ¶ 3. Second, Plaintiff Griffith and the *Pecznick* Plaintiffs are suing the same Defendant, Amazon.com, Inc., for allegedly deceptive practices concerning Amazon's service fee for grocery deliveries from Whole Foods Market. Moreover, Plaintiff Griffith and the *Pecznick* Plaintiffs assert a common cause of action for violation of the Washington Consumer Protection Act, RCW 19.86.010, *et seq*. The class definitions pled in the instant action and in the *Pecznick* action also overlap significantly. Consolidating these cases will promote the interests of justice by precluding the possibility of inconsistent results, as well as judicial economy by streamlining the discovery process and reducing the number of pre-trial motions and filings.

Appointment of interim class counsel is necessary to protect the interests of the putative class and progress toward certification and trial. Additionally, appointment of interim class counsel will create one unified and independent voice for all putative class plaintiffs and will promote

---

[1] A copy of the *Pecznick* Complaint ("*Pecznick* Compl.") is attached as Exhibit 1 to the concurrently filed Declaration of Ronald A. Marron ("Marron Decl.").

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -1

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

efficiency and conserve judicial resources. Again, this consideration is particularly applicable here where two similar class actions have already been filed. For these reasons, and as detailed more fully below, Plaintiff Griffith respectfully requests that the Court grant their motion, consolidate the two cases, and appoint the Marron, SGB, and Borde Firms as Interim Class Counsel.

## II. BACKGROUND

### A. The *Griffith* Action

Plaintiff Dena Griffith filed the instant action on June 7, 2022. ECF No. 1. The gravamen of Plaintiff's Complaint ("Compl.") is that Amazon advertises that its Prime Members will receive "Free Delivery" and "Free 2-Hour Grocery Delivery," but Amazon charges its Prime members a $9.95 "service fee" in connection with grocery deliveries from Whole Foods Market.[2] Compl., ¶¶ 7-14. Plaintiff Griffith further alleges that Amazon engages in a bait-and-switch advertising scheme by not disclosing the $9.95 service fee with the advertised prices of Whole Foods Market grocery items and by not sufficiently disclosing the fee throughout the online ordering process. Compl., ¶¶ 15-19. Plaintiff Griffith seeks to represent a nationwide class defined as follows:

> All U.S. citizens who were Amazon Prime members that were charged a service fee in connection with an online delivery from Whole Foods Market from August 1, 2021 until the date notice is disseminated to the class, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

Compl., ¶ 29.

Plaintiff Griffith also seeks to represent a California class defined as follows:

> All California residents who were Amazon Prime members that were charged a service fee in connection with an online delivery from Whole Foods Market from August 1, 2021 until the date notice is disseminated to the class, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

Compl., ¶ 30.

---

[2] Whole Foods Market is owned by Amazon. Compl., ¶ 10.

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -2

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Plaintiff Griffith alleges causes of action for violations of the Washington Consumer Protection Act, RCW 19.86.010, *et seq.* ("CPA") (Compl., ¶¶ 42-50); violations of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA") (Compl., ¶¶ 51-64); violations of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL") (Compl., ¶¶ 65-71); violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL") (Compl., ¶¶ 72-85); unjust enrichment/ quasi contract (Compl., ¶¶ 86-93); negligent misrepresentation (Compl., ¶¶ 94-98); concealment/ non-disclosure (Compl., ¶¶ 99-109); and fraud (Compl., ¶¶ 110-115).

### B. The *Pecznick* Action

The *Pecznick* action was filed on May 31, 2022. *See generally Pecznick* Compl. The *Pecznick* Action similarly alleges that Amazon engaged in unlawful business practices by charging its Prime members a $9.95 service fee in connection with grocery deliveries from Whole Foods Market. *Pecznick* Compl., ¶¶ 31-43. The *Pecznick* plaintiffs seek to represent a class defined as follows:

> All Amazon Prime members residing in the United States who ordered Amazon's Whole Foods free delivery and were annual members when the $9.95 fee was introduced on October 25, 2021.

*Pecznick* Compl., ¶ 44.

The *Pecznick* Plaintiffs allege three causes of action for violation of the Washington Consumer Protection Act, breach of contract, and breach of duty of good faith and fair dealing. *Pecznick* Compl., ¶¶ 53-75.

## III.  CONSOLIDATION IS WARRANTED

### A. Legal Standard

A district court has broad discretion to consolidate actions involving "common issues of

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -3

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

law or fact." Fed. R. Civ. P. 42(a); *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In addition, "[s]uch discretion may be exercised even when the cases sought to be consolidated are pending before different judges in the same district." *Nelson v. Paulson*, 2008 WL 11347440, at *1 (W.D. Wash. Sept. 25, 2008). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Ulbricht v. United States Fid. & Guar. Co.,* 2020 WL 5632104, at *2 (W.D. Wash. Sept. 21, 2020) ("The court considers several factors in analyzing consolidation, including judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation.").

"The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications." *Team Enters., LLC v. W. Inv. Real Estate Trust*, 2008 WL 4712759, at *1 (E.D. Cal. Oct. 23, 2008). "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Burnett v. Rowzee,* 2007 WL 4191991, at *2 (C.D. Cal. Nov. 26, 2007) (citation omitted).

### B. The Cases Should Be Consolidated Because They Involve the Same Defendant and Present Common Factual and Legal Issues

Both actions against Amazon share common questions of law and fact, making consolidation of these matters appropriate. The core factual allegations of these cases are the same: Amazon promised its Prime members "Free Delivery" and "Free 2-Hour Grocery Delivery" but then committed unfair business practices by charging its Prime members a $9.95 service fee in connection with grocery deliveries from Whole Foods Market. In this regard, both cases are

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -4

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

putative class actions seeking certification of similar classes involving the same core issues against the same defendant. *See Levitte v. Google, Inc.*, 2009 WL 482252, at *1 (N.D. Cal. Feb. 25, 2009) (finding consolidation of related cases with the same defendant appropriate where the related cases shared the same "core issue"); *Burnett*, 2007 WL 4191991, at *2 (defendant's "scheme to defraud is a common factual issue among all of the cases," even though "the complaints differ in specifics, [because] as a general matter each rests on the same series of transactions"); *Osher v. JNI Corp.*, 2001 WL 36176415, at *2 (S.D. Cal. July 10, 2001) (finding that Rule 42 does not "require[] that the actions be identical before they may be consolidated"). Because both the instant action and the *Pecznick* matter involve a common defendant (Amazon), and because both cases share overlapping issues of fact and law, these circumstances strongly support consolidation.

### C. Consolidation Would Serve the Interests of Justice, Judicial Economy, and Efficiency

Consolidation is also warranted because any discovery regarding Amazon's conduct or policies relating to its service fee will be substantially the same among both actions. *See Backe v. Novatel Wireless, Inc.*, 2008 WL 5214262, at *2 (S.D. Cal. Dec. 10, 2008) (Where "the related actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to both lawsuits."). Because of the overlapping factual and legal issues, discovery will be almost identical. Both Plaintiff Griffith and the *Pecznick* plaintiffs, for example, will be requesting the same information and documents in connection with the service fee Amazon charges consumers. Conversely, if these cases proceed separately, duplicative discovery will force Amazon to expend significant extra effort and expense defending substantially identical claims.

Consolidation would also allow the Court to avoid unnecessary time and effort presiding over duplicative class certification proceedings, discovery matters, and other motions and proceedings. Furthermore, in these related cases arising from the same facts and affecting the same

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -5

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

substantive rights of overlapping class members, divided proceedings create a risk of potentially inconsistent results. *See Burnett*, 2007 WL 4191991, at *3 (after finding a common factual issue, holding "[t]he real risk of inconsistent judgments arises if the parties are allowed to proceed with dispositive motions or trial in an uncoordinated manner"). Accordingly, consolidating these cases will serve to funnel the judicial proceedings along a single track, thereby promoting the interest of justice, judicial economy, and efficiency to all parties and this Court.

### IV. THE COURT SHOULD APPOINT THE MARRON, SGB, AND BORDE FIRMS AS INTERIM CLASS COUNSEL

Pursuant to Rule 23(g) and the Annotated Manual for Complex Litigation (4th ed. 2006) (the "*Manual*"), the appointment of interim class counsel is recommended early in the litigation prior to class certification to protect the interests of the putative class. Plaintiff Griffith respectfully submits that this Motion should be granted to promote the orderly and efficient conduct of this action consistent with the recommendations of Rule 23(g) and the *Manual*.

Plaintiff's motion seeks to implement the procedures suggested by the *Manual* by designating interim class counsel for Plaintiffs and the putative class. *See Manual* §§ 10.22, 40.22. *See also* Fed. R. Civ. P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification). Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Although the rule states the court "may" appoint interim counsel, courts that have construed Rule 23(g)(3) have relied on the Advisory Committee Notes (hereafter "Notes") accompanying the rule to hold that interim counsel should be appointed when necessary to protect the interests of the putative class. *See, e.g., Four In One Co. v. SK Foods. L.P.*, 2009 WL 747160, at *1 (E.D. Cal. Mar. 20, 2009); *Parkinson v. Hyundai Motor Am.*, 2006 WL2289801, at *2 (C.D. Cal. Aug. 7, 2006). Further, the Notes

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -6

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

contemplate "that in many cases the need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added). This is especially true where, as here, "overlapping, duplicative, or competing class suits are pending." *McFadden v. Microsoft Corp.*, 2020 WL 5642822, at *2 (W.D. Wash. Sept. 22, 2020).

As stated in the *Manual*, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* § 10.22. Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221. While neither the Federal Rule of Civil Procedure nor the Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See Four In One*, 2009 WL 747160, at *1; *Hyundai Motor Am.*, 2006 WL 2289801, at *2; *Anderson v. Fiserv, Inc.*, 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006); *Hill v. The Tribune Co.*, 2005 WL 3299144, at *3-4 (N.D. Ill. Oct. 13, 2005).

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -7

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

(iv) the resources that counsel will commit to representing the class.

Under Rule 23(g)(1)(B), the Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified, experienced, and generally capable of conducting class action litigation. *See Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1323 (9th Cir. 1980), *vacated on other grounds*, 459 U.S. 810 (1982). Each of these considerations, as detailed below, support the designation of the Marron, SGB, and Borde Firms as interim class counsel.

### A. Proposed Interim Class Counsel's Identification and Investigation of Claims

Proposed Lead Counsel has diligently worked identifying and investigating the claims in the *Griffith* Action, which as described above, encompass many of the claims in the *Pecznick* Action as the two cases share common questions of law and fact. For instance, Proposed Lead Counsel conducted intensive pre-filing investigations of Ms. Griffith's claims, which included closely analyzing the underlying facts of Ms. Griffith's allegations and carefully researching the applicable law. Marron Decl., ¶ 4.

These investigative efforts resulted in the submission of a detailed complaint that sets forth a comprehensive false advertising theory of liability that includes eight causes of action (rather than the four causes of action asserted by the *Pecznick* Plaintiffs) that reflect Proposed Lead Counsel's extensive factual investigations and command of the applicable law. Specific examples of Proposed Lead Counsel's efforts include:

- Consulting with Ms. Griffith and assessing her claims, as well as the claims of the putative class members;

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -8

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

- Consulting with a consumer survey expert for purposes of preparing an expert witness report;
- Researching the applicable law and relevant causes of action;
- Researching Amazon's service fee and the webflow of the Whole Foods Market website;
- Conferring internally to discuss litigation strategy to protect the best interests of the putative class members;
- Serving a Notice and Demand Letter pursuant to California Civil Code § 1782 on Amazon; and
- Drafting and filing the complaint in the *Griffith* Action.

Marron Decl., ¶ 5.

Proposed Lead Counsel have already committed numerous hours investigating and litigating the claims in the *Griffith* Action and will continue to commit the work and resources necessary to protect the interests of affected consumers. Marron Decl., ¶ 6.

### B.  Proposed Interim Class Counsel's Experience in Handling Class Actions and Other Complex Litigation

The Marron, SGB, and Borde Firms have substantial experience handling class actions and other complex litigation, including consumer class actions addressing violations of Washington's and California's consumer protection laws.

#### 1.  The Marron Firm

The Marron Firm was established in 1996 and has recovered millions on behalf of consumers. *See, e.g., Hilsley v. Ocean Spray Cranberries, Inc.*, No. 3:17-cv-02335-GPC-MDD, 2020 WL 520616, at *3 (S.D. Cal. Jan. 31, 2020) (approving $5,400,000 settlement in a certified

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -9

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

class action where the Court noted that the Marron Firm "has extensive experience in consumer class actions [and] has also vigorously represented the Class"); *Graves v. United Industries Corp.*, No. 2:17-cv-06983-CAS-SK, 2020 WL 953210, at *5 (C.D. Cal. Feb. 24, 2020) (approving $2,500,000.00 class action settlement where the Court stated that Marron Firm "vigorously represented the Class" and has "extensive experience in consumer class action litigation."); *Gallucci v. Boiron, Inc.*, Case No. 3:11-CV-2039 JAH NLS, 2012 WL 5359485, at *10 (S.D. Cal. Oct. 31, 2012) (approving $5,000,000 class action settlement); *Esparza v. Smartpay Leasing, Inc.*, No. 3:17-cv-03421-WHA, 2020 WL 465865, at *2 (N.D. Cal. Jan. 28, 2020), judgment entered, 2020 WL 465863 (N.D. Cal.) (approving $8,670,000 class action settlement in a TCPA certified class action); *Busch v. Bluestem Brands, Inc.,* No. 0:16-cv-00644-WMW-HB, 2019 WL 5092952, at *1 (D. Minn. Oct. 11, 2019) (approving $5,250,000 class action settlement). The Marron Firm's qualifications are fully detailed in the Declaration of Ronald A. Marron submitted herewith.

### 2. SGB

SGB has been one of the leading law firms representing workers, consumers, and other injured individuals in Washington state for over 50 years. SGB's extensive class action experience in consumer and other class actions includes numerous cases that have been adjudicated up to the United States and Washington Supreme Courts with precedent-setting results. Most recently, SGB obtained a $17.3 million verdict as lead trial counsel for a class of detained immigrants at the Northwest ICE Processing Center in Tacoma. *Nwauzor v. The GEO Group, Inc.*, No. 3:17-cv-5769-RJB (W.D. Wash.) (ECF No. 522). The SGB attorneys appearing in this case have been appointed as lead or co-lead counsel in over 45 class actions by federal and state courts. SGB's qualifications are fully detailed in the accompanying Declaration of Adam J. Berger.

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -10

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

### 3. The Borde Firm

Manish Borde is a former Equity Member of Williams, Kastner & Gibbs, PLLC and started a boutique litigation firm focusing on complex litigation in 2019. Mr. Borde has extensive experience litigating complex matters in federal and state court, including Consumer Protection Act claims. One such federal court matter concerned a $20,000,000 lawsuit concerning, amongst other things, violations of the Consumer Protection Act on behalf of a Chapter 7 trustee of a bankrupt breast cancer charity. The largest creditor in the bankruptcy case was the Washington State Office of the Attorney General, which in turn was seeking renumeration on behalf of thousands of donors. The lawsuit was before Judge Lasnik and captioned as *James v. Paton, et al.,* No. C15-1914-RSL (W.D. Wash.) The bankruptcy case was before Judge Barreca and captioned as *In re Breast Cancer Prevention Fund,* Case No. 13-16150-MLB. The Bankruptcy Court approved a $5.2M settlement of the litigation, which featured, after payment to Plaintiff's counsel, remittance of the recovery to organizations that provide or fund low cost or no cost mammograms to uninsured or underinsured women. The settlement agreement can be found at *In re Breast Cancer Prevention Fund,* Case No. 13-16150-MLB, ECF No. 323. Mr. Borde is licensed to practice law in both Washington and California, and has worked on class action cases.

### C. Resources that Proposed Interim Class Counsel Will Commit to Representing the Class

The final Fed R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the Case, also strongly supports their appointment. Proposed Interim Class Counsel's resources are not merely financial, but also include substantial expertise and work-product as discussed above, which were developed in other similar cases that will benefit the putative class. The firms' ability to draw from this well-developed repository of information will also allow them

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -11

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

to streamline the litigation. Specifically, the Marron Firm is a successful law firm that has the resources necessary to pursue this case, as it has demonstrated in numerous similar large-scale class actions. The Marron Firm's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

Similarly, SGB brings to this Case the institutional knowledge, expertise, and financial strength gained over a half-century of representation of injured workers, consumers, and classes. As one of the largest plaintiff-side firms in Washington, SGB has the necessary professional and fiscal resources to ensure vigorous advocacy on behalf of the proposed classes.

The Borde Firm also brings years of experience in complex federal court litigation concerning non-personal injury claims and is licensed in both Washington and California, both laws of which are at issue in the lawsuit.

All three firms have substantial experience and resources to bring to bear in this matter on behalf of the Plaintiffs and the proposed classes. They have committed, and will continue to commit, their combined experience and resources to adequately represent the proposed classes through the conclusion of this action.

### V.   CONCLUSION

In the interests of judicial economy and for the reasons set forth above, Plaintiff respectfully requests that the Court consolidate the cases and appoint the Law Offices of Ronald A. Marron, APLC, the law firm of Schroeter Goldmark & Bender, and BORDE LAW PLLC as interim class counsel.

DATED this 23rd day of June, 2022.

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -12

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

1 | **BORDE LAW PLLC**

2 | By: s/ Manish Borde
Manish Borde, WSBA #39503
3 | 600 Stewart St., 400
Seattle, WA 98101
4 | Telephone: (206) 531-2722
Email: mborde@bordelaw.com

6 | **SCHROETER GOLDMARK & BENDER**

7 | 

8 | By: s/ Adam J. Berger
Adam J. Berger, WSBA # 20714
401 Union Street, Suite 3400
9 | Seattle, WA  98101
Telephone: (206) 622-8000
10 | Fax: (206) 682-2305
Email: berger@sgb-law.com

12 | **LAW OFFICES OF RONALD A. MARRON**

13 | 

14 | By: s/ Ronald A. Marron
Ronald A. Marron (*pro hac vice*)
Michael T. Houchin (*pro hac vice*)
15 | Lilach Halperin (*pro hac vice*)
651 Arroyo Drive
16 | San Diego, CA 92103
Telephone: (619) 696-9006
17 | Fax: (619) 564-6665
Email: ron@consumersadvocates.com
18 | mike@consumersadvocates.com
lilach@consumersadvocates.com

19 | 

20 | **ATTORNEYS FOR PLAINTIFF and the Proposed Classes**

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL -13

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

# CERTIFICATION OF CONFERRAL

I, Manish Borde, hereby certify that Plaintiff's counsel met and conferred with counsel for Defendant Amazon.com, Inc. and counsel for the Plaintiffs in the *Pecznick* Action on June 23, 2022 regarding the foregoing Motion to Consolidate Cases and for Appointment of Interim Class Counsel.

DATED this 23rd day of June, 2022.

**BORDE LAW PLLC**

By: s/ Manish Borde
Manish Borde, WSBA #39503
600 Stewart St., 400
Seattle, WA 98101
Telephone: (206) 531-2722
Email: mborde@bordelaw.com

**SCHROETER GOLDMARK & BENDER**

By: s/ Adam J. Berger
Adam J. Berger, WSBA # 20714
401 Union Street, Suite 3400
Seattle, WA 98101
Telephone: (206) 622-8000
Fax: (206) 682-2305
Email: berger@sgb-law.com

**LAW OFFICES OF RONALD A. MARRON**

By: s/ Ronald A. Marron
Ronald A. Marron (*pro hac vice*)
Michael T. Houchin (*pro hac vice*)
Lilach Halperin (*pro hac vice*)
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Fax: (619) 564-6665
Email: ron@consumersadvocates.com
mike@consumersadvocates.com

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

lilach@consumersadvocates.com

**ATTORNEYS FOR PLAINTIFF and the Proposed Classes**

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants.

A copy of the pleading was also emailed to the following defense counsel, who has informally appeared:  Brian Buckley, bbuckley@fenwick.com.

**BORDE LAW PLLC**

By: s/ Manish Borde
Manish Borde, WSBA #39503
600 Stewart St., 400
Seattle, WA 98101
Telephone: (206) 531-2722
Email: mborde@bordelaw.com

*Attorney for Plaintiff Dena Griffith*

MOTION TO CONSOLIDATE CASES AND FOR
APPOINTMENT OF INTERIM CLASS COUNSEL

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722