The Honorable Tana Lin

# WESTERN DISTRICT OF WASHINGTON
# UNITED STATES DISTRICT COURT

| | |
|---|---|
| PLAINTIFFS JOY PECZNICK and GIL KAUFMAN, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>  Defendant. | Case No.: 2:22-cv-00743<br><br>**PLAINTIFFS JOY PECZNICK AND GIL KAUFMAN'S MOTION TO DISMISS OR STAY GRIFFITH; OR IN THE ALTERNATIVE TO APPOINT WILSHIRE LAW FIRM, PLC AS INTERIM CLASS COUNSEL**<br><br>NOTE ON MOTION CALENDAR:  July 29, 2022 |

I. **INTRODUCTION**

Plaintiffs Joy Pecznick and Gil Kaufman (the "Pecznick Plaintiffs" or "Pecznick") oppose consolidation of this case with *Griffith v. Amazon.com. Inc.*, Case No. 2:22-cv-00783 ("Griffith Action" or "Griffith"), because the Griffith Action has different issues of law and facts. ECF No. 20. However, if the Court is persuaded by the arguments set forth by Defendant and Griffith in their motions to consolidate, then this Court must also find that the first-to-file elements are met, and the Griffith Action should be dismissed. As such, Pecznick Plaintiffs hereby move the Court to dismiss or stay the Griffith Action pursuant to the "first-to-file" rule.

Further, if this Court deems that consolidation should apply, the Pecznick Plaintiffs hereby move the Court to appoint Wilshire Law Firm, PLC, specifically attorneys Thiago M. Coelho, Esq., Jonas P. Mann, Esq., Justin F. Marquez, Esq., and Jennifer M. Leinbach, Esq., ("Wilshire") as interim class counsel, as required by Fed. R. Civ. P. 23(g)(3). Again, Pecznick and Griffith do not involve common questions of law or fact as required by Fed. R. Civ. P. 42(a), therefore, the Pecznick Plaintiffs do not believe consolidation and leadership structure are necessary at this time.

II. **THE COURT SHOULD DISMISS THE GRIFFITH ACTION UNDER THE FIRST-TO-FILE DOCTRINE**

A. **The Griffith Action Should Be Dismissed**

The Court should dismiss the Griffith Action pursuant to the first-to-file rule. The first-to-file rule provides the Court with a means to judicial economy by allowing dismissal of similar, but later-filed, actions. When deciding to transfer, stay, or dismiss a case under the first-to-file rule, "a court analyzes three factors: [1] chronology of the lawsuits, [2] similarity of the parties, and [3] similarity of the issues." *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (C.A.9 (Cal.), 2015). The first-to-file rule is not limited to cases brought in different districts. *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013); *see also GM Northrup Corp. v. Massachusetts Bay Ins. Co.*, No. 3:22-CV-05243-RJB, 2022 WL 1689631, at *2 (W.D. Wash. May 26, 2022) ("The first-to-file rule 'is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates

1

PECZNICK'S MOTION TO DISMISS
GRIFFITH OR APPOINT WLF AS
INTERIM CLASS COUNSEL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., Los Angeles, CA 90010
(213) 381-9988

of sound judicial administration.'"); *see also Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F.Supp.2d 1289, 1294 (N.D.Cal., 2013) (citing *Intervet, Inc. v. Merial Ltd.*, 535 F.Supp.2d 112, 115 (D.D.C. 2008) (There, the court held that the first-to-file rule provided a "reasonable means" to determine which of the two actions should be dismissed. *Id.* at 115) (citing *SAS Inst., Inc. v. PracticingSmarter, Inc.*, 353 F.Supp.2d 614, 619 (M.D.N.C.2005) (applying the first-to-file rule to an action for declaratory judgment and dismissing the later-filed patent infringement suit filed in the same district).

Although discretionary, the Ninth Circuit has cautioned that the first-to-file rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of Ca. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir.1979); *see also Keller v. Amazon.com, Inc.*, 2019 WL 13113043, at *1 (N.D.Cal., 2019) ("the motions under the first-filed rule are granted") (citing *Kohn*, 787 F.3d at 1240 (In determining whether to apply the rule, courts must consider the "chronology of the lawsuits, similarity of the parties, and similarity of the issues;" [t]he parties and issues in each action "need not be identical, only substantially similar." *Id.* at 1240-41. (9th Cir. 1989))

### 1. Pecznick Is the First-Filed Action

Pecznick was filed first on May 31, 2022. ECF No. 1. Griffith was filed second on June 7, 2022. *See generally* Griffith Action Compl. The court looks to the dates the complaints are filed to determine which is the first filed action. *Kohn*, 787 F.3d at 1240 ("Ordinarily, we start by analyzing which lawsuit was filed first."). As Pecznick filed first, Pecznick satisfies the first threshold in the "first-to-file" rule.

### 2. Similarity of Parties

Pecznick names Amazon.com, Inc. as Defendant. Griffith names the same defendant. As argued in their opposition to motions to consolidate (ECF No. 20), Pecznick Plaintiffs still maintain that the proposed classes are not similar. But to the extent this Court deems the arguments set forth in the motions to consolidate (ECF Nos. 16, 18) to be persuasive, the threshold regarding similarity of parties would necessarily be met. As such, Pecznick satisfies the second threshold of the "first-to-file" rule.

2

PECZNICK'S MOTION TO DISMISS
GRIFFITH OR APPOINT WLF AS
INTERIM CLASS COUNSEL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., Los Angeles, CA 90010
(213) 381-9988

### 3. The similarity of the issues

As argued in their opposition to motions to consolidate (ECF No. 20), Pecznick Plaintiffs still maintain that the issues are not similar. Further, Griffith and Defendant have asserted in their motions for consolidation that these cases are so similar that they should be consolidated. ECF Nos. 16, 18. If the Court deems arguments for consolidation to be persuasive, it cannot disagree that Pecznick satisfies the third threshold of the "first-to-file" rule. Likewise, Defendant and Griffith cannot disagree that this third threshold is satisfied by Pecznick.

### B. In the Alternative, The Court Should Stay the Griffith Action

If Pecznick meets all the criteria set forth in the "first-to-file" rule, the Court should dismiss the Griffith Action. However, if the Court is not inclined to dismiss the Griffith Action entirely should exercise its discretion to stay the Griffith Action pending the outcome of the first-filed Pecznick Action.

### III. THE COURT SHOULD APPOINT WILSHIRE AS INTERIM CLASS COUNSEL

If consolidation is deemed to be proper, the Pecznick Plaintiffs meet all the criteria set forth in the "first-to-file" rule and, so, the Court should dismiss or stay the Griffith Action. However, if the Court is inclined to consolidate the first-filed Pecznick Action with Griffith, and not apply the "first-to-file" rule, then the Court should appoint Wilshire as Interim Class Counsel.

Fed. R. Civ. P. 23(g) lays out objective standards to determine appointment of lead class counsel. Fed. R. Civ. P. 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Under Fed. R. Civ. P. 23(g)(1)(B), the Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Each of these

3

PECZNICK'S MOTION TO DISMISS
GRIFFITH OR APPOINT WLF AS
INTERIM CLASS COUNSEL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., Los Angeles, CA 90010
(213) 381-9988

considerations, as detailed below, supports Wilshire's appointment as interim class counsel.

**A. Wilshire's Identification and Investigation of Claims**

While no one factor under Fed. R. Civ. P. 23(g)(1) "should necessarily be determinative," pursuant to the Advisory Committee Notes (2003) the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. *All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.*

Moore's Federal Practice § 23.120(3)(a) (3d. Ed. 2007) (emphasis added).

Wilshire's work in identifying, investigating, and filing the first-filed claims against Amazon demonstrates that it has and will continue to fairly and adequately represent the proposed class. For example, Wilshire performed without limitation, the following work thus far:

- Consulting with the Pecznick Plaintiffs about Amazon's breach;
- Researching legal issues and theories related to Amazon's breach;
- Researching and anticipating Amazon's likely motion to dismiss arguments;
- Drafting a narrowly tailored complaint based on specific and thoroughly researched case law alleging Amazon's illegal breach.

Declaration of Thiago M. Coelho ("Coelho Decl.") ¶4; Declaration of Jonas P. Mann ("Mann Decl.") ¶4; Declaration of Jennifer M. Leinbach ("Leinbach Decl.") ¶4.

Wilshire's thorough pre-filing investigation and filing of the first-filed complaint against Amazon qualifies its attorneys to serve as interim class counsel if such counsel must be appointed.

**B. Wilshire's Experience in Handling Class Actions and Other Complex Litigation**

Wilshire has substantial experience handling class actions and other complex litigation, including consumer class actions involving violations of consumer protection laws. Coelho Decl. ¶¶19-22. Wilshire is designated as one of the "Best Law Firms 2022" by U.S. News & World Report and Best Lawyers for 2020, 2021 and 2022. *Id*. at ¶20. Wilshire has recovered over $1

4

PECZNICK'S MOTION TO DISMISS
GRIFFITH OR APPOINT WLF AS
INTERIM CLASS COUNSEL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., Los Angeles, CA 90010
(213) 381-9988

billion for its clients since 2007, and has obtained many multimillion-dollar judgments. *Id*. at ¶21. Thiago M. Coelho, Esq. and Wilshire's class action department have been class counsel, or otherwise involved, numerous times, including in the following matters: *In re: Apple Inc. Device Performance Litigation*, No. 5:18-md-02827-EJD ($500 million settlement); *In re: USC Student Health Center Litigation*, No. 2:18-cv-0425($852 million settlement); *Serrano v. Inmediata Health Group Corp.*, No. 3:19-cv-01811 ($14 million settlement); *Schumacher v. Bank of Hope*, No. 18STCV02066 ($13.3 million settlement). *Id*. at ¶¶10-11, 13-14.

Since his admission to the bar in 2007, Jonas P. Mann, Esq. has, almost exclusively, represented plaintiffs in class action litigation. Mann Decl. at ¶5. Prominent settlements in which he assisted in the litigation include: *In re Wells Fargo Collateral Protection Ins. Litig.*, 3:17-cv-04324 ($393.5 million settlement); *In re Volkswagen "Clean Diesel" Mktg., Sales Prac., and Prods. Liab. Litig.*, 3:15-md-02672 ($17 million settlement); *Schreiber v. Ally Financial Inc.*, 1:14-cv-22069 ($19 million settlement); *Melillo, et al. v. Building Products of Canada Corp.*, 1:12-cv-00016; *In re CertainTeed Fiber Cement Siding*, 2:11-md-02270 ($103.9 million settlement); *Gulbankian, et al. v. MW Manufacturers, Inc.*, 1:10-cv-10392; *Yamada v. Nobel Biocare Holding AG*, 2:10-cv-04849; and *Johnson v. Apple Inc.*, 1-09-cv-146501. *Id*. at ¶6. Since joining Wilshire, he has continued to work exclusively on plaintiff-side class action matters. *Id*. at ¶7.

Award-winning Senior Partner Justin F. Marquez, Esq. has been consistently recognized for his superior legal work. Declaration of Justin F. Marquez ("Marquez Decl.") at ¶7. A high achiever in both academia and legal practice, he demonstrates his excellence not only in his individual performance, but also as an activist and a mentor to young attorneys. *Id*. at ¶5, 7-9. His over ten years of class action litigation experience include: serving as lead or co-lead counsel in negotiating class action settlements worth over $10 million in gross recovery to class members for every year since 2020, including 2022; named executive committee member in a consolidated group of ongoing class action cases entitled *Stacy Priest et al. v. PIH Health, Inc.*, No. 20STCV05355 (Cal. Sup. Ct.); *ABM Industries Overtime Cases,* 19 Cal.App.5th 277 (2017) ($140 million settlement on successful appeal); *Yocupicio v. PAE Group, LLC,* 795 F.3d 1057

5
PECZNICK'S MOTION TO DISMISS
GRIFFITH OR APPOINT WLF AS
INTERIM CLASS COUNSEL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., Los Angeles, CA 90010
(213) 381-9988

(9th Cir. 2015); *Mark Brulee, et al. v. DAL Global Services, LLC,* No. CV 17-6433 JVS(JCGx), 2018 WL 6616659 (C.D. Cal. Dec. 13, 2018) ("*Brulee*") ($2.5 million settlement); *Gasio v. Target Corp.,* 2014 U.S. Dist. LEXIS 129852 (C.D. Cal. Sep. 12, 2014); *Otey v. CrowdFlower, Inc.*, N.D. Cal. Case No. 12-cv-05524-JST (MEJ); and *Linares v. Securitas Security Services USA, Inc.*, Los Angeles Superior Court No. BC416555 (including successfully opposing subsequent appeals). Marquez Decl. at ¶10.

As a class action litigator, Jennifer M. Leinbach, Esq. has significant experience. Leinbach Decl. at ¶5. As detailed more fully in the Leinbach Declaration, class action settlements in which she assisted included defendants such as: *Yahoo!*; *Mammoth Mountain*; *Michael's Stores*; *Hyundai*; *Petco*; and *Enterprise-Rent-A-Car*. *Id*. at ¶¶8-18. Collectively, Ms. Leinbach has helped recover over $100 million in class action settlements since becoming a class action attorney in 2016. *Id.* at ¶¶8-22. These settlements were obtained through persistent litigation efforts in cases involving complicated procedural postures and appeals. *Id.* at ¶¶9-12, 16, 18, 20.

Additionally, Wilshire practices in jurisdictions across the country and routinely works with and coordinates with local counsel to ensure the best outcomes for our clients. In filing the Pecznick Complaint, Wilshire engaged Charles M. Greenberg as local counsel. Declaration of Charles M. Greenberg ("Greenberg Decl.") at ¶2. Wilshire is committed maximizing the local counsel relationship in order to provide the most robust representation of clients.

Wilshire's team of preeminently qualified attorneys have the requisite and superior experience and, as such, should be appointed interim class counsel.

**C. Wilshire's Knowledge of Applicable Law**

Wilshire's attorneys are knowledgeable about the specific law applicable to the claims in both Pecznick and Griffith. The detailed analysis in Section III(B) of Plaintiffs' omnibus opposition to consolidation, ECF No. 20, carefully outlines the vast differences between the two matters. This analysis directly compares not only the differences in the facts, but also the legal claims and issues. Wilshire further demonstrates its knowledge of applicable law by laying bare the stark and irrefutable distinctions between the inevitable motions to dismiss and motions for class certification in each matter. *Id*.

6

PECZNICK'S MOTION TO DISMISS
GRIFFITH OR APPOINT WLF AS
INTERIM CLASS COUNSEL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., Los Angeles, CA 90010
(213) 381-9988

Wilshire's attorneys' knowledge of applicable law is demonstrated by their experience litigating other class actions, and in particular complex consumer class actions. Specifically, for example, Justin F. Marquez, Esq. was the primary author of class certification and expert briefs in *ABM Industries Overtime Cases,* 19 Cal.App.5th 277 (2017) which were instrumental in achieving the $140 million settlement as well as leading to landmark appellate court holdings. Marquez Decl. at ¶10(d). Further, as lead counsel in *Brulee*, He garnered praise from the Court which found class counsel to be experienced and successful litigators. Marquez Decl. at ¶10(f).

Similarly, Thiago M. Coelho's knowledge of applicable law has resulted in his appointment to executive committees in several class actions. Coelho Decl. at ¶¶16-17. His work on the first-filed case regarding Uber's data breach led to one of the first mass arbitration settlements in history. Coelho Decl. at ¶12. Jonas P. Mann's profound understanding of the law gained through his ten-plus years of litigating class actions makes him an invaluable asset to Wilshire's interim class counsel team. Mann Decl. ¶¶5-8. Additionally, Jennifer M. Leinbach's knowledge of the law is on display in her drafting of well-tailored complaints, successfully opposing motions, and prevailing at the appellate level. Leinbach Decl. at ¶¶5-25.

Wilshire Law Firm, PLC's attorneys have expertly litigated hundreds of class actions resulting in multimillion dollar settlements. *See* Coelho Decl. ¶¶9-19; Mann Decl. ¶¶5-8; Marquez Decl. ¶¶4, 6, 10-11; Leinbach Decl. ¶¶5, 8-18. Accordingly, Wilshire's attorneys have particularly relevant knowledge of the legal issues and applicable law in this action.

**D. Wilshire Will Commit Significant Resources to Representing the Class**

Wilshire is a successful law firm of 60 attorneys with over 20 offices that has the resources necessary to pursue this case. Coelho Decl. ¶¶19-22, *see also* Mann Decl. ¶9; Marquez Decl. ¶12; Leinbach Decl. ¶26. Wilshire law firm has never had a loan or an advance to fund any of its class action cases. Coelho Decl. at ¶20. Wilshire regularly litigates matters to trial and is ready and willing to do so in this matter. *Id*. at ¶21. Wilshire's commitment to zealously litigating matters has resulted in substantial multimillion-dollar judgments for its clients, including verdicts equating to over $45 million in the month of June 2022 alone. *Id*. In 2021, Wilshire law firm recovered over $170 million dollars in settlements and verdicts. *Id*. Some of Wilshire law firm's

7

PECZNICK'S MOTION TO DISMISS
GRIFFITH OR APPOINT WLF AS
INTERIM CLASS COUNSEL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., Los Angeles, CA 90010
(213) 381-9988

other notable verdicts and settlements include a $35 million dollar verdict for an individual, $28.7 million-dollar individual settlement, $17.1 million-dollar settlement, $14 million-dollar settlement, and a $12 million dollar settlement, among others. *Id*. Moreover, Wilshire's pre-suit investigations demonstrate that counsel has and will commit the necessary time and resources to assure a strong and supported case. *Id*. at ¶22. As interim class counsel, Wilshire will continue to commit the same resources and effort to this case as has been committed to its other successful litigation. *Id*.; *see also* Greenberg Decl. at ¶9.

### IV.   CONCLUSION

The Pecznick Plaintiffs respectfully move the Court to dismiss the Griffith Action or, in the alternative, stay Griffith pending the outcome of Pecznick.

Further, the Pecznick and Griffith matters should not be consolidated. However, if the Court is inclined to grant consolidation, the Pecznick Plaintiffs respectfully move the Court to enter an order appointing Wilshire as interim class counsel for the reasons set forth above.

Dated: July 14, 2022                    Respectfully submitted,

By:  *s/ Thiago M. Coelho*
Thiago M. Coelho (*pro hac vice*)
thiago@wilshirelawfirm.com
Jonas P. Mann (*pro hac vice*)
jmann@wilshirelawfirm.com
Jennifer M. Leinbach (*pro hac vice*)
jleinbach@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Charles M. Greenberg (License #17661)
CMG@triadlawgroup.com
**TRIAD LAW GROUP**
21612 Chinook Road
Woodway, WA  98020
Telephone: (425) 774-0138

*Attorneys for Plaintiffs
and Proposed Class Counsel*

8

PECZNICK'S MOTION TO DISMISS
GRIFFITH OR APPOINT WLF AS
INTERIM CLASS COUNSEL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., Los Angeles, CA 90010
(213) 381-9988