# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| JOY PECZNICK and GIL KAUFMAN, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>   v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>                Defendant. | CASE NO. 2:22-cv-00743-TL<br><br>ORDER CONSOLIDATING CASES, DENYING MOTION TO DISMISS OR STAY, AND APPOINTING INTERIM CLASS COUNSEL |
| DENA GRIFFITH, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>   v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>                Defendant. | CASE NO. 2:22-cv-00783-TL |

This matter comes before the Court on Plaintiff Dena Griffith's Motion to Consolidate and for Appointment of Interim Class Counsel (*Griffith* Dkt. No. 14),[1] Defendant Amazon.com, Inc.'s Motion to Consolidate (Dkt. No. 16), and Plaintiffs Joy Pecznick and Gil Kaufman's Motion to Dismiss or Stay Griffith; or in the Alternative to Appoint Wilshire Law Firm, PLC as Interim Class Counsel (Dkt. No. 31). For the reasons below, the Court GRANTS the motions to consolidate, DENIES the motion to dismiss or stay the *Griffith* case, and APPOINTS the law firms representing Plaintiff Griffith (BORDE LAW PLLC, Schroeter Goldmark & Bender, and the Law Offices of Ronald A. Marron, APLC) as interim class counsel.

## I. BACKGROUND

On May 31, 2022, Plaintiffs Joy Pecznick and Gil Kaufman filed a putative class action (*Pecznick*) in the Western District of Washington against Defendant Amazon.com, Inc., alleging that the company had changed Amazon Prime members' contractual benefits without compensation by "unilaterally rescinding" a benefit of their annual subscription. Dkt. No. 1 at 8–10, 13. At the time the fee was introduced in 2021, customers had been paying $119 per year for their Amazon Prime subscriptions, which had—in many locations across the United States—included free grocery delivery from Whole Foods Markets for orders over $35.00. *Id*. at 5–7. With the policy change, Amazon added a $9.95 "service fee" to any delivery from Whole Foods. *Id*. at 8. The Pecznick Plaintiffs seek to certify a class of "[a]ll Amazon Prime members residing in the United States who ordered Amazon's Whole Foods free delivery and were annual members when the $9.95 fee was introduced on October 25, 2021." *Id*. at 10. The suit brings four causes of action: violations of the Washington Consumer Protection Act (Wash. Rev. Code

---

[1] References to "Dkt. No." are to filings in the *Pecznick* action (Case No. 22-743) while references to "*Griffith* Dkt. No" are to filings in the *Griffith* action (Case No. 22-783).

§ 19.86.020), breach of contract, breach of duty of good faith and fair dealing, and unjust enrichment. *Id*. at 13–15. The case was assigned to the Honorable Tana Lin.

On June 7, 2022, Plaintiff Dena Griffith filed a putative class action (*Griffith*) in the same district against Amazon.com, Inc., alleging false and misleading advertising and "bait-and-switch" advertising in connection with "FREE" delivery from Whole Foods Markets. *Griffith* Dkt. No. 1 at 5–10. Griffith alleges that Defendant engaged in deceptive practices by continuing to advertise that it offered "free delivery" from Whole Foods to Prime members after instituting the new fee and that it used "drip-pricing" tactics to sneakily add that fee to Whole Foods orders placed by Prime members on Amazon.com, while not applying any fee to customers picking up items from a Whole Foods store. *Id*. at 7–10. Plaintiff Griffith proposes certification of a nationwide class as well as a California sub-class. *Id*. at 12. The nationwide class would include: "All U.S. citizens who were Amazon Prime members that were charged a service fee in connection with an online delivery from Whole Foods Market from August 1, 2021[,] until the date notice is disseminated to the class, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff." *Id*. The California sub-class would include: "All California residents who were Amazon Prime members that were charged a service fee in connection with an online delivery from Whole Foods Market from August 1, 2021[,] until the date notice is disseminated to the class, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff." *Id*. The complaint brings eight causes of action: (1) the Washington Consumer Protection Act (Wash. Rev. Code §§ 19.86.010 *et seq*.); (2) the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq*.); (3) the False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 *et seq*.); (4) the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq*.); (5) unjust enrichment / quasi

contract; (6) negligent misrepresentation; (7) concealment / non-disclosure; and (8) fraud. *Id.* at 14–25.

On the day she filed her complaint, Plaintiff Griffith also filed a notice of related case, alerting the Court that there were now two "putative class actions for claims arising out of a service fee charged by Amazon.com, Inc. in connection with its grocery delivery service from Whole Foods Market." *Griffith* Dkt. No. 2 at 2. For this reason, the *Griffith* case was also assigned to the Honorable Tana Lin.

On June 23, 2022, Plaintiff Griffith and Defendant Amazon.com, Inc. each filed their respective motions to consolidate. *Griffith* Dkt. No. 14; Dkt. No. 16. In her motion, Plaintiff Griffith also requested that the Court appoint her counsel team as interim class counsel. *Griffith* Dkt. No. 14. Plaintiffs in the *Pecznick* action opposed both motions, Dkt. No. 20, and subsequently filed a motion to dismiss or stay the *Griffith* case under the first-filed rule, or alternatively (in case of consolidation) to have their counsel appointed as interim lead counsel. Dkt. No. 31.

## II.   DISCUSSION

### A.   The First-to-File Rule

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *accord Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "The purpose of the rule is to eliminate wasteful duplicative litigation, to avoid rulings that may trench upon a sister court's authority, and to avoid piecemeal resolution of issues calling for a uniform result." *Ekin v. Amazon Servs., LLC*, No. 2:14-cv-00244, 2014 WL 12028588, at *3 (W.D. Wash. May 28, 2014) (citation and quotation

omitted). Under the first-to-file rule, a court may dismiss, stay, or transfer a case when a similar case is before a different district court. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.3d 622, 623 (9th Cir. 1991). In order for the first-to-file rule to apply, (1) the relevant action must have been filed prior to the one the Court is being asked to decline jurisdiction over; (2) the same or substantially similar parties must be involved; and (3) the issues raised in the suits must be the same or substantially similar. See *Kohn*, 787 F.3d at 1239–1240.

The *Pecznick* action was the first-filed case, and the parties are substantially similar given that plaintiffs have proposed overlapping classes. See *Edmonds v. Amazon.com, Inc.*, No. 2:19-cv-01613, 2020 WL 5815745, at *4 (W.D. Wash. Sep. 20, 2020) (finding similarity of plaintiffs in the context of a first-to-file motion where the putative classes encompassed "at least some of the same individuals") (citations omitted). However, the Court finds the third factor is not met. As to the similarity of the issues between the various actions, the Pecznick Plaintiffs argue in their opposition to the motion to consolidate that both the factual and legal claims are "vastly different," Dkt. No. 20 at 10–12, and they "still maintain that the issues are not similar" in their motion to dismiss, Dkt. No. 31 at 4, undermining their arguments for a first-to-file dismissal. The Pecznik Plaintiffs assert that if the Court is persuaded by Plaintiff Griffith and Defendant's arguments for consolidation, then the Court must also find that this third first-to-file factor is met. Dkt. No. 31 at 4. The Court disagrees.

First-to-file dismissals are appropriate where "two identical actions are filed in courts of concurrent jurisdiction," *Pacesetter Sys., Inc.*, 678 F.2d at 95, or where there is significant overlap in issues such that it would be wasteful and duplicative to pursue the claims in separate actions. *Ekin*, 2014 WL 12028588, at *3. Further, a danger of applying the doctrine where claims vary between actions, as they do in this case, is that other potentially independent viable claims may be extinguished on grounds other than their merits. Consolidation, on the other hand, only

requires that actions "involve *a* common question of law or fact." Fed. R. Civ. P. 42(a) (emphasis added). For the reasons stated in Section II.B. below, the Court believes a more equitable outcome than dismissing or staying the *Griffith* action would be to consolidate the two cases. Indeed, consolidation of these cases would obviate the need to apply the first-to-file rule. *See, e.g.*, *Ekin*, 2014 WL 12028588, at *3 ("consolidation is the preferred route [over a first-to-file rule stay] to avoiding the inherent inefficiencies involved with duplicative litigation").

Further, the "most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade*, 946 F.2d at 625. "[D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity." *Id*. at 628. When actions are pending before the same judge, courts in this circuit have declined to apply the first-to-file rule. *See Cole | Wathen | Leid | Hall, P.C. v. Assoc. Indus. Ins. Co. Inc.*, No. 2:19-cv-02097, 2020 WL 3542516, at *2 (W.D. Wash. June 30, 2020) ("the federal comity concerns underlying the first-to-file rule are not present [when cases are pending before a single judge], so courts in this circuit have declined to extend the rule accordingly") (citations omitted); *Ekin*, 2014 WL 12028588, at *3 ("Courts regularly decline . . . to apply the first-to-file rule . . . where the two actions are actively pending before the same judge.") (citation omitted); *but see Dolores Press, Inc. v. Robinson*, 766 F. App'x 449, 453 (9th Cir. 2019) (declining to definitively resolve the issue of whether "the first-to-file rule is inapplicable when the two actions are filed in the same district"). In asserting that the first-to-file rule is not limited to cases brought in different districts, the Pecznick Plaintiffs cite to mostly non-Washington cases, along with a single, "*see also*"[2] reference to a Washington case, *GM Northrup Corp. v. Mass. Bay Ins. Co.* No. 3:22-cv-05243, 2022 WL 1689631 (W.D. Wash. May 26, 2022). Dkt. No. 31 at 2–3. However, *GM Northrup Corp.* involved actions filed

---

[2] According to Bluebook Rule 1.2(a), "*see also*" is an introductory signal to be used where "[c]ited authority constitutes additional source material that supports the proposition."

ORDER CONSOLIDATING CASES, DENYING MOTION TO DISMISS OR STAY, AND APPOINTING INTERIM CLASS COUNSEL - 6

in two different states, *i.e.*, Washington and Minnesota. The Court finds the Pecznick Plaintiffs' misleading use of this case to be troubling.

Given these two cases are in the same district before the same judge and consolidation is an option, the Court denies the Pecznik Plaintiffs' motion to dismiss.

**B.      Motions to Consolidate**

District courts may consolidate actions that "involve *a* common question of law or fact." Fed. R. Civ. P. 42(a) (emphasis added). A court has "broad discretion" under this rule to consolidate actions pending within one judicial district. *Investor's Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d, 777 (9th Cir. 1989). Factors relevant to the analysis include "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *Chorak v. Hartford Cas. Ins. Co.*, No. 2:20-cv-00627, 2020 WL 8611291, at *1 (W.D. Wash. Nov. 10, 2020) (citation omitted).

Though the Pecznick Plaintiffs insist that their complaint differs significantly from the complaint in the *Griffith* case, *see* Dkt. No. 20 at 9–12, both cases are against the same defendant, have similar plaintiffs, center around the same core fact (Defendant charging Amazon Prime customers a fee for deliveries from Whole Foods Market), and assert causes of action under the Washington Consumer Protection Act on behalf of overlapping classes. *Compare Pecznick* Dkt. No. 1 *with Griffith* Dkt. No. 1. While the other theories (breach of contract versus false advertising) may be different, the Court respects that plaintiffs are the masters of their own complaints. *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021). And as the drafters of their complaint, Pecznick Plaintiffs cannot now assert that both cases do not involve a common factual question regarding the propriety of Amazon's fee for deliveries from Whole Foods Market for Amazon Prime customers and some similar legal theories related to the fee.

Given the similarities between the cases, the Court finds it would further judicial economy to consolidate the cases and expedite their resolution by avoiding duplicative discovery. As the cases are before the same judge, the risk of inconsistent results is low.[3] With regard to prejudice, the Pecznick Plaintiffs fear that their breach of contract claim will be de-prioritized and "fundamental[ly] misunderst[ood]" by Plaintiff Griffith's counsel, Dkt. No. 42 at 13, but they have not established that consolidation is likely to prejudice their claims. In fact, the Pecznick Plaintiffs do not address the issue of prejudice at all in their opposition to the motion to consolidate. *See* Dkt. No. 20. Rather, the Pecznick Plaintiffs argue, for the first time in their reply brief for their motion to dismiss, that "were Griffith to include Peznick's [*sic*] breach of contract claims in a consolidated complaint, it would necessarily require her negligent misrepresentation claim to be dismissed under the independent duty doctrine." Dkt. No. 42 at 14. "It is not acceptable legal practice to present new evidence or new argument in a reply brief." *United Specialty Ins. Co. v. Shot Shakers, Inc.*, No. 2:18-cv-00596, 2019 WL 199645, at *6 (W.D. Wash. Jan. 15, 2019), *aff'd*, 831 F. App'x 346 (9th Cir. 2020). Neither opposing counsel nor counsel for Plaintiff Griffith had the opportunity to respond to this argument, and the Court does not consider it in its ruling.

For the reasons stated in this section, the Court believes the factors weigh in favor of consolidation. Therefore, the Court will consolidate the *Pecznick* and *Griffith* cases. All future filings shall bear the following case caption and be filed in Case No. 2:22-cv-00743-TL:

---

[3] Coordination is typically utilized when cases are pending in different jurisdictions. *See 3 Newberg and Rubenstein on Class Actions* § 10:41 (6th ed.). This Court's discussion of coordination in *Tokarski v. Med-Data Inc.*, No. 2:21-cv-00631, 2022 WL 815882, at *4, was in the context of two actions in different jurisdictions.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON SERVICE FEE LITIGATION | CASE NO. 2:22-cv-00743-TL<br><br>(CONSOLIDATED CASE) |

### C.     Appointment of Interim Class Counsel

Under the Federal Rules of Civil Procedure, a district court "may" designate interim counsel prior to class certification. Fed. R. Civ. P. 23(g)(3). The commentary to this rule further notes that a court is authorized to designate interim counsel "if *necessary* to protect the interests of the putative class." Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment (emphasis added). Appointment of interim class counsel is particularly suited to situations where "a number of lawyers may compete for class counsel appointment" due to "a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated." Manual for Complex Litig. (Fourth) § 21.11 (2021). "The court has the discretion, but not the obligation, to appoint interim class counsel in advance of class certification." *Zaldivar v. T-Mobile USA, Inc.*, No. 2:07-cv-01695, 2008 WL 11344661, at *3 (W.D. Wash. June 19, 2008) (finding it necessary to appoint interim counsel when where two counsel groups were "unable to agree upon a shared role in representing class members" and "disagree[d] sharply over who belong[ed] in the proposed class").

In this instance, the rivalry between the counsel groups representing Plaintiffs and their disagreement over the scope of the proposed class(es) counsel in favor of appointing one counsel group as interim class counsel. Appointing interim class counsel would likely achieve "greater efficiency and clarity" in the pre-certification stages of this suit. *See In re Seagate Tech. LLC Litig.*, No. 3:16-cv-00523, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016) (declining to appoint interim class counsel while noting that "rivalry or uncertainty" may make formal designation of such counsel appropriate in some cases) (citation omitted).

Courts typically look to the factors set forth in Rule 23(g) for appointment of class counsel when assessing the adequacy of the counsel vying to serve as *interim* class counsel:

> (1) the work counsel has done in identifying or investigating potential claims in the action;
> (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (3) counsel's knowledge of the applicable law; and
> (4) the resources that counsel will commit to representing the class.

*Id.* (quoting Fed. R. Civ. P. 23(g)(1)(A)). Additionally, the Court will consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(B)). When multiple "adequate" counsel groups seek appointment as class counsel, the Court "must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Indeed, the duty of class counsel is to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

Having reviewed the competing counsel groups' respective submissions and all of the briefing related to this matter, the Court appoints the counsel team for the *Griffith* action (BORDE LAW PLLC, Schroeter Goldmark & Bender, and the Law Offices of Ronald A. Marron, APLC) as interim class counsel. Both counsel groups have demonstrated work done in investigating the potential claims, relevant experience and knowledge, and adequate resources to

represent the class. *See* Dkt. Nos. 31–36; *Griffith* Dkt. Nos. 14–17. However, the *Griffith* team has shown more care and attention in this early stage of litigation than their competitor. *Compare*, *e.g.*, *Griffith* Dkt. No. 14 (Plaintiff Griffith's motion containing detailed argument regarding the caselaw on appointment of class counsel and her firms' qualifications) *with* Dkt. No. 31 (Pecznick Plaintiffs' motion largely repeating arguments already made regarding appointment of class counsel). The Court additionally finds the *Griffith* complaint to be more thorough, and its class definition more comprehensive.

Also significant to the Court's decision is that counsel for the Pecznick Plaintiffs have misrepresented their credentials to serve as experienced class counsel, as pointed out by Plaintiff Griffith in her reply brief to her motion to consolidate. *See Griffith* Dkt. No. 34 at 7–9. The Pecznick Plaintiffs' attempt to rehabilitate the misrepresentation by Wilshire Law Firm, PLC, falls short of being persuasive. *See* Dkt. No. 20 at 22 (stating that "Wilshire's class action department has been class counsel numerous times" and listing matters where the firm was not in the class counsel group); Dkt. No. 30 at 1 (offering a praecipe to correct the false statement by changing it to say the firm "has been class counsel, *or otherwise involved*" in those matters) (emphasis added). This is not just a typo. While recognizing the important work of attorneys who play a supporting role in class action cases, there is still a significant difference between being appointed class counsel versus being "otherwise involved" in a class action case. Stating one "has been class counsel" suggests that one was either representing the class as lead counsel by default where there was no competition for that role or by appointment as lead counsel where leadership of a case was contested (or, at a minimum, by appointment as part of an executive committee or leadership committee, even though it would be best practice to also specify this if it was the case). The misrepresentation of a case discussed in Section II.A. gives the Court further pause. While the Court is also concerned with the issues raised as to the qualification and actions

of the Marron firm in the proposed *Griffith* counsel group, *see* Dkt. No. 42 at 10–12, no questions have been raised regarding the qualifications of Schroeter Goldmark & Bender or BORDE LAW PLLC.

Moreover, the Pecznick Plaintiffs failed to comply with this Court's Standing Order, which requires parties to confer before filing most motions. *See* Dkt. No. 39 at 2; *Griffith* Dkt. No. 41 at 2. The Pecznick Plaintiffs even misstate the plain requirements of this Court's Standing Order in defending their failure to discuss their plan to file a motion seeking a stay or dismissal with opposing parties. *See Griffith* Dkt. No. 46 at 7 (claiming their motion is a partially dispositive motion not subject to the Court's conferral requirement); *see generally* Judge Tana Lin, Standing Order for All Civil Cases, Section II(D) (explaining that while parties generally do not need to confer before filing dispositive motions, there are separate conferral requirements for motions to dismiss); Judge Tana Lin, Standing Order for All Civil Cases, Section II(I) (motions to dismiss "must contain a certification of conferral as set forth above in Section II (D)").

### III.  CONCLUSION

For the reasons stated above, the Court hereby:

(1) GRANTS the motions to consolidate (*Griffith* Dkt. No. 14; Dkt. No. 16) and consolidates *Plaintiffs Joy Pecznick and Gil Kaufman v. Amazon.com, Inc.*, Case No. 2:22-cv-00743-TL, and *Dena Griffith v. Amazon.com, Inc.*, Case No. 2:22-cv-00783-TL, under 2:22-cv-00743-TL for all purposes, including trial;

(2) DENIES the motion to stay or dismiss the *Griffith* case (Dkt. No. 31);

(3) DESIGNATES *Pecznick, et al. v. Amazon.com, Inc.*, Case No. 2:22-cv-00743-TL the lead case in this consolidated action. The case shall hereinafter be captioned as *In Re Amazon Service Fee Litigation*;

(4) DIRECTS all counsel to file all further documents only under the lead case, Case No. 2:22-cv-00743-TL;

(5) DIRECTS the Clerk to file this order in Case No. 2:22-cv-00743-TL and Case No. 2:22-cv-00783-TL;

(6) INSTRUCTS the Clerk to leave open the member case, Case No. 2:22-cv-00783-TL;

(7) APPOINTS BORDE LAW PLLC, Schroeter Goldmark & Bender, and the Law Offices of Ronald A. Marron, APLC, as interim class counsel; and

(8) ORDERS interim class counsel to file a consolidated amended complaint that faithfully represents every claim from both actions **within thirty (30) days** of this Order.

Dated this 27th day of September 2022.

Tana Lin
United States District Judge