UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON SERVICE FEE LITIGATION | Case No: 2:22-cv-00743-TL<br><br>(CONSOLIDATED CASE)<br><br>CONSOLIDATED CLASS ACTION COMPLAINT- DEMAND FOR JURY TRIAL |

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Plaintiff Dena Griffith ("Plaintiff"), hereby brings this Action against Defendant Amazon.com, Inc. ("Defendant" or "Amazon") for misleading consumers concerning the amounts they must pay for grocery deliveries from Whole Foods Market and for breaching its contracts with its Amazon Prime members, and upon information and belief and investigation of counsel alleges as follows:

## I.  JURISDICTION AND VENUE

1.  This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Defendant is a citizen of a state different from that of the Plaintiff, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interest and costs.

2.  This Court has both general and specific personal jurisdiction over the Defendant because Defendant has conducted and continues to conduct substantial business in the State of Washington and in King County, Washington.

3.  This Court has specific personal jurisdiction arising from Defendant's decision to conduct business in Washington. Defendant has sufficient minimum contacts with this State and sufficiently avails itself to the markets of this State to render the exercise of jurisdiction by this Court reasonable. Defendant maintains its corporate headquarters in the state of Washington.

4.  Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District.

## II.  PARTIES

5.  Defendant Amazon is the world's largest online marketplace. It is a Delaware corporation that is headquartered at 410 Terry Avenue North, Seattle, Washington 98109-5210.

6.  Plaintiff Dena Griffith is a citizen of the State of California who resides in Riverside County, California.

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 1 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

### III. FACTUAL ALLEGATIONS

**A.   Amazon Advertises that Its Prime Members Will Receive "Free Delivery" and "Free 2-Hour Grocery Delivery"**

7.      Amazon offers a service called Amazon Prime, which is a paid subscription service that gives users access to additional services otherwise unavailable or available at a premium to other Amazon customers. Amazon Prime services include same, one or two-day delivery of goods and streaming music, video, e-books, gaming and grocery shopping services. In April 2021, Amazon reported that Prime had more than 200 million subscribers worldwide.[1]

8.      Amazon charges its customers approximately $14.99 per month or $139 per year for an Amazon Prime membership. Attached hereto as Exhibit 1 is a true and correct copy of Amazon's current Prime Membership Agreement as of October 21, 2022.[2]

9.      One of the advertised benefits of Amazon Prime is that members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," including grocery deliveries from Whole Foods Market. Amazon makes these representations on the Amazon website and in television and print advertisements. Below are representative examples of advertisements from Amazon's website:

---

[1] *See Amazon Prime Tops 200 Million Members, Jeff Bezos Says,* VARIETY, *available at* https://variety.com/2021/digital/news/amazon-prime-200-million-jeff-bezos-1234952188/ (last visited June 6, 2022).

[2] The Prime Membership Agreement is available at https://www.amazon.com/gp/help/customer/display.html?nodeId=G2B9L3YR7LR8J4XP (last visited October 21, 2022).

## FREE 2–Hour Grocery Delivery

**Free ultrafast delivery on groceries and household essentials**



**Shop a wide selection of groceries including fresh foods and produce with free two–hour delivery from Fresh and your local Whole Foods Market. Available in select US cities**

- **Go to amazon.com/grocery to learn more**
- **Meet minimum order amount\***
- **Checkout using your existing Amazon account**

*\* Threshold amount may vary*

## Check out what's included:



### Fast, free delivery

Enjoy fast, free delivery, just for being a Prime member – including 2-hour delivery on thousands of items!



### Popular movies and shows

New releases. Award-winning Amazon Originals. Watch what you love on your favorite devices.



---

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 3 -



**FREE One-Day Delivery**
Get items the next day

Available on more than ten million products, with no minimum purchase. Receive orders by 9 p.m the next day. Filter by "Get it tomorrow" when shopping. Selection and order cutoff varies by area.
- Look for the One-Day logo
- Add eligible items to your cart.
- Select delivery option at checkout.

LEARN MORE

**B.** **Amazon's "Free Delivery" Advertisements Are False and Misleading Because Amazon Charges a $9.95 Service Fee for Grocery Deliveries from Whole Foods Market**

10.    Whole Foods Market is a supermarket chain that is popularly known for its selections of organic foods. Whole Foods has approximately 500 stores in North America. In August of 2017, Amazon acquired Whole Foods Market and continues to own Whole Foods Market.

11.    Amazon offers its prime members 2-hour grocery delivery from Whole Foods Market.

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 4 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722



## Pickup and delivery

Prime members get convenient 2-hour grocery delivery and 1-hour pickup from their local store (available in select cities). Learn more and find frequently asked questions here.

Start a delivery or pickup order

12.     Amazon advertises that its Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," including for grocery deliveries from Whole Foods Market. This is false.

13.     In approximately October of 2021, Amazon began charging its customers— including its Prime member customers— a $9.95 "service fee" for all grocery deliveries from Whole Foods Market.[3] Accordingly, Amazon's representations that Prime members will receive "FREE Delivery"

---

[3] *See Amazon slaps a $9.95 fee on Whole Foods deliveries. And Walmart pounces,* CNN, *available at* https://www.cnn.com/2021/10/28/business/walmart-amazon-prime-fee/index.html (last visited June 6, 2022).

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 5 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

and "FREE 2-Hour Grocery Delivery" are false, misleading, and likely to deceive a reasonable consumer, and Amazon's advertising and marketing omit information that would be important or material to a reasonable consumer. Moreover, many Amazon Prime Members report not receiving their deliveries during the promised delivery period.[4] Accordingly, Amazon's promise of "FREE 2-hour grocery delivery is false and misleading.

14.     Amazon's $9.95 "service fee" is in essence a hidden or mislabeled delivery fee. As admitted by Amazon, the service fee was "put in place to help cover delivery operating costs like equipment and technology without raising product prices."[5] Amazon customers are only charged the $9.95 "service fee" for Whole Foods grocery deliveries. If a customer instead choses to pick up the items in-store, then that customer will not be charged the service fee.

**C.     Amazon Engages in Bait-and-Switch Advertising by Not Disclosing the $9.95 Service Fee with the Advertised Price of the Whole Foods Grocery Items**

15.     In addition to Amazon's false representations that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," Amazon engages in a bait-and-switch advertising scheme by not disclosing the $9.95 service fee along with the advertised price of the Whole Foods grocery items.

16.     The first page of the Whole Foods delivery section on Amazon's website displays various grocery items alongside the advertised price of the items. For example, the advertised price of Whole

---

[4] Hank Winchester, *Amazon Prime Customers experiencing delays in free 2-day shipping in U.S.*, *available at* https://www.clickondetroit.com/consumer/help-me-hank/2022/09/09/help-me-hank-amazon-prime-customers-experiencing-delays-in-free-2-day-shipping-in-us/ (last visited October 21, 2022).
[5] *See Amazon slaps a $9.95 fee on Whole Foods deliveries. And Walmart pounces,* CNN, *available at* https://www.cnn.com/2021/10/28/business/walmart-amazon-prime-fee/index.html (last visited June 6, 2022).

---

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 6 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Foods Feta Cheese is $4.29. Nowhere on this initial webpage is the $9.95 service fee disclosed as shown below:



17.     If a consumer then clicks on the desired grocery item, the next webpage states in opaque text "$9.95 for 2-hour delivery." This text is in small font and is unlikely to be noticed by a reasonable consumer. Moreover, the text is in smaller font and in a different color than the advertised price of the grocery item as shown below:



CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 7 -

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

1

2          18.    Once the consumer clicks on the "add to cart" icon, there is a series of webpages asking

3    for payment and delivery information before the consumer arrives at the final "place your order" page.

4    On the "place your order" page, the service fee is shown in small text above the total price of the delivery

5    that is unlikely to be noticed by a reasonable consumer. Moreover, Amazon also includes a $5 tip that

6    is shown in small text above the total price of the delivery that is unlikely to be noticed by a reasonable

7    consumer. Although the tip is "optional," reasonable consumers would not notice that the $5 tip has

8    been added by default. Amazon's "place order" page is shown below:

9

10

11



12

13

14

15

16

17

18

19

20

21

22

23

24

19.     Amazon's practice of initially advertising only part of a price and then later revealing the service fee as the consumer completes the buying process has been labeled "drip pricing" by the Federal Trade Commission ("FTC").[6] Amazon uses drip pricing to bamboozle consumers using the tried and true classic, and unlawful, bait advertising scheme.[7]  Again, Amazon advertises groceries from Whole Foods at a certain price and then tacks on a mandatory "service fee" later in the ordering process after the consumer is already invested in the ordering process.

**D.      Amazon Raises its Membership Prices**

20.     Amid instituting free Whole Foods delivery services for Amazon Prime members, Amazon announced that, beginning on May 11, 2018, the cost of an Amazon Prime membership would increase from $99 to $119.  While this increased cost immediately applied to new members who joined on or after May 11, 2018, preexisting Amazon Prime members' fees would increase upon renewal on or after June 16, 2018.  Around the time of this announcement, Amazon had approximately 100 million Prime members worldwide.

21.     Amazon understood that offering free two-hour delivery Whole Foods orders to Prime members increased the monetary value of Prime.  At the time, Amazon Chief Financial Officer, Brian Olsavsky, claimed that the price increase was a natural consequence of the growing benefits associated with an Amazon Prime membership, which would include free deliveries from Whole Foods.[8]

---

[6] *See The Economics of Drip Pricing,* FEDERAL TRADE COMMISSION, *available at* https://www.ftc.gov/news-events/events/2012/05/economics-drip-pricing (last visited June 6, 2022).

[7] "Bait advertising is an alluring but insincere offer to sell a product or service which the advertiser in truth does not intend or want to sell. Its purpose is to switch consumers from buying the advertised merchandise, in order to sell something else, usually at a higher price or on a basis more advantageous to the advertiser. The primary aim of a bait advertisement is to obtain leads as to persons interested in buying merchandise of the type so advertised."  16 CFR § 238.0.

[8]  https://arstechnica.com/information-technology/2018/04/amazon-to-raise-annual-membership-price-of-prime-to-119/.

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 9 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

22.     The importance of this benefit became particularly pronounced during the Covid-19 pandemic, when deliveries from Whole Foods more than tripled from 2019 to 2020.[9]

23.     When Amazon eliminated Prime's free Whole Foods delivery program, however, the cost of a Prime membership was not reduced, nor did it provide any partial refund. Moreover, Amazon Prime members who had used a Prime benefit at any time outside a three-day period at the start of their membership could not cancel their annual membership in response to the unilateral termination of the free delivery program until their next annual renewal date.

**E.      Plaintiff's Experience**

24.     Plaintiff Dena Griffith is an Amazon Prime member who read and relied on Amazon's online advertisements that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery."

25.     On January 22, 2022, Plaintiff made an online order for a Whole Foods grocery delivery from the Amazon website and was charged a $9.95 service fee.

26.     Plaintiff Griffith was deceived by and relied upon Defendant's misleading bargain and bait advertising, and specifically the hidden and deceptive nature of the service fee and the fact that Amazon advertises that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery." Plaintiff purchased grocery items from Defendant in reliance on the false and deceptive bargain and bait advertising and without knowledge of the true amount being charged based on Defendant's deceptive advertising and buried service fee.

27.     Plaintiff, as a reasonable consumer, is not required to scrutinize advertisements to ferret out misleading facts and omissions, ascertain whether Defendant's pricing includes or excludes a service

---

[9] Jay Greene, *Amazon Prime Members Bristle at News of Whole Foods Delivery Charge*, WASH. POST (Sept. 29, 2021).

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 10 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

1   fee. In fact, Plaintiff is lawfully entitled to rely on statements that Defendant deliberately places on its

2   website that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery."

3         28.     Because Plaintiff reasonably assumed that her grocery delivery order would conform to

4   the advertised price and be free of unlawful or hidden charges, when it was not, she did not receive the

5   benefit of her purchase. Instead of receiving the benefit of a free delivery as advertised, Plaintiff paid a

6   $9.95 service fee.

7         29.     Plaintiff would not have placed her online grocery order and would not have paid as

8   much as she had for the grocery order, in the absence of Defendant's misrepresentations and omissions.

9   Had Defendant not violated Washington and California law, Plaintiff would not have been injured as

10  she was.  Plaintiff was also unable, and will not be able in the future, to effectively compare grocery

11  delivery prices when purchasing from Amazon's website due to Amazon's initial deception of

12  advertising grocery prices that are less than what a consumer will ultimately pay. Plaintiff has suffered

13  a concrete, tangible, injury in fact caused by Defendant's wrongful acts and omissions.

14        30.     Plaintiff and the Class have lost money as a result of Defendant's unlawful behavior.

15  Plaintiff and the Class altered their position to their detriment and suffered loss in an amount equal to

16  the deceptively advertised service fees they paid for Whole Foods grocery deliveries.

17        31.     Plaintiff intends to, seeks to, and will purchase Whole Foods grocery deliveries from the

18  Amazon website again when she can do so with the assurance that the advertising of free delivery is

19  lawful.

20  **IV.    CLASS ACTION ALLEGATIONS**

21        32.     Plaintiff brings this action on behalf of herself and all others similarly situated pursuant

22  to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

23

24

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 11 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

33. **The Nationwide Classes are defined as follows:**

(1) All U.S. citizens who were Amazon Prime members that were charged a service fee in connection with an online delivery from Whole Foods Market from August 1, 2021 until the date notice is disseminated to the class, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

(2) All U.S. Citizens who were Amazon Prime members from June 7, 2018 until the date notice is disseminated to the class, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

34. **The California Class is defined as follows:**

All California residents who were Amazon Prime members that were charged a service fee in connection with an online delivery from Whole Foods Market from August 1, 2021 until the date notice is disseminated to the class, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

35. The proposed Classes meet all criteria for a class action, including numerosity, commonality, typicality, predominance, superiority, and adequacy of representation.

36. This action has been brought and may properly be maintained as a class action against Defendant. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

37. The proposed Classes satisfy typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased Whole

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Foods grocery deliveries, were deceived by the false and deceptive advertising, and lost money as a result.

38.     The proposed Classes satisfy superiority. A class action is superior to any other means for adjudication of the Class members' claims because it would be impractical for individual Class members to bring individual lawsuits to vindicate their claims.

39.     Because Defendant's misrepresentations were uniformly made on Amazon's website, all Class members including Plaintiff were exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate federal and state law with impunity.

40.     The proposed Class representative satisfies adequacy of representation. Plaintiff is an adequate representative of the Class as she seeks relief for the Class, her interests do not conflict with the interests of the Class members, and she has no interests antagonistic to those of other Class members. Plaintiff has retained counsel competent in the prosecution of consumer fraud and class action litigation.

41.     The proposed Classes satisfy commonality and predominance. There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

42.     Questions of law and fact common to Plaintiff and the Class include:

a. Whether Defendant failed to disclose the presence of a service fee during the online ordering process;

b. Whether Defendant's advertising omissions and representations constituted false advertising under Washington and California law;

c. Whether Defendant's advertising omissions and representations constituted unfair business practices under the Washington Consumer Protection Act;

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

d. Whether Defendant's conduct constituted a violation of California's Unfair Competition Law;

e. Whether Defendant's conduct constituted a violation of California's Consumer Legal Remedies Act;

f. Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

g. Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

43. Plaintiff will fairly and adequately protect the interests of the Class, has no interests that are incompatible with the interests of the Class, and has retained counsel competent and experienced in class litigation.

44. Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

45. Class treatment is therefore appropriate under Federal Rule of Civil Procedure 23.

46. Class damages will be adduced and proven at trial through expert testimony and other competent evidence, including evidence exclusively in Defendant's possession.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT

### RCW 19.86.010 *ET SEQ.*

47. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

48. The Washington Consumer Protection Act ("WCPA") makes unlawful to commit "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 14 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

commerce." RCW 19.86.020. The WCPA provides a private right of action for "[a]ny person who is injured in his or her business or property" by violations of the Act. RCW 19.86.090.

49.     In the course of the Defendant's business, it knowingly and intentionally failed to disclose and actively concealed material facts and made false and misleading statements regarding its service fee for grocery deliveries from Whole Foods Market.

50.     Defendant's actions as set forth above occurred in the conduct of trade or commerce, and constitute unfair or deceptive trade practices under the WCPA. Defendant's actions impact the public interest because Plaintiff was injured in exactly the same way as thousands of others who paid a service fee for grocery deliveries from Whole Foods Market as a result of Defendant's generalized course of deception. Defendant's conduct has the capacity to, and has actually caused injury not only to Plaintiff, but to thousands of others in Washington and around the country.

51.     Plaintiff and the Class relied upon and were deceived by the Defendant's unfair and deceptive misrepresentations of material fact in deciding to enter into contracts or continue doing business with Defendant. Buyers such as Plaintiff and members of the Class would have acted differently knowing that the Defendant charges a service fee in connection with grocery deliveries from Whole Foods Market. Plaintiff and members of the Class would have wanted to know, as would any reasonable person, that the Defendant charges a service fee in connection with grocery deliveries from Whole Foods Market and this information would have changed their and any reasonable customer's decision to purchase Defendant's grocery delivery service.

52.     Plaintiff and the Class were injured as a result of the Defendant's conduct, and suffered ascertainable monetary loss.

53.     Plaintiff seeks an award of actual damages, treble damages, attorney's fees and costs as permitted by the WCPA.

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 15 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

54.     Pursuant to RCW 19.86.095, Plaintiff will serve the Washington Attorney General with a copy of this complaint as Plaintiff seeks injunctive relief.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT

## CAL. CIV. CODE §§ 1750 *ET SEQ.*

55.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

56.     The CLRA prohibits unfair or deceptive practices in connection the sale of goods or services to a consumer.

57.     Moreover, the CLRA is meant to be "[c]onstrued liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Civil Code Section 1760, *inter alia*.

58.     The online grocery deliveries from Whole Foods Market that Amazon provides are "Services" as defined by the CLRA. The Whole Foods grocery items are also "Goods" as defined by the CLRA.

59.     Plaintiff and the Class Members are "Consumers" as defined by the CLRA.

60.     Each of the purchases made by the Plaintiff and the Class Members from the Defendant were "Transactions" as defined by the CLRA.

61.     Amazon's false and misleading pricing practices and other policies, acts, and practices described herein were designed to, and did, induce Plaintiff's and Class Members' purchases of Whole Foods grocery deliveries for personal, family, or household purposes, and violated and continues to violate at least the following sections of the CLRA:

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 16 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

a.    § 1770(a)(9): Advertising goods with intent not to sell them as advertised;

b.    § 1770(a)(14) Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; and

c.    § 1770(a)(20): Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but not limited to, shelf tags, displays, and media advertising in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product.

62.    Amazon violated Sections 1770(a)(9), (14), and (20) by marketing and falsely representing a lower grocery delivery price than what consumers were actually charged. Moreover, Amazon advertised that Prime members would receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery" when, in fact, grocery deliveries from Whole Foods Market are not free and subject to a $9.95 service fee.

63.    Amazon never intended to sell its grocery deliveries with free delivery.

64.    On information and belief, Amazon's violations of the CLRA discussed above were done with the actual knowledge, intent, and awareness that the conduct alleged was wrongful.

65.    On information and belief, Amazon committed these acts knowing it would harm Plaintiff and Class Members.

66.    Plaintiff and Class Members were injured by Amazon because Plaintiff and Class Members were baited and defrauded into paying more for grocery deliveries than was represented due to Amazon's false representations and advertisements.

67.    Plaintiff and Class Members were harmed as a direct and proximate result of Amazon's violations of the CLRA and are thus entitled to a declaration that Defendant violated the CLRA.

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 17 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

68.     On June 9, 2022, Plaintiff Dena Griffith, on behalf of herself and all class members, sent a written pre-suit demand via certified mail to Defendant in compliance with California Civil Code Section 1782. Attached hereto as Exhibit 2 is a copy of Plaintiff's demand letter. More than thirty days have passed since Plaintiff sent her written demand letter and Defendant has failed to take the corrective action described in Plaintiff's letter. Accordingly, Plaintiff seeks damages, injunctive relief, and attorneys' fees and costs under the CLRA.

## THIRD CAUSE OF ACTION

### VIOLATIONS OF THE FALSE ADVERTISING LAW

### CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.

69.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

70.     Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

71.     As alleged herein, Amazon's advertisements that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery" are false and misleading.

72.     Plaintiff suffered injury in fact as a result of Amazon's actions as set forth herein because plaintiff purchased a grocery delivery from Whole Foods Market in reliance on Amazon's false and misleading marketing claims.

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 18 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

73.   Amazon's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Amazon advertised its grocery delivery service in a manner that is untrue and misleading, which Amazon knew or reasonably should have known.

74.   Amazon profited from its sales of the falsely and deceptively advertised grocery delivery service to unwary consumers.

75.   As a result, pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and Class Members are entitled to injunctive and equitable relief and restitution.

## FOURTH CAUSE OF ACTION

### VIOLATIONS OF THE UNFAIR COMPETITION LAW

### CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.

76.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

77.   The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

78.   The acts, omissions, misrepresentations, practices, and non-disclosures of Amazon as alleged herein constitute business acts and practices.

### FRAUDULENT

79.   A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test.

80.   As set forth herein, Amazon's claims relating to the online marketing of its grocery delivery services are likely to deceive reasonable consumers and the public.

### UNLAWFUL

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

81.     The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

- The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and

- The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

**UNFAIR**

82.     Amazon's conduct with respect to the advertising and sale of its grocery delivery service was unfair because Amazon's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

83.     Amazon's conduct with respect to the advertising and sale of its grocery delivery service was also unfair because it violated public policy as declared by specific statutory or regulatory provisions, including but not limited to the False Advertising Law.

84.     Amazon's conduct with respect to the advertising and sale of its grocery delivery service was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

85.     Amazon profited from the sale of its falsely, deceptively, and unlawfully advertised grocery delivery service to unwary consumers.

86.     Plaintiff and Class Members are likely to be damaged by Amazon's deceptive trade practices, as Amazon continues to disseminate, and is otherwise free to continue to disseminate misleading information. Thus, injunctive relief enjoining this deceptive practice is proper.

87.     Amazon's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members, who have suffered injury in fact as a result of Amazon's fraudulent, unlawful, and unfair conduct.

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 20 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

88.     In accordance with Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself, Class Members, and the general public, seeks an order enjoining Amazon from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

89.     Plaintiff, on behalf of herself and Class Members, also seeks an order for the restitution of all monies from Amazon's grocery delivery service fee that Amazon unjustly acquired through acts of unlawful competition.

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT/ QUASI CONTRACT

90.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

91.     Plaintiff and the Class allege that Defendant owes money to them for the unlawful or deceptive conduct described herein.

92.     Plaintiff and Class Members paid for a service fee in connection with a Whole Foods Market grocery delivery.

93.     Defendant, by charging consumers a service fee, received additional money from Plaintiff and the Class.

94.     The additional money was paid by mistake, where an undue advantage was taken from the Plaintiff's and the Class's lack of knowledge of the deception, whereby money was exacted to which the Defendant had no legal right.

95.     Defendant is therefore indebted to Plaintiff and the Class in a sum certain, specifically the service fee actually paid during the Class period as consideration for which Defendant unlawfully charged consumers.

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 21 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

96.     Defendant is therefore indebted to Plaintiff and the Class in a sum certain for the additional money had and received by the Defendant, which the Defendant in equity and good conscious should not retain.

97.     Defendant is therefore liable to Plaintiff and the Class in the amount of unjust enrichment or money had and received to be determined at trial.

## SIXTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

98.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

99.     Defendant represented that Prime members would receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery" when, in fact, Prime members would not receive free grocery delivery because Defendant charges a mandatory service fee.

100.    The misrepresentations concerned material facts about the price of Defendant's grocery delivery service that influenced Plaintiff and the Class Members to purchase the delivery service.

101.    At the time Defendant made the misrepresentations, Defendant knew or should have known that the misrepresentations were false or Defendant made the misrepresentations without knowledge of their truth or veracity.

102.    Plaintiff and the class members reasonably, justifiably, and detrimentally relied on the misrepresentations and, as a proximate result thereof, have and will continue to suffer damages in the form of lost money from the payment of the service fee.

## SEVENTH CAUSE OF ACTION

## CONCEALMENT/ NON-DISCLOSURE

103.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 22 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

forth in full herein.

104.    Defendant knew at the time of sale that it had falsely represented the actual price of the grocery delivery service that consumers would pay upon checkout.

105.    Defendant fraudulently concealed from and/or intentionally failed to disclose to Plaintiff and the Class Members that Defendant would charge a service fee for its grocery delivery service beyond the advertised price.

106.    Defendant had exclusive knowledge of Misrepresentations' falsity at the time of sale. The defect (the actual price of the delivery service upon checkout) is latent and not something that Plaintiff or the Class Members, in the exercise of reasonable diligence, could have discovered independently prior to purchase.  The defect would not be disclosed by careful, reasonable inspection by the purchaser.

107.    Defendant had the capacity to, and did, deceive Plaintiff and the Class Members into believing that they would pay the advertised price for the grocery delivery service upon checkout, when in reality, Plaintiff and the Class Members were charged more than the advertised price for the grocery delivery service upon checkout.

108.    Defendant undertook active and ongoing steps to conceal the actual price of the grocery delivery service.

109.    The facts concealed and/or not disclosed by Defendant to Plaintiff and the Class Members are material facts in that a reasonable person would have considered them important in deciding whether to purchase the grocery delivery service.

110.    Defendant had a duty to disclose accurate information regarding the actual price that consumers would pay for its grocery delivery service upon checkout.

111.    Defendant intentionally concealed and/or failed to disclose the actual price of the grocery

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

delivery service that consumers would pay upon checkout for the purpose of inducing Plaintiff and the Class Members to act thereon.

112.    Plaintiff and the Class Members justifiably acted or relied upon the concealed and/or non-disclosed facts to their detriment, as evidenced by their purchase of the grocery delivery service.

113.    Plaintiff and Class Members suffered a loss of money as a result of Defendant's false information because they would not have purchased the grocery delivery service, or would not have paid as much for the grocery delivery service, if the truth concerning Defendant's Misrepresentations had been known.

## EIGHTH CAUSE OF ACTION

### FRAUD

114.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

115.    Defendant willfully, falsely, and knowingly misrepresented that Prime members would receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery." The Misrepresentations were communicated to Plaintiff and the Class Members through Amazon's website.

116.    At all relevant times, Defendant knew that it had misrepresented the advertised price for its grocery delivery service because Defendant knew it was charging an additional service fee upon checkout without disclosing this fee to Plaintiff and the Class Members.

117.    Defendant's misrepresentations were made with the intent that the general public, including Plaintiff and the Class Members, would rely upon it. Defendant's Misrepresentations were made with knowledge of the falsity of such statements, or in reckless disregard of the truth thereof.

118.    Plaintiff and the class members' reliance upon Defendant's misrepresentations was reasonable. The hidden service fee charged by Defendant is latent and not something that Plaintiff or

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 24 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

the class members, in the exercise of reasonable diligence, could have discovered independently prior to purchase.

119.     In actual and reasonable reliance upon the Misrepresentations, Plaintiff and the Class Members purchased Defendant's grocery delivery service. Plaintiff and the Class members suffered a loss of money as a result of Defendant's intentional misrepresentations because they would not have purchased the grocery delivery service, or would have paid less for the grocery delivery service, if the truth concerning Defendant's Misrepresentations had been known.

## NINTH CAUSE OF ACTION

## BREACH OF CONTRACT

120.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

121.     Plaintiff and Class Members entered into a contract with Amazon for a Prime membership that included free Whole Foods Market delivery with a minimum $35 purchase for a yearly fee of $119. Amazon's representations that it offers "FREE Delivery" and "FREE 2-hour grocery delivery" from Whole Foods Market are terms that were integrated into the Amazon prime membership contract.

122.     Defendant breached the contract when Amazon rescinded free Whole Foods Market delivery with a minimum $35 purchase. Defendant also breached the contract by failing to deliver the Whole Foods Market grocery deliveries within the promised 2-hour time period.

123.     The imposition of the $9.95 service fee constituted a modification of the contract with Amazon without consideration to Plaintiff and the Class Members.

124.     Plaintiff and the Class Members were damaged as a result of Amazon's breach and/or unilateral modification of the contract.

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 25 -

125. Plaintiff and the Class are entitled to damages caused by Defendant's breach of contract, as well as declaratory relief holding that the imposition of the $9.95 service constituted a modification of the contract without consideration to Plaintiff and is therefore void.

## TENTH CAUSE OF ACTION

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

126. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

127. Defendant had a duty to perform its contractual obligations in good faith.

128. By failing to perform under the contract by continuing to provide Plaintiff with free Whole Foods Market delivery with a minimum $35 purchase during the duration of Plaintiff's annual contract, Defendant breached the implied covenant of good faith and fair dealing.

129. Plaintiff was damaged as a result of Defendant's breaches of the implied duty of good faith and fair dealing.

130. Plaintiff is entitled to damages caused by Defendant's breach of the implied duty of good faith and fair dealing.

## ELEVENTH CAUSE OF ACTION

### DECLARATORY RELIEF

131. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

132. An actual controversy now exists between the Parties regarding their rights and liabilities, and terms under Amazon Prime's contract for deliveries, including (a) whether the deliveries are "free;" (b.) whether they will be delivered in accordance with the represented time limits; (c.) whether and under what circumstances the Prime contractual terms may be changed or amended; (d.)

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 26 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

whether a unilateral change can be, or has been effectuated; (e.) whether any modification of the contractual terms were effectuated in accordance with Washington law; (f.) whether the contract or its amended terms are void or voidable; (g) whether any change in terms, or the terms themselves, are unconscionable, and; (h.) whether any purported modification of terms is lawful or enforceable.

133.    A judicial declaration is necessary and appropriate at this time as Defendant is currently enforcing its contract and refusing to return sums paid by Plaintiff and the Class Members for the service fee charged in connection with Whole Foods grocery deliveries.

134.    Plaintiff and the class members are therefore entitled to a judicial declaration pursuant to 28 U.S.C. § 2201.

## VI.    **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Defendant as to each and every cause of action, and the following remedies:

(a)    An Order declaring this action to be a proper class action, appointing Plaintiff as class representative, and appointing her undersigned counsel as class counsel;

(b)    An Order requiring Amazon to bear the cost of class notice;

(c)    An Order enjoining Amazon from engaging in the unfair, unlawful, and deceptive business practices and false advertising complained of herein;

(d)    An Order compelling Amazon to conduct a corrective advertising campaign;

(e)    An Order compelling Amazon to recall and destroy all misleading and deceptive advertising materials;

(f)    An Order requiring Amazon to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

(g)    An Order requiring Amazon to pay restitution to restore all funds acquired by means of

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 27 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, plus pre-and post-judgment interest thereon;

(h)     An Order requiring Amazon to pay all actual damages, treble damages, and statutory damages permitted under the causes of action alleged herein;

(i)     An Order providing that the imposition of the $9.95 service fee on Whole Foods Market deliveries by Amazon to Amazon Prime members is void.

(j)     An award of attorneys' fees and costs; and

(k)     Any other and further relief that Court deems necessary, just, or proper.

## VII.   JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 25th day of October 2022.

**BORDE LAW PLLC**

By: s/ Manish Borde
Manish Borde, WSBA #39503
600 Stewart St., 400
Seattle, WA 98101
Telephone: (206) 531-2722
Email: mborde@bordelaw.com

**SCHROETER GOLDMARK & BENDER**

By: s/ Adam J. Berger
Adam J. Berger, WSBA #20714
Lindsay Halm, WSBA #37141
401 Union Street, Suite 3400
Seattle, WA 98101
Tel.: (206) 622-8000
Fax: (206) 682-2305
Email: berger@sgb-law.com
      halm@sgb-law.com

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 28 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

**LAW OFFICES OF RONALD A. MARRON**

By: s/ Ronald A. Marron
Ronald A. Marron (admitted *pro hac vice*)
Michael T. Houchin (admitted *pro hac vice*)
Lilach Halperin (admitted *pro hac vice*)

651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Fax: (619) 564-6665
Email: ron@consumersadvocates.com
mike@consumersadvocates.com
lilach@consumersadvocates.com

**INTERIM CLASS COUNSEL FOR
PLAINTIFF AND THE PROPOSED
CLASSES**

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 29 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

**CERTIFICATE OF SERVICE**

2      I hereby certify that on October 25, 2022, I electronically filed the foregoing with the Clerk of

3   the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF

4   participants.

5

6

7

8                                          **BORDE LAW PLLC**

9                                          By: s/ Manish Borde
                                           Manish Borde, WSBA #39503
10                                         600 Stewart St., 400
                                           Seattle, WA 98101
11                                         Telephone: (206) 531-2722
                                           Email: mborde@bordelaw.com
12                                         *Attorney for Plaintiff Dena Griffith*

13

14

15

16

17

18

19

20

21

22

23

24

CONSOLIDATED COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 30 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

# **EXHIBIT 1**

Deliver to Mike
San Diego 92101

All ▾

EN ▾

Hello, Michael
Account & Lists ▾

Returns
& Orders

0

All   Amazon Basics   Prime Video   Today's Deals   Buy Again   Prime ▾   Best Sellers   Customer Service

Tonight: See you in the circle

# Help & Customer Service

‹ All Help Topics

**Amazon Prime**

Amazon Prime Benefits

Amazon Prime

Amazon Prime Membership
for the Netherlands at
Amazon.nl and Amazon.de

About Prime Day

About Prime Early Access
Sale

Sign Up for the Amazon
Prime Free Trial

Share Your Amazon Prime
Benefits

Pause Your Amazon Prime
Membership

End Your Amazon Prime
Membership

The Amazon Prime
Membership Fee

Change Your Prime or Prime
Video Monthly
Membership

Switch Amazon Prime
Membership

Use Buy Now with Amazon
Prime

Using a Promotional Code
for Amazon Prime

Exchange a Prime Gift
Membership

Buy a Prime Gift
Membership

Buy Add-on Items

Scan the Amazon Elements
Code

Subscribe to Amazon Prime
via an Approved Partner
(Free, SFR)

**Amazon Prime Terms &
Conditions**

Amazon Prime Referral
Program Terms and
Conditions

Electronic Benefits Transfer
(EBT) Cards

Amazon Incentives Purchase
Terms for Amazon Prime
Membership Codes

Amazon Fresh and Whole
Foods Market Packaging

## Quick solutions

**Find more solutions**

Shipping and Delivery  ›  Amazon Prime  ›

# Amazon Prime Terms & Conditions

Last updated May 11, 2021

Welcome to the terms and conditions ("**Terms**") for Amazon Prime. These Terms are between you and Amazon.com Services LLC and/or its affiliates ("**Amazon.com**" or "**Us**") and govern our respective rights and obligations. Please note that your use of the Amazon.com website and Prime membership are also governed by the agreements listed and linked to below, as well as all other applicable terms, conditions, limitations, and requirements on the Amazon.com website, all of which (as changed over time) are incorporated into these Terms. If you sign up for a Prime membership, you accept these terms, conditions, limitations and requirements.

- Conditions of Use
- Amazon.com Privacy Notice
- Amazon Video Terms of Use
- Amazon Music Terms of Use
- Amazon Photos Terms of Use
- Kindle Store Terms of Use

## Membership Cancellation

If you signed-up for your Prime membership directly through us, you may cancel your Prime membership any time by visiting Your Account and adjusting your membership settings. If you cancel within 3 business days of signing up for or converting from a free trial to a paid membership, we will refund your full membership fee; provided that we may charge you (or withhold from your refund) the value of Prime benefits used by you and your account during this 3-business day period. If you cancel at any other time, we will refund your full membership fee only if you and your account did not make any eligible purchases or take advantage of Prime benefits since your latest Prime membership charge. If you signed up for your Prime membership through a third party, you may need to contact the third party to cancel your membership or receive any refund under its applicable policies. Prime memberships redeemed through a Prime gift code or promotional code are not refundable.

## Shipping Benefits and Eligible Purchases

Prime shipping benefits depend upon inventory availability, order deadlines, and in some cases the shipping address. They are limited to certain products sold by Amazon.com (or third-party sellers participating in Prime) on the Amazon.com website and to certain products on third-party websites that offer Prime shipping benefits. Products eligible for Prime will be designated as such on their product pages. Some special product, order, handling fees, and/or taxes may still apply to eligible purchases. If only some items in your order are eligible for Prime, you will pay applicable shipping charges for the ineligible items. Changing or combining orders, or changing your shipping address, speed, or preferences might affect Prime eligibility. Certain purchases may only be entitled to Standard Shipping because of their size, weight, and other shipping characteristics.

We may exclude products with special shipping characteristics at our discretion. The Prime section of our Help pages provides information about eligible items, shipping cost, shipping speed, and shipping destinations.

## Other Benefits and Supplemental Memberships



**Your Orders**
Track or cancel orders



**Returns & Refunds**
Exchange or return items



**Manage Prime**
Cancel or view benefits



**Payment Settings**
Add or edit payment methods



**Carrier Info**
Shipping carrier information



**Account Settings**
Change email or password

Click here for information about additional Prime benefits. We also offer Prime members supplemental memberships, which are subject to these Terms, require you to be a Prime member, and may have additional fees and terms. As used in these Terms, "Prime" applies to all supplemental memberships. Click here for more information about supplemental memberships.

## Other Limitations

- We reserve the right to accept or refuse membership in our discretion.
- We may send you email and other communications related to Prime and your Prime membership (regardless of any settings or preferences related to your Amazon account).
- You may not transfer or assign your Prime membership or any Prime benefits, including promotion codes for Prime memberships or benefits, except as allowed in these terms.
- Prime members are not permitted to purchase products for the purpose of resale, rental, or to ship to their customers or potential customers using Prime benefits.
- Some Prime benefits may require certain purchase thresholds, have quantity or shipping address limitations, or require members to meet specified criteria in order to access them.
- From time to time, Amazon may choose in its sole discretion to add or remove Prime membership benefits.

## Fees and Renewal

The membership fee for Prime is stated in the Prime section of our Help pages. From time to time, we may offer different membership terms, and the fees for such membership may vary. The Prime membership fee is non-refundable except as expressly set forth in these Terms. Taxes may apply on either or both of the membership fee and the reduced shipping charges for Prime.

If you sign up for your Prime membership through us and are billed by us, then the billing terms described below will apply to your membership.

If all eligible payment methods we have on file for you are declined for payment of your membership fee, you must provide us a new eligible payment method promptly or your membership will be canceled. If you provide us with a new eligible payment method and are successfully charged, your new membership period will be based on the original renewal date and not the date of the successful charge.

UNLESS YOU NOTIFY US BEFORE A CHARGE THAT YOU WANT TO CANCEL OR DO NOT WANT TO AUTO RENEW, YOU UNDERSTAND YOUR PRIME MEMBERSHIP WILL AUTOMATICALLY CONTINUE AND YOU AUTHORIZE US (WITHOUT NOTICE TO YOU, UNLESS REQUIRED BY APPLICABLE LAW) TO COLLECT THE THEN-APPLICABLE MEMBERSHIP FEE AND ANY TAXES, USING ANY ELIGIBLE PAYMENT METHOD WE HAVE ON RECORD FOR YOU.

If you signed up for your Prime membership through a third party and are not billed directly by us, then the billing terms provided by the third party will apply to your membership.

## Promotional Trial and Qualification-Based Memberships

We sometimes offer certain customers various trial or other promotional memberships, which are subject to these Terms except as otherwise stated in the promotional offers. Trial members may at any time (through Your Account) choose not to continue to paid membership at the end of the trial period.

If you sign up for a qualification-based Prime membership (including but not limited to Prime Student and Prime for qualifying EBT and government assistance recipients), you will receive certain Prime benefits for the reduced rate specified in the Prime section of our Help page. To sign up for and use a qualification-based Prime membership, you must meet the eligibility conditions described on the applicable enrollment page and provide any required documentation.

## Agreement Changes

We may in our discretion change these Terms, Amazon.com's Conditions of Use and Privacy Notice, or any aspect of Prime membership, without notice to you. If any change to these terms is found invalid, void, or for any reason unenforceable, that change is severable and does not affect the validity and enforceability of any remaining changes or conditions. YOUR CONTINUED MEMBERSHIP AFTER WE CHANGE THESE TERMS CONSTITUTES YOUR ACCEPTANCE OF THE CHANGES. IF YOU DO NOT AGREE TO ANY CHANGES, YOU MUST CANCEL YOUR MEMBERSHIP.

## Termination by Us

We may terminate your Prime membership at our discretion without notice. If we do so, we will give you a prorated refund based on the number of full months remaining in your membership. However, we will not give any refund for termination related to conduct that we determine, in our discretion, violates these Terms or any applicable law, involves fraud or misuse of the Prime membership, or is harmful to our interests or another user. Our failure to insist upon or enforce your strict compliance with these Terms will not constitute a waiver of any of our rights.

## Limitation of Liability

IN ADDITION TO OTHER LIMITATIONS AND EXCLUSIONS IN AMAZON.COM'S CONDITIONS OF USE, OUR TOTAL LIABILITY, WHETHER IN CONTRACT, WARRANTY, TORT (INCLUDING NEGLIGENCE) OR OTHERWISE, WILL NOT EXCEED THE LAST MEMBERSHIP FEE YOU PAID. THIS LIMITATION OF LIABILITY WILL APPLY TO THE FULLEST EXTENT PERMITTED BY LAW AND WILL SURVIVE CANCELLATION OR TERMINATION OF YOUR PRIME MEMBERSHIP.

## Disputes

Any dispute or claim relating in any way to these Terms or your use of Prime will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts. We each waive any right to a jury trial.



Was this information helpful?

Yes    No

Back to top

**Get to Know Us**

Careers

Amazon Newsletter

About Amazon

Sustainability

Press Center

Investor Relations

Amazon Devices

Amazon Science

**Make Money with Us**

Sell products on Amazon

Sell apps on Amazon

Supply to Amazon

Become an Affiliate

Become a Delivery Driver

Start a package delivery business

Advertise Your Products

Self-Publish with Us

Host an Amazon Hub

› See More Ways to Make Money

**Amazon Payment Products**

Amazon Rewards Visa Signature Cards

Amazon Store Card

Amazon Secured Card

Amazon Business Card

Shop with Points

Credit Card Marketplace

Reload Your Balance

Amazon Currency Converter

**Let Us Help You**

Amazon and COVID-19

Your Account

Your Orders

Shipping Rates & Policies

Amazon Prime

Returns & Replacements

Manage Your Content and Devices

Your Recalls and Product Safety Alerts

Amazon Assistant

Help

English        United States

Amazon Music
Stream millions of songs

Amazon Advertising

Amazon Drive
Cloud storage from Amazon

6pm
Score deals on fashion brands

AbeBooks
Books, art & collectibles

ACX
Audiobook Publishing Made Easy

Sell on Amazon
Start a Selling Account

Find, attract, and engage customers

**Amazon Business**
Everything For Your Business

**Amazon Fresh**
Groceries & More Right To Your Door

**AmazonGlobal**
Ship Orders Internationally

**Home Services**
Experienced Pros Happiness Guarantee

**Amazon Ignite**
Sell your original Digital Educational Resources

**Amazon Web Services**
Scalable Cloud Computing Services

**Audible**
Listen to Books & Original Audio Performances

**Book Depository**
Books With Free Delivery Worldwide

**Box Office Mojo**
Find Movie Box Office Data

**ComiXology**
Thousands of Digital Comics

**DPReview**
Digital Photography

**Fabric**
Sewing, Quilting & Knitting

**Goodreads**
Book reviews & recommendations

**IMDb**
Movies, TV & Celebrities

**IMDbPro**
Get Info Entertainment Professionals Need

**Kindle Direct Publishing**
Indie Digital & Print Publishing Made Easy

**Amazon Photos**
Unlimited Photo Storage Free With Prime

**Prime Video Direct**
Video Distribution Made Easy

**Shopbop**
Designer Fashion Brands

**Amazon Warehouse**
Great Deals on Quality Used Products

**Whole Foods Market**
America's Healthiest Grocery Store

**Woot!**
Deals and Shenanigans

**Zappos**
Shoes & Clothing

**Ring**
Smart Home Security Systems

**eero WiFi**
Stream 4K Video in Every Room

**Blink**
Smart Security for Every Home

**Neighbors App**
Real-Time Crime & Safety Alerts

**Amazon Subscription Boxes**
Top subscription boxes – right to your door

**PillPack**
Pharmacy Simplified

**Amazon Renewed**
Like-new products you can trust

Conditions of Use   Privacy Notice   Interest-Based Ads

© 1996-2022, Amazon.com, Inc. or its affiliates

**EXHIBIT 2**

Law Offices of

# RONALD A. MARRON

A Professional Law Corporation

651 Arroyo Drive                                                    Tel: 619.696.9006
San Diego, California 92103                                  Fax: 619.564.6665

June 9, 2022

**<u>Via: Certified Mail, (receipt acknowledgment with signature requested)</u>**

**Amazon.com, Inc.**
ATTN: Legal Department
410 Terry Avenue North
Seattle, Washington 98109-5210


**RE:     NOTICE:  Violations of California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*. ("CLRA"), and Duty to Preserve Evidence**

To Whom It May Concern:

        **PLEASE TAKE NOTICE** that this law firm represents Dena Griffith on behalf of herself and all others similarly situated.  All further communications intended for our client must be directed through this office.  This notice and demand letter provides **Amazon.com, Inc.** ("YOU" or "Amazon") with notice and demand for corrective action arising from YOUR violations of the California Consumer Legal Remedies Act, CAL. CIV. CODE §§ 1750 *et seq.* ("CLRA").  As relevant here, the CLRA prohibits unfair and unlawful methods of competition and unfair business practices.

        As shown below, YOU advertise that Amazon Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery" even though YOU charge consumers a $9.95 "service fee" in connection with grocery deliveries from Whole Foods Market. Additionally, YOU engage in a bait and switch advertising scheme by not disclosing the $9.95 service fee with the advertised price of the Whole Foods Market grocery items.  This amounts to a clear, ongoing, and unequivocal violation of the CLRA. Accordingly, you are liable to my client and to the putative class for substantial monetary damages. This letter serves as notice and demand for corrective action by YOU pursuant to California Civil Code § 1782.

        We hereby demand that you take immediate corrective action within thirty (30) days as further described below.

1

One of the advertised benefits of Amazon Prime is that members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," including grocery deliveries from Whole Foods Market. YOU make these representations on the Amazon website and in television and print advertisements. Below are representative examples of advertisements from YOUR website:

## FREE 2–Hour Grocery Delivery
### Free ultrafast delivery on groceries and household essentials



**Shop a wide selection of groceries including fresh foods and produce with free two-hour delivery from Fresh and your local Whole Foods Market. Available in select US cities**

- **Go to amazon.com/grocery to learn more**
- **Meet minimum order amount***
- **Checkout using your existing Amazon account**

*\* Threshold amount may vary*

# Check out what's included:



## Fast, free delivery

Enjoy fast, free delivery, just for being a
Prime member - including 2-hour delivery
on thousands of items!



## Popular movies and shows

New releases. Award-winning Amazon
Originals. Watch what you love on your
favorite devices.



**Join Prime**

# FREE One-Day Delivery
### Get items the next day



**Available on more than ten million products, with
no minimum purchase. Receive orders by 9 p.m the
next day. Filter by "Get it tomorrow" when
shopping. Selection and order cutoff varies by
area.**
- **Look for the One-Day logo**
- **Add eligible items to your cart.**
- **Select delivery option at checkout.**

**LEARN MORE**

Despite YOUR advertisements and representations that Amazon Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," YOU began charging YOUR customers a $9.95 service fee in connection with grocery deliveries from Whole Foods Market. YOUR $9.95 "service fee" is in essence a hidden delivery fee. In fact, the service fee was put in place to help cover delivery operating costs like equipment and technology without raising product prices. Amazon customers are only charged the $9.95 "service fee" for Whole Foods grocery deliveries. If a customer instead choses to pick up the items in-store, then that customer will not be charged the service fee.

In addition to YOUR false representations that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," YOU engage in a bait-and-switch advertising scheme by not disclosing the $9.95 service fee along with the advertised price of the Whole Foods grocery items. The first page of the Whole Foods delivery section on Amazon's website displays various grocery items alongside the advertised price of the items. Nowhere on this initial webpage is the $9.95 service fee disclosed.

If a consumer then clicks on the desired grocery item, the next webpage states in opaque text "$9.95 for 2-hour delivery." This text is in small font and is unlikely to be noticed by a reasonable consumer. Moreover, the text is in smaller font and in a different color than the advertised price of the grocery item.

Once the consumer clicks on the "add to cart" icon, there is a series of webpages asking for payment and delivery information before the consumer arrives at the final "place your order" page. On the "place your order" page, the service fee is shown in small text above the total price of the delivery that is unlikely to be noticed by a reasonable consumer. Moreover, Amazon also includes a $5 tip that is shown in small text above the total price of the delivery that is unlikely to be noticed by a reasonable consumer. Although the tip is "optional," reasonable consumers would not notice that the $5 tip has been added by default.

YOUR practice of initially advertising only part of a price and then later revealing the service fee as the consumer completes the buying process has been labeled "drip pricing" by the Federal Trade Commission ("FTC"). YOU use drip pricing to bamboozle consumers using the tried and true classic, and unlawful, bait advertising scheme. Again, YOU advertise groceries from Whole Foods at a certain price and then tack on a mandatory "service fee" later in the ordering process after the consumer is already invested in the ordering process.

Our client, Dena Griffith is an Amazon Prime member who read and relied on Amazon's online advertisements that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery." On January 22, 2022, Ms. Griffith made an online order for a Whole Foods grocery delivery from the Amazon website and was charged a $9.95 service fee. Ms. Griffith was deceived by and relied upon YOUR misleading bargain and bait advertising, and specifically the hidden and deceptive nature of the service fee and the fact that YOU advertise that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery."

In conclusion, YOUR material misrepresentations are deceiving customers into purchasing YOUR Amazon Prime service under the representation that hat Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," when in fact Prime members are charged a $9.95 service fee in connection with grocery deliveries from Whole Foods Market.

Please be advised that the alleged unfair methods of competition or unfair or deceptive acts or practices in violation of the CLRA include, but are not necessarily limited to:

§ 1770(a)(9): Advertising goods with intent not to sell them as advertised;

§ 1770(a)(14) Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; and

§ 1770(a)(20): Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but not limited to, shelf tags, displays, and media advertising in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product.

YOU have failed to honor your consumer protection obligations. Based upon the above, demand is hereby made that YOU conduct a corrective advertising campaign and destroy all misleading and deceptive advertising materials.

YOUR failure to comply with this request within a reasonable time— or thirty (30) days for violations of the CLRA— may subject you to the following remedies, available for violations of the CLRA as well as other consumer warranty and consumer protection statutes, which will be requested in a class action complaint on behalf of our client and all other similarly situated consumers:

(1) The actual damages suffered;

(2) An order enjoining YOU for such methods, acts or practices;

(3) Restitution of property;

(4) Disgorgement of profits;

(4) Punitive damages;

(5) Court costs and attorneys' fees;

(6) Costs of class action notice and administration; and

(7) Any other relief which the court deems proper.

Additionally, I remind you of your legal duty to preserve all records relevant to such litigation. *See, e.g., Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D 162, 175 (S.D.N.Y 2004); *Computer Ass'n Int'l v. American Fundware, Inc.*, 133 F.R.D. 166, 168-69 (D. Colo. 1990). This firm anticipates that all e-mails, letters, reports, internal corporate instant messages, and advertising campaigns records that are related to the marketing of YOUR services will be sought in the forthcoming discovery process. You therefore must inform any employees, contractors, and third-party agents (for example product consultants and advertising agencies handling your account) to preserve all such relevant information.

I look forward to YOU taking corrective action. Thank you for your time and consideration in this matter.

Sincerely,

**THE LAW OFFICES OF RONALD A. MARRON**

*/s/ Ronald A. Marron*
RONALD A. MARRON

**Attorney for Dena Griffith**

**U.S. Postal Service™**
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

JUN

Postage
$

Total Postage and Fees
$

Sent To
Amazon.com, Inc.

Street and Apt. No., or PO Box No.
410 Terry Avenue North

City, State, ZIP+4®
Seattle, WA 98109-5210

7015 0640 0003 7912 1781

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions