THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON SERVICE FEE LITIGATION

Case No.: 2:22-cv-00743-TL

(CONSOLIDATED CASE)

**AMAZON.COM'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT AND STRIKE CERTAIN ALLEGATIONS**

<u>NOTE ON MOTION CALENDAR:</u>
FEBRUARY 3, 2023

ORAL ARGUMENT REQUESTED

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

# INTRODUCTION

Concurrently with this request for judicial notice, Defendant Amazon.com, Inc. has filed a motion to dismiss Plaintiff's Amended Consolidated Complaint ("CAC") in its entirety and, in the alternative, to strike certain improper allegations (the "Motion"). Amazon respectfully requests that the Court, in considering the Motion, take into account certain documents that are incorporated by reference in the CAC but not attached to it. Amazon further requests that the Court take judicial notice of other publicly available documents, the accuracy of which is not reasonably in dispute. Without these additional materials, the Court cannot fairly and comprehensively consider the merits of Amazon's Motion or the legal viability of Plaintiff's claims.

The following documents are subject to this request, and all are attached as lettered exhibits to the Declaration of Brian D. Buckley filed in support of this request:

| Exhibit | Description |
| --- | --- |
| A | Amazon's Conditions of Use (last updated May 3, 2021) |
| B | Amazon's email announcement, with the subject "Changes to Your Prime Grocery Benefits for Whole Foods Market Grocery Delivery" (September 24, 2021) |
| C | *Washington Post* article, entitled "Prime members bristle at Whole Foods' $9.95 delivery surcharge: 'It's just rude'" (September 28, 2021) |
| D | *CNN Business* article, entitled "Amazon slaps a $9.95 fee on Whole Foods deliveries. And Walmart pounces" (October 28, 2021) |
| E | Screenshot of the shopping cart webpage during the Whole Foods Market checkout process on amazon.com (November 15, 2022) |
| F | Screenshot of the "Schedule your order" webpage during the Whole Foods Market checkout process on amazon.com (June 9, 2022) |

# ARGUMENT

## I. Relevant Documents Are Incorporated By Reference In The Complaint.

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), district courts routinely and properly consider documents that are "incorporated by reference" in the complaint without converting the motion into a Rule 56 motion for summary judgment. *Van Buskirk v. CNN*, 284

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

- 1 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

F.3d 977, 980 (9th Cir. 2002). Under the "incorporation by reference" doctrine, a district court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (district court did not err in considering two documents mentioned in the complaint), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporating by reference complete copies of websites where the complaint included only excerpts because "[i]n evaluating the context in which the statement appeared, we must take into account all parts of the communication that are ordinarily heard or read with it") (internal citations omitted). A document is properly incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Garner v. Amazon.com, Inc.*, No. C21-0750RSL, 2022 WL 1443680, at *2 (W.D. Wash. May 6, 2022) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

The purpose of the "incorporation by reference" doctrine is to prevent plaintiffs from surviving a Rule 12(b)(6) motion by selectively quoting only portions of documents upon which their claims are based. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006). Thus, a district court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). And, importantly, a court should *not* "accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998).

**Exhibits A-F** identified above are all referenced in the CAC and all form part of the bases of Plaintiff's claims. The crux of the CAC is that Amazon allegedly misrepresented and hid the delivery service fee for Whole Foods Market ("WFM") deliveries and, by doing so, breached its contract with Prime members. In support of her claims, Plaintiff relies on a screenshot of the WFM order checkout page, which shows that by clicking "Place your order," Plaintiff assented to Amazon's Conditions of Use ("COUs"). CAC ¶ 18. In addition, as Exhibit 1 to the CAC, Plaintiff

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

- 2 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

attached the current Amazon Prime Terms & Conditions ("Prime Terms"). The Prime Terms expressly incorporate and link to Amazon's COUs. Clicking that hyperlink today takes the user to Amazon's current COUs. **Exhibit A** is the version of the COUs that appeared on Amazon's website as of January 20, 2022, close to the date (January 22, 2022) on which Plaintiff allegedly placed the WFM order at issue here. Because it is merely a historical version of the COUs, which are referenced in the CAC, **Exhibit A** is properly incorporated by reference. *See, e.g.*, *Garner*, 2022 WL 1443680, at *2 (incorporating by reference the Alexa Terms of Use where it "play[ed] an important function in the First Amended Consolidated Complaint").

The CAC also repeatedly cites to media articles (**Exhibits C and D**) that discuss Amazon's email notice to Prime customers (**Exhibit B**), in which Amazon announced that "[s]tarting October 25, 2021, delivery orders from Whole Foods Market in your area will include a $9.95 service fee" and explained the nature of the fee. *See* CAC n.3, n.5, n.9. All of Plaintiff's claims center on Amazon's actions with respect to this delivery fee, and thus these articles and the email notice are integral to her claims. *See, e.g.*, *Al-Ahmed v. Twitter, Inc.*, No. 21-cv-08017-EMC, 2022 WL 1605673, at *4 (N.D. Cal. May 20, 2022) (incorporating by reference Twitter's notice to customers and its internal records of who received the notice because they were "referenced extensively in the Complaint and are integral to [plaintiff's] claims"); *Walters v. Walden Univ., LLC*, No. 15-5651 RJB, 2015 WL 6550754, at *2 (W.D. Wash. Oct. 28, 2015) (incorporating by reference defendant's email to plaintiff that was foundational to plaintiff's claims).

Finally, the CAC also relies on several screenshot excerpts of the checkout flow for WFM delivery orders on amazon.com to support Plaintiff's claim that Amazon allegedly engages in "bait-and-switch" advertising and "drip pricing" by not disclosing the WFM delivery service fee. *See* CAC ¶¶ 16-18. **Exhibits E and F** are additional screenshots of the WFM grocery delivery checkout flow that Plaintiff omitted from the CAC. These screenshots are properly incorporated by reference because it is unfair for Plaintiff to highlight only helpful portions of the process without providing the full context. *See, e.g.*, *Knievel v. ESPN*, 393 F.3d at 1076; *Baxter v. Intelius, Inc.*, No. SACV09-1031 AG (MLGx), 2010 WL 3791487, at *2, *4 (C.D. Cal. Sept. 16, 2010) (incorporating by reference screenshot of a webpage where the complaint "referred repeatedly" to

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

- 3 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

the webpage but "omit[ted] essential details from their description of the [] webpage"); *see also CMRE Fin. Servs. Inc. v. Doxo Inc.,* No. 2:22-cv-00298-RAJ-BAT, 2022 WL 16701259, at *4 (W.D. Wash. Oct. 7, 2022), *report and recommendation adopted*, No. 2:22-cv-00298-RAJ-BAT, 2022 WL 16699090 (W.D. Wash. Nov. 3, 2022) (incorporating by reference checkout process webpages where "allegedly deceptive nature" of the webpages formed basis of plaintiffs' suit).

In sum, **Exhibits A-F** are incorporated by reference in the CAC, and it is appropriate for the Court to consider accurate printouts of these webpages in the context of a Rule 12 motion. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2012) (taking "into consideration information posted on certain [] web pages that [p]laintiffs referenced in the Complaint" and noting "[p]laintiffs directly quoted the material posted on these web pages, thereby incorporating them into the Complaint"); *Vallianos v. Schultz*, No. C19-0464-JCC, 2019 WL 4980649, at *4 (W.D. Wash. Oct. 8, 2019) (granting motion to dismiss based in part on screenshot of webpage incorporated by reference); *Branch*, 14 F.3d at 454 (holding that the district court did not err in considering documents that were mentioned in the complaint and whose authenticity neither party questioned). Indeed, the incorporation by reference doctrine specifically exists for situations like this, where a plaintiff selectively includes only portions of documents upon which her claims rely. *See Parrino*, 146 F.3d at 706.

## II. Relevant Documents Are Subject To Judicial Notice.

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), district courts also routinely and properly consider documents or other facts of which judicial notice may be taken, without converting the motion into a Rule 56 motion for summary judgment. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment") (alteration in original) (citation omitted). Judicial notice is appropriate for a fact "not subject to reasonable dispute" that "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) & (b)(2). Proper subjects of judicial notice when ruling on a motion to dismiss include publicly accessible websites and news articles. *See, e.g.*,

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

- 4 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

| | |
|---|---|
| 1 | *Doxo*, 2022 WL 16701259, at *4 (taking judicial notice of defendant's website); *Garner*, 2022 WL |
| 2 | 1443680, at *2 (taking judicial notice of the Alexa Terms of Use and survey on public website); |
| 3 | *F.D.I.C. v. Clementz*, No. C13-737 MJP, 2013 WL 6212166, at *3 (W.D. Wash. Nov. 27, 2013) |
| 4 | (taking judicial notice of news articles). |

Here, it is appropriate for the Court to take judicial notice of the webpages in **Exhibits A, C-F**. The COUs in **Exhibit A** are referenced in, expressly incorporated by, and hyperlinked in the Prime Terms, which are attached as Exhibit 1 to the CAC. In the CAC, Plaintiff cites and includes a link to the article that is **Exhibit C**. *See* CAC n.3, n.5. In the CAC, Plaintiff also cites to **Exhibit D** without providing the link: https://www.washingtonpost.com/technology/2021/09/28/whole-foods-delivery-surcharge/. *See* CAC n.9. **Exhibits E and F** are also webpages that can be accessed from the WFM section of amazon.com by going through the WFM checkout process: https://www.amazon.com/alm/storefront/ref=grocery_wholefoods?almBrandId=VUZHIFdob2xlIEZvb2Rz. These publicly accessible websites are all proper subjects of judicial notice when ruling on a motion to dismiss. *See Daniels-Hall*, 629 F.3d at 998 (granting motion under Rule 12(b)(6) after taking judicial notice of materials "displayed publicly on the respective web sites" where "[p]laintiffs quoted this prospectus in their [c]omplaint and provided the web address where the prospectus could be found online"); *Doxo*, 2022 WL 16701259, at *4 (taking judicial notice of checkout process webpages); *see also Garner*, 2022 WL 1443680, at *2 (taking judicial notice of the Alexa Terms of Use).

Plaintiff also cannot reasonably dispute the accuracy of these exhibits because they can be found at publicly available websites and their veracity can be accurately and readily determined. *See, e.g.*, *Clementz*, 2013 WL 6212166, at *3 (taking judicial notice of publicly available news articles "as evidence of what was in the public realm at the time.").

## CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court deem Buckley Declaration **Exhibits A-F** incorporated by reference in the CAC or, alternatively, take judicial notice of **Exhibits A, C-F** and consider the documents in connection with Amazon's concurrently filed Motion.

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL
- 5 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

| | |
|---|---|
| Dated: December 16, 2022 | Respectfully submitted,<br><br>FENWICK & WEST LLP<br><br>By: */s/ Brian D. Buckley*<br>Brian D. Buckley, WSBA No. 26423<br>Y. Monica Chan, WSBA No. 58900<br>1191 Second Avenue, 10th Floor<br>Seattle, WA 98101<br>Tel.:   206.389.4510<br>Email:  bbuckley@fenwick.com<br>            mchan@fenwick.com<br><br>Jedediah Wakefield (admitted *pro hac vice*)<br>555 California Street<br>San Francisco, CA 94104<br>Tel.:   415.875.2300<br>Email:  jwakefield@fenwick.com<br><br>*Attorneys for Defendant*<br>AMAZON.COM, INC. |

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

- 6 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101