UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON SERVICE FEE LITIGATION | CASE NO. 2:22-cv-00743-TL<br><br>(CONSOLIDATED CASE)<br><br>ORDER REGARDING INITIAL CASE DEADLINES |

This matter comes before the Court on the Parties' Joint Statement Regarding Further Case Deadlines (Dkt. No. 54). The Parties could not come to agreement on deadlines for holding a Rule 26(f) conference, exchanging initial disclosures, and submitting a Joint Status Report and Discovery Plan. Defendant has filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) (Dkt. No. 51) that is potentially dispositive of the entire matter.

The purpose of Federal Rule of Civil Procedure 12(b)(6) is "to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020) (quoting *Rutman Wine Co. v. E. & J.*

*Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)), cert. denied sub nom. *Chevron Corp. v. City of Oakland, Calif.*, 141 S. Ct. 2776 (2021). The Ninth Circuit has explained that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co.*, 829 F.2d at 738; *accord Nissen v. Lindquist*, No. C16-5093, 2016 WL 2866303, at *1 (W.D. Wash. May 17, 2016) (granting motion to stay discovery pending ruling on a motion to dismiss). This logic is especially forceful in situations, such as this, when a defendant's motion to dismiss rests on purely legal questions. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), overruled on other grounds, *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir.2007) (en banc); *see also Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) ("Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy . . . [Rule] 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery."). Because Defendant's motion to dismiss (Dkt. No. 51) does not involve disputed factual issues, a stay of discovery is appropriate pending its resolution.

The Court therefore ADOPTS Defendant's proposed schedule for early case deadlines, as follows:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | Within thirty-five (35) days of the Court's ruling on the Motion to Dismiss (Dkt. No. 51) |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | Within fourteen (14) days of the FRCP 26(f) conference |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | Within fourteen (14) days of the Initial Disclosures Pursuant to FRCP 26(a)(1): |

The Parties are DIRECTED to consult the Court's prior initial case scheduling order (Dkt. No. 15) for instructions to guide submission of their Joint Status Report and Discovery Plan.

Dated this 23rd day of December 2022.

*[signature]*

Tana Lin
United States District Judge