1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON SERVICE FEE
LITIGATION

Case No. 2:22-cv-00743-TL

**PLAINTIFF DENA GRIFFITH'S
OPPOSITION TO DEFENDANT
AMAZON.COM, INC'S MOTION
TO DISMISS AMENDED
CONSOLIDATED COMPLAINT
AND STRIKE CERTAIN
ALLEGATIONS**

ORAL ARGUMENT REQUESTED

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................ 2

III.  LEGAL STANDARD ........................................................................................ 4

IV.  ARGUMENT .................................................................................................... 5

   A.  The California Claims Should Not be Dismissed Because the Court Should Not Decide

   Choice of Law Issues at this Stage of the Litigation ................................................ 5

   B.  The Complaint Adequately Alleges Claims for Misrepresentation and Unfair Conduct ... 7

     *1.  The Complaint Satisfies Rule 9(b)* ...................................................... 7

     *2.  The Complaint Adequately Pleads Unlawful Misrepresentations, Omissions, and*

     *Unfair Conduct* ............................................................................. 10

     *3.  Plaintiff Alleges Reliance, Causation, and Injury* ...................................... 13

   C.  Plaintiff Adequately Pleads Breach of Contract and Quasi-Contract Claims .................. 14

     *1.  Plaintiff Alleges Breach of Contract* ...................................................... 15

     *2.  Plaintiff Alleges Breach of Good Faith and Fair Dealing* ............................... 18

     *3.  Plaintiff Alleges Quasi Contract and Unjust Enrichment* .............................. 20

   D.  Plaintiff's Declaratory Relief Claim Should Not Be Dismissed .................................... 20

   E.  The Court Should Not Strike Allegations from the Complaint ...................................... 21

V.  CONCLUSION .................................................................................................... 23

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -i-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Accretive Tech. Grp., Inc. v. Adobe Sys., Inc.*,

 2015 WL 4920079 (W.D. Wash. Aug. 17, 2015) ............................................................. 15, 16

*Ashcroft v. Iqbal*,

 556 U.S. 662 (2009) ......................................................................................................... 4

*Badgett v. Sec. State Bank*,

 116 Wash.2d 563 (1991) ................................................................................................... 18

*Bell Atl. Corp. v. Twombly*,

 550 U.S. 544 (2007) ......................................................................................................... 4

*Berg v. Hudesman*,

 115 Wash.2d 657 (1990) ................................................................................................... 15

*Bishay v. Icon Aircraft, Inc.*,

 2019 WL 3337885 (E.D. Cal. July 25, 2019) ................................................................. 8

*Brewer v. Dodson Aviation*,

 447 F. Supp. 2d 1166 (W.D. Wash. 2006) ...................................................................... 5

*Brutscher v. GEICO General Ins. Co.*,

 2014 WL 7340724 (W.D. Wash. Dec. 22, 2014) ............................................................ 5

*Burton v. Time Warner Cable Inc.*,

 2013 WL 3337784 (C.D. Cal. Mar. 20, 2013) ................................................................ 4

*Buyken v. Ertner*,

 33 Wash.2d 334 (1949) ..................................................................................................... 15

*Capitol Pros, Inc. v. Vadata, Inc.*,

 2018 WL 883870 (W.D. Wash. Feb. 14, 2018) .............................................................. 17

*Cascade Auto Glass, Inc. v. Progressive Cas. Ins. Co.*,

 135 Wn. App. 760 (2006) ................................................................................................. 17

*Colaprico v. Sun Microsystems, Inc.*,

 758 F. Supp. 1335 (N.D. Cal. 1991) ............................................................................... 21

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -ii-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

*Congrove v. W. Mesquite Mines, Inc.*,

   2010 WL 11508664 (S.D. Cal. Apr. 15, 2010)....................................................... 16

*Conley v. Gibson*,

   355 U.S. 41 (1957)................................................................................................ 4

*Cooper v. Pickett*,

   137 F.3d 616 (9th Cir. 1997) ............................................................................... 7

*Covell v. Nine West Holdings, Inc.*,

   2018 WL 558976 (S.D. Cal. Jan. 25, 2018)......................................................... 9

*Craig v. Pillsbury Non–Qualified Pension Plan*,

   458 F.3d 748 (8th Cir. 2006) ............................................................................... 18

*Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*,

   719 F. Supp. 1072 (M.D. Fla. 1989).................................................................... 21

*Davis v. HSBC Bank Nevada, N.A.*,

   691 F.3d 1152 (9th Cir. 2012) ............................................................................. 10

*Daymon Worldwide Inc. v. S.C. Johnson & Son Inc.*,

   2007 WL 9776405 (W.D. Wash. Jan. 25, 2007)................................................. 21

*Dream Big Media Inc. v. Alphabet Inc.*,

   2022 WL 16579322 (N.D. Cal. Nov. 1, 2022) .................................................... 22

*Dronkers v. Kiss My Face, LLC*,

   2013 WL 12108663 (S.D. Cal. Sept. 26, 2013) .................................................. 13

*Dura Pharms., Inc. v. Broudo*,

   544 U.S. 336 (2005).............................................................................................. 13

*Eminence Capital, LLC v. Aspeon, Inc.*,

   316 F.3d 1048 (9th Cir. 2003) ............................................................................. 23

*Encore D.E.C., LLC v. APES I, LLC*,

   2015 WL 5007773(W.D. Wash. Aug. 20, 2015) ................................................ 19

*Erhart v. BofI Holding, Inc.*,

   269 F. Supp. 3d 1059 (S.D. Cal. 2017)................................................................ 23

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -iii-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

1  *Forcellati v. Hyland's, Inc.*,

2      876 F. Supp. 2d 1155 (C.D. Cal. 2012) ........................................................ 6

3  *Ford v. Hotwire, Inc.*,

4      2007 WL 6235779 (S.D. Cal. Nov. 19, 2007) .......................................... 11

5  *Fulltime Fantasy Sports, LLC v. Tedeschi*,

6      2022 WL 9354192 (W.D. Wash. Oct. 14, 2022) ...................................... 20

7  *Garner v. Amazon.com, Inc.*,

8      2022 WL 1443680 (W.D. Wash. May 6, 2022) .................................. 5, 6, 7

9  *Gottreich v. S.F. Inv. Corp.*,

10      552 F.2d 866 (9th Cir. 1977) ..................................................................... 8

11  *Haberman v. Wash. Pub. Power Supply Sys.*,

12      109 Wash.2d 107 (1987) ............................................................................ 5

13  *Hall v. Marriott Int'l, Inc.*,

14      2020 WL 4727069 (S.D. Cal. Aug. 14, 2020) ......................................... 12

15  *Hastings v. Unikrn, Inc.*,

16      12 Wash. App. 2d 1072 (2020) ................................................................ 17

17  *Herring Networks, Inc. v. AT&T Servs., Inc.*,

18      2016 WL 4055636 (C.D. Cal. July 25, 2016) ......................................... 13

19  *In re Clorox Consumer Litig.*,

20      894 F. Supp. 2d 1224 (N.D. Cal. 2012) ..................................................... 6

21  *In re Suprema Specialties, Inc. Sec. Litig.*,

22      438 F.3d 256 (3d Cir. 2006) ...................................................................... 9

23  *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,

24      505 F. Supp. 2d 609 (N.D. Cal. 2007) .................................................... 22

25  *Joseph v. J.M. Smucker Co.*,

26      2019 WL 1219708 (C.D. Cal. Mar. 13, 2019) ........................................ 20

27  *Kaiser Found. Hosps. v. Cal. Nurses Ass'n*,

28      2012 WL 440634 (N.D. Cal. 2012) ......................................................... 23

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -iv-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

*Knievel v. ESPN*,

   393 F.3d 1068 (9th Cir. 2005) ................................................................. 4

*Lilly v. ConAgra Foods, Inc.*,

   743 F.3d 662 (9th Cir. 2014) ................................................................. 10

*Martin v. Twin City Fire Ins. Co.*,

   2009 WL 902072 (W.D. Wash. Mar. 31, 2009) ................................................... 21

*Menchu v. Multnomah Cnty. Health Dep't*,

   2021 WL 2450780 (D. Or. May 3, 2021) ......................................................... 23

*Mikron Indus., Inc. v. Hurd Windows & Doors, Inc.*,

   2007 WL 3033933 (W.D. Wash. Oct. 12, 2007) ................................................... 6

*Moodie v. Remington Arms Co., LLC.*,

   2013 WL 12191352 (W.D. Wash. Aug. 2, 2013) ................................................. 20

*Morelli v. Patient Safety Techs., Inc.*,

   2015 WL 13047564 (C.D. Cal. Dec. 22, 2015) ................................................. 13

*Moussouris v. Microsoft Corp.*,

   2016 WL 4472930 (W.D. Wash. Mar. 7, 2016) ................................................. 22

*Nemykina v. Old Navy, LLC*,

   461 F. Supp. 3d 1054 (W.D. Wash. 2020) ....................................................... 8

*Nieves v. United of Omaha Life Ins. Co.*,

   2022 WL 432726 (S.D. Cal. Feb. 11, 2022) ................................................... 22

*Nihon Ki-In Go Inst. of the W. v. Nihon Ki-In*,

   2012 WL 12941689 (W.D. Wash. June 27, 2012) ............................................... 16

*Noll v. eBay, Inc.*,

   282 F.R.D. 462 (N.D. Cal. 2012) ............................................................. 11

*Norcal Waste Sys., Inc. v. Apropos Tech., Inc.*,

   2006 WL 2319085 (N.D. Cal. Aug. 10, 2006) ................................................. 16

*Odom v. Microsoft Corp.*,

   486 F.3d 541 (9th Cir. 2007) ................................................................ 10

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -v-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

*Polaris PowerLED Techs., LLC v. Nintendo Co.*,

  2022 WL 3646575 (W.D. Wash. Aug. 24, 2022) .......................................................... 21, 23

*Porras v. StubHub, Inc.*,

  2012 WL 3835073 (N.D. Cal. Sep. 4, 2012) .................................................................. 11

*Portaluppi v. Fortifi Fin., Inc.*,

  2021 WL 3269978 (C.D. Cal. July 30, 2021) ................................................................ 22

*Puget Soundkeeper All. v. APM Terminals Tacoma, LLC*,

  2020 WL 12583074 (W.D. Wash. Nov. 19, 2020) ........................................................ 19

*Reid v. Johnson & Johnson*,

  780 F.3d 952 (9th Cir. 2015) ......................................................................................... 12

*Rubenstein v. Neiman Marcus Grp. LLC*,

  687 F. App'x 564 (9th Cir. 2017) .................................................................................... 8

*S.D. Deacon Corp. of Washington v. Gaston Bros. Excavating*,

  150 Wash.App. 87 (2009) ............................................................................................. 16

*S.L. ex rel. Mary L. v. Downey Unified Sch. Dist.*,

  2014 WL 934942 (C.D. Cal. Mar. 10, 2014) ................................................................ 23

*Scheuer v. Rhodes*,

  416 U.S. 232 (1974) ......................................................................................................... 4

*Schnall v. AT & T Wireless Servs., Inc.*,

  171 Wash.2d 260 (2011) .................................................................................................. 5

*Scott v. Carr*,

  2020 WL 6381812 (W.D. Wash. Oct. 30, 2020) .......................................................... 20

*Scribner v. Worldcom, Inc.*,

  249 F.3d 902 (9th Cir.2001) .......................................................................................... 18

*Skansgaard v. Bank of Am., N.A.*,

  896 F. Supp. 2d 944 (W.D. Wash. 2011) ................................................................ 18, 19

*Smale v. Cellco Partnership*,

  547 F. Supp. 2d 1181 (W.D. Wash. 2008) .................................................................... 11

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -vi-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

*Somerset Commc'ns Grp., LLC v. Wall to Wall Advert., Inc.*,

    2014 WL 12102385 (W.D. Wash. Oct. 31, 2014) ................................ 13

*Sonner v. Schwabe N. Am., Inc.*,

    2015 WL 13307076 (C.D. Cal. Nov. 18, 2015)................................ 6

*Stanbury Law Firm v. I.R.S.*,

    221 F.3d 1059 (8th Cir. 2000) ................................ 21

*Starr v. Baca*,

    652 F.3d 1202 (9th Cir. 2011) ................................ 4

*Stein Distrib. Inc. v. Pabst Brewing Co.*, LLC,

    2017 WL 2313489 (W.D. Wash. May 26, 2017)................................ 18

*TekVisions, Inc. v. Hartford Cas. Ins. Co.*,

    2017 WL 2574022 (W.D. Wash. June 13, 2017)................................ 6

*Ten Bridges, LLC v. Midas Mulligan, LLC*,

    522 F. Supp. 3d 856 (W.D. Wash. 2021)................................ 14

*United Fin. Cas. Co. v. Coleman*,

    173 Wash.App. 463 (2012)................................ 15

*Vernon v. Qwest Commc'ns Int'l, Inc.*,

    643 F. Supp. 2d 1256 (W.D. Wash. 2009)................................ 20

*Vess v. Ciba– Geigy Corp. USA*,

    317 F.3d 1097 (9th Cir. 2003) ................................ 7

*Walters v. Vitamin Shoppe Indus., Inc.*,

    701 F. App'x 667 (9th Cir. 2017)................................ 11

*Williams v. Gerber Prod. Co.*,

    552 F.3d 934 (9th Cir. 2008) ................................ 10

*Winnemucca Farms, Inc. v. Eckersell*,

    2010 WL 1416881 (D. Nev. Mar. 31, 2010) ................................ 20

*Woodward v. Taylor*,

    184 Wash.2d 911 (2016)................................ 5

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -vii-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................................................ 3

Cal. Bus. & Prof. Code § 17500 ................................................................................................ 3

Cal. Civ. Code § 1750 ................................................................................................................ 3

RCW 19.86.010 ......................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(b) ................................................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 4, 16

Fed. R. Civ. P. 12(f) .............................................................................................................. 1, 21

Fed. R. Civ. P. 8 ........................................................................................................................ 4

Fed. R. Civ. P. 8(d)(2) .............................................................................................................. 20

Fed. R. Civ. P. 9(b) ........................................................................................................... 7, 8, 10

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -viii-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

# I. **INTRODUCTION**

Plaintiff Dena Griffith ("Plaintiff") brings this consumer protection class action against Defendant Amazon.com, Inc. ("Defendant" or "Amazon") alleging that Amazon charges a deceptive "service fee" in connection with grocery deliveries from Whole Foods Market.

Amazon offers a service called Amazon Prime, which is a paid subscription service that gives users access to additional services otherwise unavailable or available only at a premium to other Amazon customers. *See* Dkt. No. 47, Plaintiff's Consolidated Amended Complaint ("CAC") ¶ 7. Amazon charges its customers approximately $14.99 per month or $139 per year for an Amazon Prime membership. CAC ¶ 8.

One of the advertised benefits of the Amazon Prime service is that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," including grocery deliveries from Whole Foods Market. CAC ¶ 9. However, in approximately October of 2021, Amazon began charging its customers— including its Prime member customers— a $9.95 "service fee" for all grocery deliveries from Whole Foods Market. CAC ¶ 13. This $9.95 service fee is obscured during the online ordering process and Amazon engages in a bait-and-switch advertising scheme by not disclosing the $9.95 service fee along with the advertised price of the Whole Foods grocery items. CAC ¶ 15. Separately, Amazon has breached its contracts with Prime members by unilaterally rescinding the free Whole Foods Market delivery service. CAC ¶ 121-122.

Amazon now moves to dismiss Plaintiff's CAC based on a myriad of reasons, none of which this Court should find persuasive. Specifically, Amazon argues that (1.) Washington law governs this dispute and therefore the California claims should be dismissed; (2.) Plaintiff fails to allege a claim for misrepresentation or unfair conduct, and (3.) Plaintiff's contract, quasi contract, and declaratory relief claims fail. Additionally, Amazon argues that certain allegations in the CAC should be stricken under Federal Rule of Civil Procedure 12(f). However, each of these arguments should be rejected. For the reasons set forth below, Amazon's Motion to Dismiss (Dkt. No. 51) ("MTD") should be denied in its entirety.

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -1-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

## II. **BACKGROUND**

Plaintiff filed the operative CAC on October 25, 2022 (Dkt. No. 47) following the Court's Order consolidating cases and appointing interim class counsel. (Dkt. No. 45). Plaintiff's CAC generally asserts three different theories of liability against Amazon.

First, Plaintiff alleges that Amazon has engaged in deceptive advertising by representing that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," including grocery deliveries from Whole Foods Market. CAC ¶ 9. "Amazon makes these representations on the Amazon website and in television and print advertisements." *Id.* The CAC provides specific examples of Amazon's "FREE Delivery" and "FREE 2-Hour Grocery Delivery" advertisements. CAC ¶¶ 9-11. Plaintiff alleges that these advertisements are false and misleading because Amazon began charging its customers a $9.95 service fee "for all grocery deliveries from Whole Foods Market." CAC ¶ 13.

Second, Plaintiff alleges that "Amazon engages in a bait-and-switch advertising scheme by not disclosing the $9.95 service fee along with the advertised price of the Whole Foods grocery items." CAC ¶ 15. For example, "[t]he first page of the Whole Foods delivery section on Amazon's website displays various grocery items alongside the advertised price of the items." CAC ¶ 16. However, "[n]owhere on this initial webpage is the $9.95 service fee disclosed[.]" *Id.* "If a consumer then clicks on the desired grocery item, the next webpage states in opaque text '$9.95 for 2-hour delivery.' This text is in small font and is unlikely to be noticed by a reasonable consumer. Moreover, the text is in smaller font and in a different color than the advertised price of the grocery item[.]" CAC ¶ 17. "Once the consumer clicks on the 'add to cart' icon, there is a series of webpages asking for payment and delivery information before the consumer arrives at the final 'place your order' page." CAC ¶ 18. "On the 'place your order' page, the service fee is shown in small text above the total price of the delivery that is unlikely to be noticed by a reasonable consumer." *Id.* Plaintiff alleges that "Amazon's practice of initially advertising only part of a price and then later revealing the service fee as the consumer completes the buying process has been labeled 'drip pricing' by the Federal Trade Commission ('FTC')." CAC ¶ 19.

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -2-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Third, Plaintiff separately alleges that Amazon has breached its contracts with Amazon Prime members by charging the $9.95 service fee for Whole Foods Market grocery deliveries. CAC ¶ 121. Plaintiff alleges that "Amazon's representations that it offers 'FREE Delivery' and 'FREE 2-hour grocery Delivery' from Whole Foods Market are terms that were integrated into the Amazon prime membership contract" (CAC ¶ 121) and that Amazon "breached the contract when Amazon rescinded free Whole Foods Market delivery with a minimum $35 purchase." CAC ¶ 122. Plaintiff also alleges that "[t]he imposition of the $9.95 service fee constituted a modification of the contract with Amazon without consideration to Plaintiff and the Class Members." CAC ¶ 123. Moreover, Plaintiff alleges that Amazon breached the covenant of good faith and fair dealing "[b]y failing to perform under the contract by continuing to provide Plaintiff with free Whole Foods Market delivery with a minimum $35 purchase during the duration of Plaintiff's annual contract." CAC ¶ 128.

Plaintiff is an Amazon Prime member "who read and relied on Amazon's online advertisements that Prime members will receive 'FREE Delivery' and 'FREE 2-Hour Grocery Delivery.'" CAC ¶ 24. "On January 22, 2022, Plaintiff made an online order for a Whole Foods grocery delivery from the Amazon website and was charged a $9.95 service fee." CAC ¶ 25. "Plaintiff Griffith was deceived by and relied upon Defendant's misleading bargain and bait advertising, and specifically the hidden and deceptive nature of the service fee and the fact that Amazon advertises that Prime members will receive 'FREE Delivery' and 'FREE 2-Hour Grocery Delivery.'" CAC ¶ 26.

Plaintiff's CAC brings the following claims against Amazon (1.) Violations of the Washington Consumer Protection Act, RCW 19.86.010, *et seq.* ("WCPA") (2.) Violations of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"); (3.) Violations of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"); (4.) Violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (5.) unjust enrichment/quasi contract; (6.) negligent misrepresentation; (7.) concealment/ non-disclosure; (8.) fraud; (9.) breach of contract; (10.) breach of duty of good faith and fair dealing, and; (11.) declaratory relief.

## III.  **LEGAL STANDARD**

A pleading that sets forth a claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the purpose of pleading a "short and plain statement of the claim" is merely to "give Defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Federal Rule of Civil Procedure 12(b) states that "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). However, Rule 12(b) does provide seven defenses that a party may "assert….by motion." *See* Fed. R. Civ. P. 12(b).  Among the available defenses under Rule 12(b) is a defense "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept "allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Thus, to survive a motion to dismiss, a Plaintiff is required to allege only "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "The Ninth Circuit has clarified that (1) a complaint must 'contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively,' and (2) 'the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Burton v. Time Warner Cable Inc.*, No. CV 12-06764 JGB AJWX, 2013 WL 3337784, at *2 (C.D. Cal. Mar. 20, 2013) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -4-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

## IV.  ARGUMENT

**A.  The California Claims Should Not be Dismissed Because the Court Should Not Decide Choice of Law Issues at this Stage of the Litigation**

Amazon first argues that its Conditions of Use ("COUs") "require the application of Washington law and foreclose Plaintiff's California state law claims under the CLRA, UCL, and FAL." MTD at 6.  According to Amazon, the COUs "include an 'Applicable Law' clause, providing that Washington law governs 'any dispute of any sort that might arise between you and Amazon.'" *Id*.

As an initial matter, Plaintiff's California claims under the CLRA, UCL, and FAL arise in tort rather than contract. "Whether claims arising in tort are controlled by a choice-of-law provision in a related contract is not entirely clear under Washington law." *Garner v. Amazon.com, Inc.*, No. C21-0750RSL, 2022 WL 1443680, at *4 (W.D. Wash. May 6, 2022) ("*Garner*") (comparing *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wash.2d 107, 159, 744 P.2d 1032 (1987) with *Schnall v. AT & T Wireless Servs., Inc.*, 171 Wash.2d 260, 269, 259 P.3d 129 (2011)). Because Plaintiff's claims arise in tort, the Court should conduct a choice of law analysis based on Washington's "most significant relationship" test. *Garner*, 2022 WL 1443680, at *4 (citing *Woodward v. Taylor*, 184 Wash.2d 911, 917, 366 P.3d 432 (2016)).

"Washington's choice of law analysis follows the general principles enunciated in the Restatement (Second) of Conflict of Laws § 6 and § 145." *Brutscher v. GEICO General Ins. Co.*, 2014 WL 7340724, at *2 (W.D. Wash. Dec. 22, 2014). Under that analysis, where state laws conflict, the Court must evaluate "the interests and public policies of potentially concerned jurisdictions." *Id*. In determining the state with the most significant relationship to the occurrence and the parties, the court considers "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Brewer v. Dodson Aviation*, 447 F. Supp. 2d 1166, 1175-76 (W.D. Wash. 2006).

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -5-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Here, the Court need not conduct a full-blown choice of law analysis at this stage of the litigation. Whether the "significant relationship" test requires application of Washington law is a fact-intensive inquiry that requires discovery. *See, e.g.*, *Mikron Indus., Inc. v. Hurd Windows & Doors, Inc.*, No. C07-0532RSL, 2007 WL 3033933, at *2 (W.D. Wash. Oct. 12, 2007) ("the record is insufficiently developed to provide the necessary facts to permit the Court to conduct a choice of law analysis. Accordingly, the Court finds that a conflict of law analysis would be premature at this point in the proceedings."); *TekVisions, Inc. v. Hartford Cas. Ins. Co.*, No. 16-1946-RAJ, 2017 WL 2574022, at *2 (W.D. Wash. June 13, 2017) ("The Court agrees with Hartford that engaging in a choice of law analysis would be premature, as the relevant legal analysis requires determining whether Washington or California has the most significant relationship to the conflict and parties. This analysis requires further development of the record.") (internal citation omitted); *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) ("Since the parties have yet to develop a factual record, it is unclear whether applying different state consumer protection statutes could have a material impact on the viability of Plaintiffs' claims."); *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012) ("Until the Parties have explored the facts in this case, it would be premature to speculate about whether the differences in various states' consumer protection laws are material in this case."); *Sonner v. Schwabe N. Am., Inc.*, No. EDCV1501358VAPSPX, 2015 WL 13307076, at *9 (C.D. Cal. Nov. 18, 2015) ("A detailed choice-of-law analysis would be inappropriate" on a motion to strike).

Although the Court in *Garner* disagreed "that a choice of law cannot be made at the pleading stage," *Garner*, 2022 WL 1443680, at *4, the facts of that case are distinguishable. In *Garner*, the Plaintiffs did not identify any "facts that need to be discovered" to assist the Court with a choice of law analysis. *Id.* In contrast, there are several pertinent facts that could be uncovered during the discovery process. These facts include whether the Washington choice of law provision was contained in all versions of the COUs applicable during the class period and whether Plaintiff and the class members had notice of the COUs through their use of the Amazon website.

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -6-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

The underlying facts of the *Garner* case are also distinguishable. In *Garner*, the plaintiffs alleged various state law wiretap claims in connection with the alleged recording of conversations by the Amazon Alexa device. *Garner*, 2022 WL 1443680, at *1. The *Garner* court applied the "most significant relationship" test and found that Washington law applies to the plaintiffs' claims. *Id.* at *5. In making this determination, the Court noted that "the design, marketing, and sale of products that unlawfully record conversations" occurred in the state of Washington and that Washington was the location where "the millions" of devices were sold. *Id.* Unlike *Garner*, this is not an invasion-of-privacy case. Instead, Plaintiff and each class member would have accessed the Amazon website in their respective state of citizenship to place Whole Foods Market grocery deliveries. These grocery orders would have been delivered from a local brick-and-mortar Whole Foods Market located in Plaintiff and the class members' respective states. It is unclear at this stage whether the "most significant relationship" test requires application of Washington law without a further developed factual record. Accordingly, the Court should decline to dismiss Plaintiff's claims under the CLRA, UCL, and FAL.

**B.      The Complaint Adequately Alleges Claims for Misrepresentation and Unfair Conduct**

Amazon next argues that Plaintiff's Fraud-based Claims under the WCPA, CLRA, FAL, and UCL, and for negligent misrepresentation, concealment, and fraud should be dismissed. MTD at 9. In support of this contention, Amazon argues (1.) that the CAC fails to comply with Rule 9(b); (2.) Plaintiff does not allege misrepresentations or unfair conduct, and (3.) Plaintiff fails to allege reliance, causation, and injury. For the reasons set forth below, each of these arguments is without merit.

*1.      The Complaint Satisfies Rule 9(b)*

Rule 9(b) requires that allegations of fraud be accompanied by the "who, what, when, where, and how." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Allegations of fraud or mistake need only be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba– Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Gottreich v. S.F. Inv. Corp.*,

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -7-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

552 F.2d 866, 866 (9th Cir. 1977) (a pleading "is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.").Satisfying consumer protection claim pleading standards, "even where pleading is subject to Rule 9(b), is not particularly onerous." *Bishay v. Icon Aircraft, Inc.*, No. 2:19-CV-00178-KJM-AC, 2019 WL 3337885, at *6 (E.D. Cal. July 25, 2019) (citing *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 566 (9th Cir. 2017)) "As an initial matter, a plaintiff is not required to proffer evidence at the pleading stage, even for fraud; plausible allegations will suffice." *Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1059 (W.D. Wash. 2020).

Here, Plaintiff's allegations satisfy Rule 9(b) because they are sufficiently precise to allow Amazon to understand the nature of the nature of the allegations and to frame a responsive pleading. These allegations identify Amazon's fraudulent misrepresentations and omissions, where and when the misrepresentations and omissions were made, and explain why they are false.

**Who:** The CAC specifically identifies Amazon as the entity that offers the Amazon Prime service. CAC ¶ 7. The CAC alleges that "Amazon charges its customers approximately $14.99 per month or $139 per year for an Amazon Prime membership." CAC ¶ 8. The CAC also identifies Amazon as the company that "acquired Whole Foods Market and continues to own Whole Foods Market." CAC ¶ 10.

**What:** The CAC alleges that "Amazon offers its prime members 2-hour grocery delivery from Whole Foods Market" and that "Amazon advertises that its Prime members will receive 'FREE Delivery' and 'FREE 2-Hour Grocery Delivery,' including for grocery deliveries from Whole Foods Market." CAC ¶¶ 11-12. Plaintiff alleges that these advertisements are false because Amazon charges Prime members a $9.95 service fee for Whole Foods Market Grocery deliveries. CAC ¶ 13. The CAC also describes the online ordering process for Whole Foods Market grocery deliveries. CAC ¶¶ 15-19.

**When:** The CAC alleges that "[i]n approximately October of 2021, Amazon began charging its customers— including its Prime member customers— a $9.95

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -8-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

"service fee" for all grocery deliveries from Whole Foods Market. CAC ¶ 13. The CAC also alleges that "[o]n January 22, 2022, Plaintiff made an online order for a Whole Foods grocery delivery from the Amazon website and was charged a $9.95 service fee." CAC ¶ 25.

**Where:** The CAC alleges that Amazon's "FREE Delivery" and "FREE 2-Hour Grocery Delivery" advertisements appeared "on the Amazon website and in television and print advertisements." CAC ¶ 9. The CAC provides examples of the advertisements from the Amazon website. CAC ¶ 9. Additionally, the CAC alleges that Plaintiff "read and relied on Amazon's online advertisements that Prime members will receive 'FREE Delivery' and 'FREE 2-Hour Grocery Delivery.'" CAC ¶ 24.

**How:** Plaintiff alleges that she was misled by Amazon's advertisements and that she purchased grocery items from Amazon "in reliance on the false and deceptive bargain and bait advertising and without knowledge of the true amount being charged based on Defendant's deceptive advertising and buried service fee." CAC ¶ 26. Plaintiff also alleges that she would not have placed her online grocery order and would not have paid as much as she had for the grocery order, in the absence of Defendant's misrepresentations and omissions." CAC ¶ 29.

Amazon essentially ignores the allegations set forth in the CAC because the CAC provides "all of the essential factual background that would accompany the first paragraph of any newspaper story – that is the 'who, what, when, where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006) (citations omitted); *Covell v. Nine West Holdings, Inc.*, 2018 WL 558976, at *4 (S.D. Cal. Jan. 25, 2018) ("It is enough for now that Plaintiff has adequately pled a plausible theory of why Nine West's price tags might be misleading—whether they actually are misleading is a matter for another day."). The CAC contains sufficient identification of the circumstances constituting the alleged misrepresentations and omissions to permit Amazon to defend against the charges. The additional details demanded

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -9-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

by Amazon are not required to satisfy Rule 9(b). *Odom v. Microsoft Corp.*, 486 F.3d 541, 555 (9th Cir. 2007).

### 2. The Complaint Adequately Pleads Unlawful Misrepresentations, Omissions, and Unfair Conduct

Amazon argues that its "FREE Delivery" and "FREE 2-Hour Grocery Delivery" advertisements are not likely to mislead a reasonable consumer because Amazon purportedly discloses its $9.95 service fee. MTD at 12-14. Amazon's argument fails because whether or not a reasonable consumer would be misled "is a question of fact not appropriate for determination [on a motion to dismiss]." *See Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012); *Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 665 (9th Cir. 2014).

Notwithstanding, Amazon's argument mises the mark. As an initial matter, Amazon's "FREE Delivery" and "FREE 2-Hour Grocery Delivery" advertisements would certainly induce a reasonable consumer to sign up for the Amazon Prime service or continue use of the service. As alleged in the CAC, "Amazon charges its customers approximately $14.99 per month or $139 per year for an Amazon Prime membership." CAC ¶ 8. The CAC also alleges that "Plaintiff and the Class relied upon and were deceived by the Defendant's unfair and deceptive misrepresentations of material fact in deciding to enter into contracts or continue doing business with Defendant" and that "[b]uyers such as Plaintiff and members of the Class would have acted differently knowing that the Defendant charges a service fee in connection with grocery deliveries from Whole Foods Market." CAC ¶ 51.

Even if Amazon did provide notice of the service fee, this fact does not cure Amazon's advertisements that explicitly promise "FREE Delivery" and "FREE 2-Hour Grocery Delivery." In *Williams,* the Ninth Circuit stated that "[w]e disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Williams*, 552 F.3d at 939. The same reasoning applies here. A reasonable consumer should not be expected to look beyond Amazon's misleading "FREE Delivery" and "FREE 2-Hour Grocery Delivery"

advertisements to discover the truth from small print that is buried in Amazon's COUs or in an email that consumers are unlikely to open. *See Walters v. Vitamin Shoppe Indus., Inc.*, 701 F. App'x 667, 670 (9th Cir. 2017) (plaintiff "did not have a duty to validate claims on the front of a product's label by cross-checking them against information contained in small print on the back[.]").

The cases cited by Amazon are readily distinguishable. For example, Amazon cites to *Porras v. StubHub, Inc.*, No. C 12-1225 MMC, 2012 WL 3835073 (N.D. Cal. Sep. 4, 2012). In *Porras*, the Plaintiff alleged that StubHub's "Fan Protect Guarantee" was misleading. *Id.* at *1. However, the plaintiff in *Porras* conceded that "StubHub's ... FanProtect Guarantee acknowledges that tickets may not be valid or authentic[.]" *Id.* at *5. In contrast, Amazon's "FREE Delivery" and "FREE 2-Hour Grocery Delivery" advertisements do not acknowledge or disclose that consumers will be charged a $9.95 service fee. CAC ¶ 9. Amazon also cites to *Ford v. Hotwire, Inc.*, No. 07-CV-1312 H (NLS), 2007 WL 6235779, at *4 (S.D. Cal. Nov. 19, 2007). However, in *Ford*, "Hotwire expressly states that its quoted rate does not include certain charges, such as resort fees, that a hotel may impose directly." *Ford*, 2007 WL 6235779, at *4. Unlike in *Ford*, "FREE Delivery" and "FREE 2-Hour Grocery Delivery" advertisements do not disclose that a $9.95 service fee will be charged.

Amazon's reliance on *Smale v. Cellco Partnership*, 547 F. Supp. 2d 1181, 1183 (W.D. Wash. 2008), is also unpersuasive because the defendant unambiguously disclosed that it "reserves the right to assess additional fees." *Id.* at 1185-88. In contrast, Amazon's advertisements do not state that Amazon reserves the right to charge additional fees. Instead, the advertisements state that Prime members will receive "FREE 2-Hour Grocery Delivery." CAC ¶ 9. Moreover, as acknowledged by Amazon, the COUs on Amazon's website do not disclose the terms of the service fee; rather, the COUs simply state that "Amazon may choose in its sole discretion to add or remove Prime membership benefits." MTD at 13. *See Noll v. eBay, Inc.*, 282 F.R.D. 462, 466 (N.D. Cal. 2012) (distinguishing *Smale* because "the Verizon customer agreement specifically stated that Verizon could charge other unnamed fees" whereas the eBay user agreement at issue stated that "you will be charged based on our Fees schedule, which we may change from time to time.").

Amazon also argues that Plaintiff's omission theory should be dismissed "because there is nothing deceptive or 'hidden' about Amazon's checkout process." MTD at 14. Amazon is incorrect. The CAC alleges that "Amazon engages in a bait-and-switch advertising scheme by not disclosing the $9.95 service fee along with the advertised price of the Whole Foods grocery items." CAC ¶ 15. It is only later in the check out process where the Amazon website "states in opaque text '$9.95 for 2-hour delivery.'" CAC ¶ 17. "This text is in small font and is unlikely to be noticed by a reasonable consumer. Moreover, the text is in smaller font and in a different color than the advertised price of the grocery item[.]" CAC ¶ 17.

Plaintiff's omission theory is on all fours with *Hall v. Marriott Int'l, Inc.*, 2020 WL 4727069 (S.D. Cal. Aug. 14, 2020). In *Hall*, the plaintiff alleged that Marriott failed to disclose a mandatory resort fee on the initial webpage showing the advertised price of a hotel room. *Id*. at *8. Although the defendant argued "that the consumer is twice informed of the resort fee before committing to a reservation" the plaintiff argued that "quoted room rate (which does not mention a resort fee) is the price consumers see along with all other advertised hotel room rates[,] ... which baits and lures consumers in and causes them to select a hotel with a perceived low price." *Id*. The *Hall* court held that "[t]aking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, as the Court must at this stage, the Court cannot conclude as a matter of law that the alleged failure to disclose the resort fee until a consumer is invested in the booking process would not deceive a reasonable consumer." *Id*. The same is true here. Amazon's initial webpage does not disclose the existence of the service fee, which baits and lures consumers into purchasing grocery items at a perceived low price. It is only later in the ordering process that Amazon switches the price by tacking on the service fee.

For the same reasons discussed above, Plaintiff also pleads unfair conduct under the UCL and the WCPA. Plaintiff pleads that Amazon's conduct is "immoral, unethical, unscrupulous, or substantially injurious to consumers" under the UCL (CAC ¶ 82) and that Amazon's conduct is unfair under the WCPA. CAC ¶ 50. "Determining whether a defendant's conduct was unfair raises questions of fact that are appropriate for resolution on a motion to dismiss only in rare situations." *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). This is not such a rare situation

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -12-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

because the CAC adequately alleges Amazon's unfair conduct, which must be accepted as true at the pleadings stage.

### 3. Plaintiff Alleges Reliance, Causation, and Injury

Amazon next argues that Plaintiff fails to plead reliance. MTD at 17. Not so. The CAC alleges that Plaintiff "read and relied on Amazon's online advertisements that Prime members will receive 'FREE Delivery' and 'FREE 2-Hour Grocery Delivery.'" The CAC also alleges that "Plaintiff would not have placed her online grocery order and would not have paid as much as she had for the grocery order, in the absence of Defendant's misrepresentations and omissions." CAC ¶ 29. Furthermore, the CAC alleges that "[h]ad Defendant not violated Washington and California law, Plaintiff would not have been injured as she was" and that "Plaintiff was also unable, and will not be able in the future, to effectively compare grocery delivery prices when purchasing from Amazon's website due to Amazon's initial deception of advertising grocery prices that are less than what a consumer will ultimately pay." CAC ¶ 29.

These allegations are sufficient at the pleadings stage. *See*, *e.g.*, *Morelli v. Patient Safety Techs., Inc.*, No. CV154162PSGAGRX, 2015 WL 13047564, at *8 (C.D. Cal. Dec. 22, 2015) (reasonable reliance "is a factual question not amenable to determination at the motion to dismiss stage."); *Herring Networks, Inc. v. AT&T Servs., Inc.*, No. 216CV01636CASAGR, 2016 WL 4055636, at *12 (C.D. Cal. July 25, 2016) ("[t]he Court notes that reliance is generally considered to be a question of fact rarely amenable to resolution at the pleadings stage."); *Somerset Commc'ns Grp., LLC v. Wall to Wall Advert., Inc.*, No. C13-2084-JCC, 2014 WL 12102385, at *7 (W.D. Wash. Oct. 31, 2014) (finding plaintiff's "allegations sufficiently plead reliance, especially at this motion to dismiss stage, at which the Supreme Court only requires that the complaint 'provide the defendant with some indication of the loss and the casual connection that the plaintiff has in mind[.]") (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)); *In re Google AdWords Litig.*, No. C 08-03369 JW, 2011 WL 7109217, at *3 (N.D. Cal. Mar. 17, 2011) (finding allegation that plaintiffs "expended money on advertising that they would not otherwise have spent" sufficient to plead justifiable reliance); *Dronkers v. Kiss My Face, LLC*, No. 12CV1151 JAH (WMC), 2013 WL 12108663, at *7 (S.D. Cal. Sept. 26, 2013) (finding allegations that plaintiff

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -13-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

"relied on Defendant's representations that Kiss My Face personal care products he purchased were organic ... and but for those representations, Plaintiff would not have purchased or paid for such products" sufficient to plead reliance).

Amazon further argues that Plaintiff's WCPA claim should be dismissed because Plaintiff fails to plead causation. MTD at 17-18. This is also incorrect. The CAC alleges that "[i]nstead of receiving the benefit of a free delivery as advertised, Plaintiff paid a $9.95 service fee." CAC ¶ 28. The CAC also alleges that "Plaintiff would not have placed her online grocery order and would not have paid as much as she had for the grocery order, in the absence of Defendant's misrepresentations and omissions" and that "Plaintiff has suffered a concrete, tangible, injury in fact caused by Defendant's wrongful acts and omissions." CAC ¶ 28. These allegations are sufficient because but for Amazon's violations of the WCPA, Plaintiff would not have paid the $9.95 service fee. *See Ten Bridges, LLC v. Midas Mulligan, LLC*, 522 F. Supp. 3d 856, 870 (W.D. Wash. 2021) (finding causation to be adequately alleged because "Madrona pleads that but for Ten Bridges' violation of the CPA, it would not have had to incur and pay the legal fees.").

Amazon's argument that Plaintiff was somehow aware of the $9.95 service fee goes beyond the four corners of the complaint.[1] The CAC does not allege that Plaintiff had knowledge of the $9.95 service fee before placing her grocery order. To the contrary, the CAC alleges that "Plaintiff reasonably assumed that her grocery delivery order would conform to the advertised price and be free of unlawful or hidden charges." CAC ¶ 28. Accordingly, the Court should decline to dismiss Plaintiff's Fraud-based claims.

### C. Plaintiff Adequately Pleads Breach of Contract and Quasi-Contract Claims

Amazon next seeks to dismiss Plaintiff's claims for breach of contract, breach of good faith and fair dealing, and quasi contract. MTD at 18-21. As discussed below, Plaintiff adequately states a claim for each of these causes of action.

---

[1] Amazon argues that it sent an email announcement in September of 2021 notifying Prime members of the $9.95 service fee. MTD at 3. For the reasons discussed in Plaintiff's Opposition to Defendant's Request for Judicial Notice, the Court should decline to consider the purported email announcement. Plaintiff does not allege that she was aware of the email announcement or that she had notice of the $9.95 service fee prior to placing her grocery delivery order.

### 1. *Plaintiff Alleges Breach of Contract*

Amazon argues that "Plaintiff's contract claim fails because she never identifies what contractual provision Amazon allegedly breached." MTD at 18. However, Plaintiff alleges that "Plaintiff and Class Members entered into a contract with Amazon for a Prime membership that included free Whole Foods Market delivery with a minimum $35 purchase for a yearly fee of $119" and that "Amazon's representations that it offers 'FREE Delivery' and 'FREE 2-hour grocery delivery' from Whole Foods Market are terms that were integrated into the Amazon prime membership contract." CAC ¶ 121.

Here, Plaintiff clearly alleges that free Whole Foods Market deliveries was a term that was integrated into the applicable contract. "Under Washington law, the parol evidence rule requires that 'all conversations and parol agreements between the parties prior to a written agreement are so merged therein that they cannot be given in evidence for the purpose of changing the contract or showing an intention or understanding different from that expressed in the written agreement.'" *Accretive Tech. Grp., Inc. v. Adobe Sys., Inc.*, No. C15-309RSM, 2015 WL 4920079, at *4 (W.D. Wash. Aug. 17, 2015) ("*Accretive*") (quoting *United Fin. Cas. Co. v. Coleman*, 173 Wash.App. 463, 471–72, 295 P.3d 763 (2012) and *Buyken v. Ertner*, 33 Wash.2d 334, 342, 205 P.2d 628 (1949)). "The parol evidence rule, however, 'only applies to a writing intended by the parties as an 'integration' of their agreement, i.e. a writing intended as a final expression of the agreement's terms.'" *Id.* (quoting *Berg v. Hudesman*, 115 Wash.2d 657, 670, 801 P.2d 222 (1990)). "Where a contract is only partially integrated, i.e., the writing is a final expression of those terms which it contains but not a complete expression of all terms agreed upon, the terms not included in the writing may be proved by extrinsic evidence provided that the additional terms are not inconsistent with the written terms." *Id.*

In *Accretive,* the defendant argued that the court could not consider extra-contractual representations because the contract was fully integrated. *Id.* Here, Amazon does not argue that the applicable contract is fully integrated. It is not. Neither the Amazon Prime Terms and Conditions attached to the CAC nor the Amazon Conditions of Use attached to Amazon's Request for Judicial Notice contain an integration clause. *See* CAC at Ex. 1; Buckley Decl., ¶ 2 & Ex. A.

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -15-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Indeed, "integration of a contract is generally a question of fact." *Accretive*, 2015 WL 4920079, at *5 (citing *S.D. Deacon Corp. of Washington v. Gaston Bros. Excavating*, 150 Wash.App. 87, 93, 206 P.3d 689 (2009)). "In determining whether an agreement is integrated, 'the court may consider evidence of negotiations and circumstances surrounding the formation of the contract.'" *Id.* (citations omitted). In this case, such evidence would include Amazon's representations about "FREE Delivery" and "FREE 2-hour grocery delivery" from Whole Foods Market.

Like in *Accretive,* "[w]hether or not the Agreement has been fully integrated is in dispute." *Id.* The court held that it "cannot, at this juncture, 'consider evidence of negotiations and circumstances surrounding the formation of the contract,' nor can it determine questions of fact. Instead, the Court must accept as true the facts of the Complaint. The Court thus assumes that the Agreement was partially integrated for purposes of this 12(b)(6) Motion, allowing for consideration of extrinsic terms not inconsistent with the written terms of the Agreement." *Id.* (citing *Berg*, 115 Wash.2d at 670, 801 P.2d 222). Likewise, at the pleadings stage, this Court should find Plaintiff's allegations that "FREE Delivery" and "FREE 2-hour grocery delivery" from Whole Foods Market are terms that are integrated into the contract to be plausible. *See, e.g.*, *Nihon Ki-In Go Inst. of the W. v. Nihon Ki-In*, No. C12-0804RSL, 2012 WL 12941689, at *1 (W.D. Wash. June 27, 2012) ("[t]aking plaintiff's allegations as true, the contract between the parties was partially integrated, with the oral component supporting plaintiff's claims."); *Norcal Waste Sys., Inc. v. Apropos Tech., Inc.*, No. C 06-3410 CW, 2006 WL 2319085, at *5 (N.D. Cal. Aug. 10, 2006) ("[I]n order for the Court to decide, as Defendant urges, that the License Agreement was intended by the parties to be a final and complete expression of their agreement, the Court would have to consider preliminarily all credible parol evidence, including all evidence relating to the allegations in Plaintiff's complaint. Such an analysis is not possible on Defendant's Rule 12(b)(6) motion."); *Congrove v. W. Mesquite Mines, Inc.*, No. 08-CV-01191-H (PCL), 2010 WL 11508664, at *4 (S.D. Cal. Apr. 15, 2010) ("For purposes of this motion to dismiss, the Court cannot conclude that the Agreement between the parties is considered integrated.").

Plaintiff also alleges that "[t]he imposition of the $9.95 service fee constituted a modification of the contract with Amazon without consideration to Plaintiff and the Class Members." CAC ¶ 123. Amazon disputes this allegation on two grounds.

First, Amazon argues that it "acted consistently with, and did not modify, the Prime Terms." MTD at 19. This is incorrect. Although the COUs provide that "[f]rom time to time, Amazon may choose in its sole discretion to add or remove Prime membership benefits" and "may in our discretion change these Terms … or any aspect of Prime membership, without notice to you" (CAC, Ex. 1 at 2), the "FREE Delivery" and "FREE 2-hour grocery delivery" from Whole Foods Market are terms that are integrated into the contract as discussed above. Amazon did not simply "add or remove benefits" or change its terms. Instead, Amazon breached the contract by charging an additional service fee above and beyond the price of the Prime membership for the Whole Foods Market delivery service.[2]

Second, Amazon argues that it was allowed to modify the terms of the agreement because the contract is a "terminable-at-will contract." MTD at 19. This is also incorrect. A terminable-at-will contract exists only when a party receives notice of a modification **and** has the right to terminate the agreement. *See Capitol Pros, Inc. v. Vadata, Inc.*, 2018 WL 883870, at *3 (W.D. Wash. Feb. 14, 2018) ("When Plaintiff received notice of unilateral modification, it had the choice to preserve the benefit of continued business with Defendant by continuing to perform instead of terminating the agreement. Foregoing the right to terminate constitutes sufficient consideration in the context of unilateral modification.") (internal citation omitted). Here, the CAC does not allege that Plaintiff had notice of the modification and "[w]hether particular notice was reasonable is ordinarily a question of fact." *Hastings v. Unikrn, Inc.*, 12 Wash. App. 2d 1072 (2020) (quoting *Cascade Auto Glass, Inc. v. Progressive Cas. Ins. Co.*, 135 Wn. App. 760, 767, 145 P.3d 1253 (2006)). Even if Amazon did provide reasonable notice (which the CAC does not allege),

---

[2] For this reason, the "FREE Delivery" and "FREE 2-hour grocery delivery" terms are also not inconsistent with the terms of the written contract and may be considered integrated. *See Accretive*, 2015 WL 4920079, at *5.

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -17-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Amazon's argument fails because Plaintiff certainly did not have the right to terminate the agreement. Amazon's cancellation policy for its Prime membership service states:

> If you signed-up for your Prime membership directly through us, you may cancel your Prime membership any time by visiting Your Account and adjusting your membership settings. If you cancel within 3 business days of signing up for or converting from a free trial to a paid membership, we will refund your full membership fee; provided that we may charge you (or withhold from your refund) the value of Prime benefits used by you and your account during this 3-business day period. ***If you cancel at any other time, we will refund your full membership fee only if you and your account did not make any eligible purchases or take advantage of Prime benefits since your latest Prime membership charge***.

CAC at Ex. 1 (emphasis added). Under this cancellation policy, Prime members who wanted to cancel their membership due to the imposition of the service fee, but who had used Amazon's Prime service even once during their annual membership would not be allowed to terminate the agreement and receive a refund. Because there is no right to terminate the agreement, Amazon breached the contract by unilaterally modifying the agreement without consideration. *See Stein Distrib. Inc. v. Pabst Brewing Co.*, LLC, No. C17-5150-RBL, 2017 WL 2313489, at *4 (W.D. Wash. May 26, 2017) (finding that a contract was not terminable at will because "[t]he parties' contract explicitly sets forth when Pabst may cancel it."). Accordingly, the Court should find that Plaintiff states a claim for breach of contract.

### 2. *Plaintiff Alleges Breach of Good Faith and Fair Dealing*

The "'implied duty of good faith and fair dealing' in every contract 'obligates the parties to cooperate with each other so that each may obtain the full benefit of performance.'" *Skansgaard v. Bank of Am., N.A.*, 896 F. Supp. 2d 944, 948 (W.D. Wash. 2011) (quoting *Badgett v. Sec. State Bank*, 116 Wash.2d 563, 569, 807 P.2d 356 (1991)). "Ordinary contract principles require that, where one party is granted discretion under the terms of the contract, that discretion must be exercised in good faith-a requirement that includes the duty to exercise the discretion reasonably." *Id*. (quoting *Craig v. Pillsbury Non–Qualified Pension Plan*, 458 F.3d 748, 752 (8th Cir. 2006) (applying Washington law)). "Good faith limits the authority of a party retaining discretion to interpret contract terms; it does not provide a blank check for that party to define terms however it chooses." *Id*. (quoting *Scribner v. Worldcom, Inc.*, 249 F.3d 902, 910 (9th Cir.2001)).

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -18-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Amazon argues that "the Prime Terms do not obligate Amazon to provide" the free Whole Foods Market delivery benefit and that "the Prime Terms allow Amazon to 'add or remove Prime membership benefits[.]'" MTD at 20. As an initial matter, Plaintiff is not required to allege which specific contractual provisions relate the to the breach of good faith and fair dealing claim. *See Puget Soundkeeper All. v. APM Terminals Tacoma, LLC*, No. C17-5016 BHS, 2020 WL 12583074, at *2 (W.D. Wash. Nov. 19, 2020) ("APMT cites no authority for the proposition that a party must specifically identify the provision of the contract relating to the breach of the implied duty of good faith and fair dealing. Moreover, the Court will not require the Port to file an amended pleading for an issue that may be easily resolved with a targeted discovery request.").

However, Plaintiff does allege that "[b]y failing to perform under the contract by continuing to provide Plaintiff with free Whole Foods Market delivery with a minimum $35 purchase during the duration of Plaintiff's annual contract, Defendant breached the implied covenant of good faith and fair dealing." CAC ¶ 128. As discussed in the section above, Plaintiff plausibly alleges that the free Whole Foods Market delivery service was term that in integrated into the applicable contract. Here, Amazon breached the duty of good faith and fair dealing by charging a $9.95 service fee for the Whole Foods Market delivery service. *See Skansgaard*, 896 F. Supp. 2d at 948 ("Plaintiff has sufficiently alleged a claim for breach of the covenant of good faith and fair dealing" because "Plaintiff alleges Defendants unilaterally decided to require more insurance than was required by the deed of trust."). In *Skansgaard*, the court held that "[w]hether Defendants action was reasonable is a question of fact that cannot be determined on the motion to dismiss, and does not provide a basis to dismiss the claim as a matter of law." *Id*. The same reasoning applies here. Whether Amazon's action of charging a $9.95 service fee for Whole Foods Market deliveries is reasonable under the contract is question of fact that should not be decided on a motion to dismiss. *See Encore D.E.C., LLC v. APES I, LLC*, No. 14-6006 RJB, 2015 WL 5007773, at *9 (W.D. Wash. Aug. 20, 2015) (finding "[t]here are issues of fact as to whether Defendants violated the duty of good faith and fair dealing in relation" to the contractual terms and that "Defendants' motion to dismiss this claim should be denied."). Accordingly, the Court should decline to dismiss Plaintiff's breach of good faith and fair dealing claim.

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -19-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

### 3. *Plaintiff Alleges Quasi Contract and Unjust Enrichment*

With respect to Plaintiff's claim for quasi contract and unjust enrichment, Amazon argues that "because the parties have entered into valid contracts, Plaintiff's unjust enrichment claim must be dismissed." MTD at 21. However, Plaintiff's claim for quasi contract and unjust enrichment is an alternative theory of liability and is permitted under Federal Rule of Civil Procedure 8(d)(2). *See Winnemucca Farms, Inc. v. Eckersell*, 2010 WL 1416881, at *6 (D. Nev. Mar. 31, 2010) (Rule 8(d)(2) allows for alternative pleading theories and "a party may state a claim for breach of contract, premised on the existence of a valid contract, and state a claim for unjust enrichment, premised on the nonexistence of a valid contract."); *Joseph v. J.M. Smucker Co.*, 2019 WL 1219708, at *6 (C.D. Cal. Mar. 13, 2019) (same); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1266 (W.D. Wash. 2009) (holding that Rule 8(d)(2) "allows parties to plead in the alternative[.]"). Moreover, the validity of the contract remains in dispute because Plaintiff alleges that the "imposition of the $9.95 service fee constituted a modification of the contract with Amazon without consideration to Plaintiff and the Class Members." CAC ¶ 123. Because it is plausible that a valid contract may not exist, the Court should decline to dismiss the quasi contract and unjust enrichment claim at this stage. *See Scott v. Carr*, No. C20-0236-RSM, 2020 WL 6381812, at *4 (W.D. Wash. Oct. 30, 2020) ("a claim for unjust enrichment may survive a motion to dismiss so long as the validity of the contract remains in dispute."); *Moodie v. Remington Arms Co., LLC.*, No. C13-0172-JCC, 2013 WL 12191352, at *10 (W.D. Wash. Aug. 2, 2013) ("If Moodie's other causes of action prove inadequate at a later stage in this proceeding, his unjust enrichment claim will not be barred."); *Fulltime Fantasy Sports, LLC v. Tedeschi*, No. C22-0295-JCC, 2022 WL 9354192, at *5 (W.D. Wash. Oct. 14, 2022) ("Plaintiff is entitled to plead its claim of unjust enrichment in the alternative to its contract claim.").

### D. **Plaintiff's Declaratory Relief Claim Should Not Be Dismissed**

Amazon also argues that Plaintiff's claim for declaratory relief should be dismissed because "it is a legal remedy, not a cause of action." MTD at 21. Although Plaintiff agrees that declaratory relief is a remedy, this does not require dismissal of the declaratory relief claim because Plaintiff states a claim for breach of contract and breach of the duty of good faith and fair dealing

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -20-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

as discussed above. Courts have declined to dismiss a declaratory relief claim when a breach of contract claims is also adequately alleged. *See Daymon Worldwide Inc. v. S.C. Johnson & Son Inc.*, No. C06-1322-JCC, 2007 WL 9776405, at *3 (W.D. Wash. Jan. 25, 2007); *Martin v. Twin City Fire Ins. Co.*, No. 08-5651RJB, 2009 WL 902072, at *2 (W.D. Wash. Mar. 31, 2009) ("Despite the labels put on the claims, there are underlying legally cognizable claims within those claims that may be proven at trial. Therefore, the plaintiff's allegations are enough to survive the motion to dismiss."). Accordingly, the Court should decline to dismiss Plaintiff's claim for declaratory relief.

### E. The Court Should Not Strike Allegations from the Complaint

Lastly, Amazon argues that Plaintiff's second proposed class definition and certain allegations in the CAC should be stricken pursuant to Federal Rule of Civil Procedure 12(f). MTD at 22-24. However, "[m]otions to strike are generally disfavored and infrequently granted because of the limited importance of pleadings in federal practice." *Daymon*, 2007 WL 9776405, at *2 (citing *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) and *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)). "They are particularly disfavored where the party moving to strike fails to demonstrate any prejudice." *Id.* (citing *Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F. Supp. 1072, 1073 (M.D. Fla. 1989)). "Ordinarily, a motion to strike will not be granted unless 'the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit.'" *Polaris PowerLED Techs., LLC v. Nintendo Co.*, 2022 WL 3646575, at *2 (W.D. Wash. Aug. 24, 2022) (citations omitted). "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'" *Id.* (citations omitted).

Plaintiff's second proposed class definition includes "[a]ll U.S. Citizens who were Amazon Prime members from June 7, 2018 until the date notice is disseminated to the class, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff." CAC ¶ 33. Amazon argues that this class definition should be stricken because it "is impermissibly overbroad and definitionally deficient." MTD at 23. This is incorrect. The second

proposed class definition includes consumers who did not pay the service fee for one simple reason. Namely, theses consumers signed up for the Amazon Prime service with the understanding that the service included "FREE Delivery" and "FREE 2-hour grocery delivery" from Whole Foods Market. Class members in the second proposed class definition did not receive the benefit of their bargain because Amazon rescinded the free Whole Foods Market delivery service regardless of whether they used the service. Accordingly, the second proposed class definition is not overbroad and should not be stricken.

Moreover, Plaintiff may narrow this class definition at the class certification stage and the Court need not strike the class definition at this stage of the litigation. *See, e.g., Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2016 WL 4472930, at *4 (W.D. Wash. Mar. 7, 2016) ("The court finds that this class definition neither facially fails to meet Rule 23's requirements nor reaches a level of implausibility that merits striking the allegation."); *Dream Big Media Inc. v. Alphabet Inc.*, No. 22-CV-02314-JSW, 2022 WL 16579322, at *7 (N.D. Cal. Nov. 1, 2022) ("The Court declines to strike Plaintiffs' class allegations at this time. While the Court has doubts about the propriety Plaintiffs' class definition, the Court finds Google's arguments better addressed at the class certification stage."); *Nieves v. United of Omaha Life Ins. Co.*, No. 3:21-CV-01415-H-KSC, 2022 WL 432726, at *8 (S.D. Cal. Feb. 11, 2022) ("United's motion to strike the class definition is premature at this stage as no discovery has occurred in this case and many factual issues remain."); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007) (declining to rule on defendant's motion to dismiss or strike class allegations at the pleadings stage because, even though "plaintiffs' class definitions are suspicious and may in fact be improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery.") *Portaluppi v. Fortifi Fin., Inc.*, No. 220CV7959ODWRAOX, 2021 WL 3269978, at *8 (C.D. Cal. July 30, 2021) ("given the early stage of the proceedings, it is premature to say whether the matter should proceed as a class action. It does not appear that discovery has commenced and no motion for class certification has been filed.").

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -22-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Amazon also argues that certain allegations should be stricken from the CAC, including information about package delivery delays and the optional tip. MTD at 24. However, these allegations provide background information and should not be stricken. *See Polaris*, 2022 WL 3646575, at *3 (declining to strike "background facts" from a pleading); *S.L. ex rel. Mary L. v. Downey Unified Sch. Dist.*, No. CV 13-06050 DDP PJWX, 2014 WL 934942, at *10 (C.D. Cal. Mar. 10, 2014) ("Background information need not be stricken because it provides the court 'with a fuller understanding of the dispute.'" (quoting *Kaiser Found. Hosps. v. Cal. Nurses Ass'n*, No. 11-5588 SC, 2012 WL 440634, at *4 (N.D. Cal. 2012) (finding that defendant's argument that certain background factual allegations should be struck because they will "needlessly stretch the scope of discovery beyond the logical limits of the legal claims" lacked merit))); *Menchu v. Multnomah Cnty. Health Dep't*, No. 3:20-CV-00559-AC, 2021 WL 2450780, at *6 (D. Or. May 3, 2021), *report and recommendation adopted*, No. 3:20-CV-00559-AC, 2021 WL 2446173 (D. Or. June 14, 2021) ("Allegations in a complaint should not be stricken when they provide relevant background information or are 'arguably relevant' to an actionable claim."); *Erhart v. BofI Holding, Inc.*, 269 F. Supp. 3d 1059, 1085 (S.D. Cal. 2017) ("allegations that provide background information, historical material, 'or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant.'"). Here, Amazon fails to show any prejudice from the inclusion of these allegations and the court should decline to strike the allegations. *See Polaris*, 2022 WL 3646575, at *3.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should respectfully deny Defendant's Motion to Dismiss in its entirety. If the Court dismisses any portion of the CAC, then Plaintiff respectfully requests leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -23-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

DATED this 30th day of January 2023.

**BORDE LAW PLLC**

By: s/ Manish Borde
Manish Borde, WSBA #39503
600 Stewart St., 400
Seattle, WA 98101
Telephone: (206) 531-2722
Email: mborde@bordelaw.com


**SCHROETER GOLDMARK &
BENDER**

By: s/ Adam J. Berger
Adam J. Berger, WSBA # 20714
401 Union Street, Suite 3400
Seattle, WA 98101
Telephone: (206) 622-8000
Fax: (206) 682-2305
Email: berger@sgb-law.com


**LAW OFFICES OF RONALD A.
MARRON**

By: s/ Ronald A. Marron
Ronald A. Marron (*pro hac vice*)
Michael T. Houchin (*pro hac vice*)
Lilach Halperin (*pro hac vice*)
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Fax: (619) 564-6665
Email: ron@consumersadvocates.com
mike@consumersadvocates.com
lilach@consumersadvocates.com

**ATTORNEYS FOR PLAINTIFF and the
Proposed Classes**

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S MOTION TO DISMISS -24-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2023  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants.


By: s/ Manish Borde
Manish Borde

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722