UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON SERVICE FEE LITIGATION | Case No. 2:22-cv-00743-TL<br><br>**PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT AMAZON.COM, INC'S REQUEST FOR JUDICIAL NOTICE**<br><br>ORAL ARGUMENT REQUESTED |

Plaintiff Dena Griffith ("Plaintiff") respectfully submits this Opposition to the Request for Judicial ("RJN") filed by Defendant Amazon.com, Inc. ("Defendant" or "Amazon") (Dkt. No. 52) in support of its Motion to Dismiss Plaintiff's Consolidated Amended Complaint (Dkt. No. 51) ("MTD").

## I. INTRODUCTION

Amazon asks this Court to incorporate by reference and take judicial notice of six exhibits that are attached to the Declaration of Brian D. Buckley in Support of Amazon.com's Request for Judicial Notice (Dkt. No. 53) ("Buckley Decl."). Exhibit A is Amazon's Conditions of Use, Exhibit B is an email titled "Changes to Your Prime Grocery Benefits for Whole Foods Market Grocery Delivery," Exhibits C and D are news articles that are referenced in the Consolidated Amended Complaint ("CAC") and Exhibits E and F are webpages that Amazon contends are part of the online Whole Foods Market checkout process.

Plaintiff does not object to Exhibits A, C, and D because Plaintiff concedes that these documents are referenced in the CAC. However, Plaintiff does object to the introduction of Exhibits B, E, and F (the "Subject Documents") for the reasons set forth below.

## II. ARGUMENT

Rule 12 of the Federal Rules of Civil Procedure precludes the Court from considering extrinsic evidence without converting a motion to dismiss into a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 12(d). To avoid the consequences of converting its MTD into one for summary judgment, and to avoid giving Plaintiff a reasonable opportunity to present all the evidence that is necessary to defeat Amazon's motion, Amazon argues for two exceptions to Rule 12(d), claiming that: (1) the Subject Documents are somehow incorporated by reference into the CAC; or (2) the adjudicative facts within the Subject Documents are properly the subject of judicial notice pursuant to Rule 201. However, neither exception applies here.

### A. The Incorporation-by-Reference Doctrine Does Not Apply

When deciding a Rule 12 motion to dismiss, the Court may generally only consider the four corners of the complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). However, in certain circumstances, documents incorporated into the complaint and documents attached to a

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S REQUEST FOR JUDICIAL NOTICE -1-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

motion to dismiss may also be considered, so long as "the complaint necessarily relies" upon the documents and "no party questions the authenticity of the document[s]." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).

The incorporation by reference doctrine is appropriate only when the following criteria are met: "[1] the plaintiff's claim depends on a document, [2] the defendant attaches the document to its motion to dismiss, and [3] the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Hunichen v. Atonomi LLC*, 2020 WL 6875558, at *5 (W.D. Wash. Oct. 6, 2020).

A claim depends on a document if the claim "necessarily relies on" the document or the document is "integral" to the claim. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). For example, the incorporation by reference doctrine applies to "a contract in a contract dispute or a photograph that forms the basis of a defamation claim, which are integral to a *plaintiff's complaint*[;]" however, "[i]t does not apply to all of those documents that are integral to the *dispute* between the parties or the ultimate merits of a complaint." *Daymon Worldwide Inc. v. S.C. Johnson & Son Inc.*, 2007 WL 9776405, at *2 (W.D. Wash. Jan. 25, 2007) (original emphasis).

Relatedly, the incorporation-by-reference doctrine does not apply to any and all documents that might be referenced or relied upon in a complaint; rather, this doctrine requires that "the plaintiff refer[] extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Stated otherwise, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document" into the complaint. *Coto*, 593 F.3d at 1038; s*ee also Hunichen*, 2020 WL 6875558, at *5 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)).

Finally, it has long been established that, even if a document is incorporated by reference into a complaint, the doctrine "cannot be considered for the truth of the matter it asserts." *Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028, 1042 (W.D. Wash. 2018) (the court took judicial notice of Terms of Use from a publicly accessible website, however, the statement in the Terms of Use quoted by the defendant could not be considered for the truth of the matter asserted); *accord City*

*of Roseville Empls. Ret. Sys. v. Sterling*, 963 F. Supp. 2d 1092, 1106-08 (E.D. Wash. 2013) (court would take judicial notice of fact that documents existed, but not of truthfulness of representations).

Amazon asks this Court to incorporate by reference Exhibit B, which is an email titled "Changes to Your Prime Grocery Benefits for Whole Foods Market Grocery Delivery." However, Amazon does not establish that this email was sent to Plaintiff or that Plaintiff was put on notice of changes to the Whole Foods Market Delivery Service. In contrast, the CAC specifically alleges that "Plaintiff reasonably assumed that her grocery delivery order would conform to the advertised price and be free of unlawful or hidden charges." CAC ¶ 28. Moreover, Exhibit B is not integral or necessary to Plaintiff's CAC because the email was mentioned only in news articles that are cited in the CAC. *See Coto*, 593 F.3d at 1038 (quoting *Ritchie*, 342 F.3d at 908) ("the mere mention of the existence of a document is insufficient to incorporate the contents of a document")); *see also Hunichen*, 2020 WL 6875558, at *5. The body of the CAC makes no mention of the email and it is not integral to Plaintiff's claims.

Amazon also asks the Court to incorporate by reference Exhibits E and F. Exhibit E purports to be the "shopping cart webpage that a customer sees during the checkout process on the WFM section of amazon.com" and Exhibit F purports to be the "'Schedule your order'" webpage that a customer sees during the checkout process on the WFM section of amazon.com." Buckley Decl., ¶¶ 6-7. However, these webpages are not integral to Plaintiff's claims because Plaintiff is alleging that "Amazon engages in a bait-and-switch advertising scheme by not disclosing the $9.95 service fee along with the advertised price of the Whole Foods grocery items." CAC ¶ 15. It is the initial webpage that shows the price of the Whole Foods grocery items that Plaintiff claims is deceptive because this initial webpage does not mention the $9.95 service fee and "baits" the consumer into continuing with the online ordering process. CAC ¶ 16; *Hall v. Marriott Int'l, Inc.*, 2020 WL 4727069, *8 (S.D. Cal. Aug. 14, 2020). Moreover, Amazon does not establish at what point of the online ordering process these webpages appear nor does it establish that these webpages existed during the time when Plaintiff and other class members placed their online Whole Foods Market order. Regardless of how these documents might ultimately apply to

PLAINTIFF DENA GRIFFITH'S OPPOSITION TO DEFENDANT
AMAZON.COM, INC.'S REQUEST FOR JUDICIAL NOTICE -3-

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Amazon's *defense* of this action, they, like Exhibit B, do not form the basis of and are not integral to Plaintiff's *claims*. Accordingly, the incorporation-by-reference doctrine does not apply.

### B. Judicial Notice Under Rule 201 Does Not Apply

The second exception Amazon seek to invoke is that the Court is permitted to consider matters extraneous to the CAC by taking judicial notice of them as adjudicative facts that are not subject to reasonable dispute. In so doing, Amazon claims the matters contained within the Subject Documents are: (a) generally known; or (b) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *see also Sachs v. Republic of Austria*, 737 F.3d 584, 596 n.10 (9th Cir. 2013); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[i]ndisputability is a prerequisite" in order for a fact to be judicially noticed).

Extraneous matters may include "matters of public record." *Wilson v. PTT, LLC*, 351 F. Supp. 3d 1325, 1338 (W.D. Wash. 2018). But, just as with the incorporation-by-reference doctrine, even if a document is judicially noticed as a public record, the Court may not assume the truth of the matters asserted therein. *See Dicey v. Pickens*, 506 F. App'x 647, 648 (9th Cir. 2013); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("[c]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true[ ]"); *Wilson*, 349 F. Supp. 3d at 1042 (although the court took judicial notice of Terms of Use derived from defendant's publicly accessible website, the court found that the statement defendant quoted "cannot be considered for the truth of the matter it asserts[ ]").

The use of judicial notice is a "highly limited process." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (internal citations omitted). "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of state; or

(3) matters of political history: for instance, who was president in 1958." *Shahar*, 120 F.3d at 214.

Here, the Court should not take judicial notice of Exhibit B. As discussed above, Amazon fails to show that Plaintiff actually received the email from Amazon and Plaintiff disputes the authenticity of the email. Moreover, the email is not generally known nor can it be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1241 (N.D. Cal. 2014) (declining to take judicial notice of a screenshot of a "reminder email" sent by the defendant when the "Plaintiffs dispute the screenshot's authenticity."); *Dahl v. Toyota Motor Sales USA, Inc.*, No. 2:14-CV-1737 JCM, 2015 WL 1034342, at *3 (D. Nev. Mar. 10, 2015) (holding that an "email is not an adjudicative fact subject to judicial notice").

With respect to Exhibits E and F, the Court should also decline to take judicial notice of the screenshots from Amazon's website. Amazon fails to establish when these webpages were active or whether they existed at the time Plaintiff made her online order. *See Garcia v. Bell Gardens Hosp., LLC*, 2021 WL 4260404, at *3 (C.D. Cal. July 27, 2021) ("Defendant's request for judicial notice is denied because Plaintiff objects to the accuracy of its contents and claims that Defendant has modified its website since the filing of the action."). Accordingly, this Court should decline to take judicial notice of the Subject Documents.

### III. CONCLUSION

For the reasons set forth above, the Court should decline to consider Amazon's Exhibits B, E, and F when deciding Amazon's Motion to Dismiss the CAC.

DATED this 30th day of January 2023.

**BORDE LAW PLLC**

By: s/ Manish Borde
Manish Borde, WSBA #39503
600 Stewart St., 400
Seattle, WA 98101
Telephone: (206) 531-2722
Email: mborde@bordelaw.com

**SCHROETER GOLDMARK & BENDER**

By: s/ Adam J. Berger
Adam J. Berger, WSBA # 20714
401 Union Street, Suite 3400
Seattle, WA 98101
Telephone: (206) 622-8000
Fax: (206) 682-2305
Email: berger@sgb-law.com

**LAW OFFICES OF RONALD A. MARRON**

By: s/ Ronald A. Marron
Ronald A. Marron (*pro hac vice*)
Michael T. Houchin (*pro hac vice*)
Lilach Halperin (*pro hac vice*)
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Fax: (619) 564-6665
Email: ron@consumersadvocates.com
mike@consumersadvocates.com
lilach@consumersadvocates.com

**ATTORNEYS FOR PLAINTIFF and the Proposed Classes**

# CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants.

By: s/ Manish Borde
Manish Borde

CERTIFICATE OF SERVICE

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722