THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON SERVICE FEE LITIGATION

Case No.: 2:22-cv-00743-TL

(CONSOLIDATED CASE)

**AMAZON.COM, INC'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED COMPLAINT AND STRIKE CERTAIN ALLEGATIONS**

<u>NOTE ON MOTION CALENDAR:</u>
MARCH 3, 2023

ORAL ARGUMENT REQUESTED

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................2

      I.      Washington Law Governs Plaintiff's Claims. ..........................................2

      II.     Amazon Did Not Engage In "Deceptive Advertising." ............................4

      III.    Amazon Did Not Engage In "Bait-And-Switch Advertising." ................6

      IV.    Amazon Did Not Breach The Contract. ...................................................7

      V.     Plaintiff's Unjust Enrichment Claim Fails................................................9

      VI.    Improper Allegations Should be Stricken From the CAC. ....................10

CONCLUSION..................................................................................................................11

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- i -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

# TABLE OF AUTHORITIES

<mark>
</mark>

**CASES**                                              **PAGE(S)**

*Accretive Tech. Grp., Inc. v. Adobe Sys., Inc.*,
   No. C15-309, 2015 WL 4920079 (W.D. Wash. Aug. 17, 2015) ................................................8

*Adams v. Hartz Mountain Corp.*,
   No. C14-1174, 2014 WL 7151781 (W.D. Wash. Dec. 15, 2014) ................................................2

*Atlantic Richfield Co. v. Ramirez*,
   176 F.3d 481 (9th Cir. 1999) ...................................................................................................10

*Badgett v. Sec. State Bank*,
   116 Wn.2d 563, 807 P.2d 356 (1991) .......................................................................................9

*Bishay v. Icon Aircraft, Inc.*,
   No. 2:19-CV-00178, 2019 WL 3337885 (E.D. Cal. July 25, 2019) ...........................................4

*Carideo v. Dell, Inc.*,
   706 F. Supp. 2d 1122 (W.D. Wash. 2010) ............................................................................2, 3

*Cashatt v. Ford Motor Co.*,
   No. 3:19-cv-05886, 2021 WL 1140227 (W.D. Wash. Mar. 24, 2021) .....................................10

*Chandler v. Washington Toll Bridge Auth.*,
   17 Wn.2d 591, 137 P.2d 97 (1943) .........................................................................................10

*Davis v. HSBC Bank*,
   691 F.3d 1152 (9th Cir. 2012) ...................................................................................................7

*Drut Techs., Inc. v. Microsoft Corp.*,
   No. 2:21-cv-01653, 2022 WL 2156962 (W.D. Wash. June 15, 2022) ......................................8

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ................................................................................................5, 6

*Ekin v. Amazon Servs., LLC*,
   84 F. Supp. 3d 1172 (W.D. Wash. 2014) ..................................................................................2

*Garner v. Amazon.com, Inc.*,
   603 F. Supp. 3d 985 (W.D. Wash. 2022) ..............................................................................3, 4

*Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*,
   86 Wn. App. 732, 935 P.2d 628 (1997) ....................................................................................9

*Gray v. Amazon.com, Inc.*,
   No. 2:22-cv-800-BJR, 2023 WL 1068513 (W.D. Wash. Jan. 27, 2023) .....................5, 7, 8, 9

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- ii -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

**CASES** PAGE(S)

*Haberman v. Washington Pub. Power Supply Sys.*,
  109 Wn.2d 107, 744 P.2d 1032 (1987) ................................................................................3

*Hall v. Marriott Int'l, Inc.*,
  No. 19-CV-1715, 2020 WL 4727069 (S.D. Cal. Aug. 14, 2020) ..........................................6

*Hawkins v. Comparet-Cassani*,
  251 F.3d 1230 (9th Cir. 2001) ..............................................................................................4

*Hawley v. Bus. Comput. Training Inst., Inc.*,
  No. C08-5055, 2008 WL 2048325 (W.D. Wash. May 9, 2008) ...........................................5

*Hearst Commc'ns, Inc. v. Seattle Times*,
  154 Wn.2d 493, 115 P.3d 262 (2005) ...................................................................................7

*In re Google AdWords Litig.*,
  No. C 08-03369, 2011 WL 7109217 (N.D. Cal. Mar. 17, 2011) ..........................................7

*Kelley v. Microsoft Corp.*,
  251 F.R.D. 544 (W.D. Wash. 2008) .....................................................................................4

*Kelly v. BP W. Coast Prods. LLC*,
  No. 2:14-cv-01507, 2014 WL 7409220 (E.D. Cal. Dec. 29, 2014) ......................................6

*Minnick v. Clearwire US, LLC*,
  683 F. Supp. 2d 1179 (W.D. Wash. 2010) ...........................................................................9

*Nye v. Univ. of Wash.*,
  163 Wn. App. 875, 260 P.3d 1000 (2011) ............................................................................8

*Perez v. Guardian Roofing*,
  No. 3:15-cv-05623, 2016 WL 898545 (W.D. Wash. Mar. 9, 2016) ....................................11

*Reading Hosp. v. Anglepoint Grp., Inc.*,
  No. C15-0251, 2015 WL 13145347 (W.D. Wash. May 26, 2015) .....................................10

*Salameh v. Tarsadia Hotel*,
  726 F.3d 1124 (9th Cir. 2013) ..............................................................................................4

*Sateriale v. R.J. Reynolds Tobacco Co.*,
  697 F.3d 777 (9th Cir. 2012) ................................................................................................5

*Schnall v. AT & T Wireless Services, Inc.*,
  171 Wn.2d 260, 259 P.3d 129 (2011) ...................................................................................2

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- iii -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

# TABLE OF AUTHORITIES
(CONTINUED)

**CASES**                                                                                      **PAGE(S)**

*Schneider v. Cal. Dep't of Corr.*,
   151 F.3d 1194 (9th Cir. 1998) ........................................................................... 5, 9

*Simon v. Seaworld Parks & Entm't, Inc.*,
   No. 3:21-cv-1488, 2022 WL 1594338 (S.D. Cal. May 19, 2022) ............................. 6

*Skansgaard v. Bank of Am., N.A.*,
   896 F. Supp. 2d 944 (W.D. Wash. 2011) .................................................................. 9

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) ............................................................................................ 10

*Wash. Land Dev. v. Lloyds TSB Bank, PLC*,
   No. C14-0179-JCC, 2014 WL 3563292 (W.D. Wash. July 18, 2014) ............... 2, 3, 4

*Wiseley v. Amazon.com, Inc.*,
   709 F. App'x 862 (9th Cir. 2017) ......................................................................... 2, 3

REPLY ISO MTN TO DISMISS     - iv -     FENWICK & WEST LLP
AND TO STRIKE                                                                             1191 SECOND AVENUE, 10TH FLOOR
CASE NO.: 2:22-CV-00743-TL                                                        SEATTLE, WASHINGTON 98101

**INTRODUCTION**

Plaintiff's core theory is that "Amazon charges a deceptive 'service fee' in connection with grocery deliveries from Whole Foods Market." Opposition ("Opp.") at 1. The Opposition tries to clarify the Consolidated Amended Complaint ("CAC") and identifies Plaintiffs' three central factual allegations. None of those allegations holds up or can support Plaintiff's claims.

As a threshold matter, Plaintiff asks the Court to delay its determination that Washington law applies. The Court should decline that invitation. This case is not yet a class action; as such, the only question before the Court is what law applies to *Plaintiff and her claims*. Plaintiff agreed to Amazon's Prime Terms and Conditions of Use ("COUs")—indeed, she is suing to enforce them—and they require application of Washington law. Courts in this District routinely determine applicable law at the dismissal stage and the Court should do so here.

Plaintiff advances three factual theories. "First, Plaintiff alleges that Amazon has engaged in deceptive advertising by representing that Prime members will receive 'FREE Delivery' and 'FREE 2-Hour Grocery Delivery,' including grocery deliveries from Whole Foods Market." Opp. at 2. But Plaintiff fails to satisfy Rule 9(b) because she provides no facts about *when* and *how* she was exposed to these allegedly deceptive statements. Moreover, Plaintiff relies on misleading citations, omitting details that make clear that those statements could refer to *other* Amazon services, *not* WFM delivery.

"Second, Plaintiff alleges that 'Amazon engages in a bait-and-switch advertising scheme by not disclosing the $9.95 service fee along with the advertised price of the Whole Foods grocery items.'" Opp. at 2. But Plaintiff alleges nothing about *her own experience* with Amazon's website or how she was personally deceived. Moreover, Plaintiff's claims collapse in light of Amazon's multiple disclosures of the fee during the WFM checkout process. No reasonable consumer would have any doubt that she was paying a delivery fee.

"Third, Plaintiff separately alleges that Amazon has breached its contracts with Amazon Prime members by charging the $9.95 service fee for Whole Foods Market grocery deliveries." Opp. at 3. Wrong again. The Prime Terms say nothing about free WFM deliveries. To the contrary, the terms specifically state that no Prime membership benefit is guaranteed and all

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 1 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

benefits are subject to change. A party cannot graft onto a contract implied terms that contradict the actual terms.

All of Plaintiff's claims fail as a matter of law, and this case should be dismissed in its entirety with prejudice.

## ARGUMENT

### I. WASHINGTON LAW GOVERNS PLAINTIFF'S CLAIMS.

Plaintiff does not dispute that she agreed to Amazon's COUs, which the Ninth Circuit has determined are "valid." *Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862, 863-64 (9th Cir. 2017) (Amazon customers agree to COUs through "checkout and account registration pages"); *Ekin v. Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1175 n.5 (W.D. Wash. 2014) (Amazon's Prime Terms and COUs are "completely enforceable"). Instead, Plaintiff asks the Court to ignore the parties' contractual choice of law and delay determination of what law applies. Opp. at 5-7. There is no reason to wait. Choice of law is a purely legal question routinely decided on the pleadings. The Court should apply Washington law now and dismiss Plaintiff's claims under California's Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL").

When the parties have contractually agreed on the governing law, courts apply Restatement Section 187. *See, e.g.*, *Adams v. Hartz Mountain Corp.*, No. C14-1174, 2014 WL 7151781, at *6 (W.D. Wash. Dec. 15, 2014). Plaintiff ignores Section 187. She has therefore conceded that Washington has a substantial relationship to this dispute and that Washington law is not contrary to any fundamental California policy. *See* Amazon's Motion ("Mot.") at 8-9.

Plaintiff urges the Court to disregard the parties' contractual choice of Washington law because her California-law claims "arise in tort." Opp. at 5. That is not the standard. Washington courts "generally enforce contract choice of law provisions." *Schnall v. AT & T Wireless Services, Inc.*, 171 Wn.2d 260, 266, 259 P.3d 129 (2011). The scope of a choice-of-law clause is determined by "the objective manifestations of the[] agreement—i.e., the actual words used…." *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1127 (W.D. Wash. 2010). A broadly framed clause encompasses tort and consumer protection claims. *See, e.g.*, *Wash. Land Dev. v. Lloyds TSB Bank, PLC*, No.

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 2 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

C14-0179-JCC, 2014 WL 3563292, at *4 (W.D. Wash. July 18, 2014) ("broad" contractual choice-of-law clause applies to consumer protection claim); *Carideo*, 706 F. Supp. 2d at 1128 (broad clause covering "all claims or disputes" includes tort and consumer protection claims). Amazon's expansive clause provides that Washington law governs "***any dispute of any sort that might arise between you and Amazon***." Buckley Decl. Ex. A at 4 (emphasis added). That provision is broader than the clauses addressed in *Lloyds* and *Carideo* and certainly covers Plaintiff's California-law claims. Indeed, in *Wiseley*, the Ninth Circuit applied Section 187 and concluded that the COUs' choice-of-law clause applied to Amazon customers' California consumer protection claims. 709 F. App'x at 863-64.

Plaintiff asks the Court instead to apply Restatement Section 145's "most significant relationship" test. Opp. at 5. But Washington courts analyze conflict of laws *only if* there is "an actual conflict between the laws or interests of Washington" and the other state; absent such a conflict, "the presumptive local law applies." *Lloyds*, 2014 WL 3563292, at *2. "Washington's and California's consumer protection laws … appear to be substantially similar," so Plaintiff does not and cannot identify any "actual conflict." *Wiseley*, 709 F. App'x at 863. Therefore, Washington law presumptively applies.

In any event, Section 145 compels the same conclusion. Amazon is headquartered and conducts "substantial business" in Washington. CAC ¶¶ 2, 5. The allegedly "fraudulent acts occurred here where [Amazon], and thus the relationship[,] is centered."[1] *Haberman v. Washington Pub. Power Supply Sys.*, 109 Wn.2d 107, 160, 744 P.2d 1032 (1987). The parties' choice-of-law clause further favors Washington. *Id.* Plaintiff proposes a scattershot approach because injury allegedly occurs wherever Plaintiff and absent class members "accessed the Amazon website." Opp. at 7. But even that impractical approach *favors* enforcing the choice-of-

---

[1] Plaintiff attempts to distinguish *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 994 (W.D. Wash. 2022), which challenges Amazon's Alexa voice service under state wiretap laws. There, the court enforced the COU's choice-of-law clause because Amazon conducts business in Washington, even though millions of Alexa devices were sold to customers around the country. The same is true here; the business practices Plaintiff challenges occurred in Washington, even if they allegedly impacted customers in other states. Moreover, the *only* issue here is what law applies *to Plaintiff*, not to millions of absent class members. (In *Garner* there were over 20 representative plaintiffs from nine different states, asserting the laws of those states.) Notably, Plaintiff does not argue that California has the most significant relationship to this dispute (because it does not).

law clause and applying the laws of Amazon's home state to uniformly govern Amazon's transactions with its nationwide customer-base. *See Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 552 (W.D. Wash. 2008) (because "[d]efendant's allegedly unfair or deceptive acts caused injury throughout the country," "[t]he location of the harm suffered is fortuitous" and "of lower importance").

Plaintiff asks the Court to put off its choice-of-law decision indefinitely. Opp. at 6. She manufactures dubious "factual" questions, *i.e.*, whether the choice-of-law clause was "in all versions of the COUs applicable during the class period" and whether "class members had notice of the COUs through their use of the Amazon website." Opp. at 6. <u>First</u>, these issues are irrelevant because this is not yet a class action and Plaintiff admits that *she* agreed to the clause. *Cf. Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) ("A named plaintiff cannot represent a class alleging [] claims that the named plaintiff does not have standing to raise."). <u>Second</u>, courts routinely address choice-of-law issues on a motion to dismiss. *See, e.g.*, *Lloyds*, 2014 WL 356329, at *1; *Garner*, 603 F. Supp. 3d 985 at 994 (applying Washington law because "there is no reason to delay making the choice of law determination"). Indeed, as the Court noted when it stayed discovery, "Defendant's motion to dismiss (Dkt. No. 51) does not involve disputed factual issues." Dkt. No. 55 at 2. If any part of this case were to survive dismissal, the Court should properly narrow the issues by enforcing the parties' choice of Washington law and dismissing Plaintiff's California claims.

## II. AMAZON DID NOT ENGAGE IN "DECEPTIVE ADVERTISING."

Plaintiff concedes that Rule 9(b) applies to her Washington Consumer Protection Act ("WCPA"), CLRA, FAL, UCL, negligent misrepresentation, concealment, and fraud claims. Opp. at 7. Yet the CAC offers no *facts* about *when* or *where* Plaintiff was supposedly "deceived" by Amazon's statements about "FREE Delivery" and "FREE 2-Hour Grocery Delivery"—which are the centerpiece of this lawsuit—or *when* Amazon made those statements. This failure requires dismissal. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (fraud claim dismissed because plaintiffs "do not identify when Defendants made the representations that Plaintiffs purport to be false"); *Bishay v. Icon Aircraft, Inc.*, No. 2:19-CV-00178, 2019 WL

3337885, *6 (E.D. Cal. July 25, 2019) (CLRA and UCL claims dismissed because "plaintiff never alleges when or where he viewed the advertisement that allegedly prompted him to enter into this contract").

Plaintiff also concedes that the CAC conflates different Amazon services. The challenged statements sometimes refer to Amazon's *package* shipping service and Amazon *Fresh* grocery delivery, *not WFM delivery*. Mot. at 11; CAC ¶ 9. Thus, Plaintiff has not even properly alleged the context for those statements, let alone that they were false and support her specific claims. Plaintiff's fraud allegations do not satisfy Rule 9(b)'s exacting requirements.

Plaintiff claims that these statements "induced [reasonable consumers] to sign up for the Amazon Prime service or continue use of the service." Opp. at 10. But the CAC alleges no such thing; it refers only to *WFM delivery* purchases, *not Prime membership* purchases. *See* CAC ¶ 61 (Amazon's misconduct allegedly "induce[d] Plaintiff's and Class Members' purchases of Whole Foods grocery deliveries"), ¶ 51 (service fee allegedly "would have changed … decision to purchase Defendant's grocery delivery service"). The CAC does not say when or why Plaintiff joined Prime, or that she joined based on these statements. The Court cannot "look beyond the [CAC] to [] [P]laintiff's moving papers" on a motion to dismiss. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Finally, Plaintiff does not deny that the Prime Terms disclose that Amazon can remove Prime benefits at its discretion. CAC, Ex. 1 at 2. Amazon's clear disclosures are sufficient as a matter of law and defeat Plaintiff's claims of "deception." Mot. at 13; *see Gray v. Amazon.com, Inc.*, No. 2:22-cv-800-BJR, 2023 WL 1068513, at *8 (W.D. Wash. Jan. 27, 2023) ("Plaintiffs may not premise a CPA claim on the disclosures contained in Amazon's policies.").

The Opposition cites two cases holding that corrective fine print on the back of product packaging cannot negate deceptive statements on the front. *See* Opp. at 10-11. But, here, there is no deceptive "front-back" dichotomy because, as discussed, Plaintiff has not adequately alleged any representations that were "false or deceptive when made." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012); *Hawley v. Bus. Comput. Training Inst., Inc.*, No. C08-5055, 2008 WL 2048325, at *4 (W.D. Wash. May 9, 2008). The Ninth Circuit confirmed this

distinction: only "*if* the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016) (dismissing packaging-based claim because there is "no deceptive act to be dispelled").

### III. AMAZON DID NOT ENGAGE IN "BAIT-AND-SWITCH ADVERTISING."

Plaintiff's "bait-and-switch" theory also fails under Rule 9(b) because she says nothing about her experience on Amazon's website, or what she saw or relied on. *See Simon v. Seaworld Parks & Entm't, Inc.*, No. 3:21-cv-1488, 2022 WL 1594338, at *4 (S.D. Cal. May 19, 2022) (claims failed under Rule 9(b) because plaintiff claimed he visited defendant's website but did not allege "what statements he saw there").

This theory fails for another reason: Amazon indisputably discloses the service fee during the online shopping process, *no fewer than four times* before a customer checks out. On the WFM landing page, Amazon shows the retail price of the item. Plaintiff complains that Amazon does not disclose the service fee on the first page. CAC ¶ 16. But if a consumer navigates to a specific item, Amazon immediately discloses "$9.95 for 2-hour delivery" just below the "Add to Cart" button. *Id.* ¶ 17. After a customer adds an item to her cart, the shopping cart page again states, "Get 2-hour delivery for $9.95." Buckley Decl., Ex. E. A customer must then click on a call-to-action button specifically labelled "$9.95" next to her desired delivery time. *Id.*, Ex. F. And even if a customer somehow missed *all* of those disclosures, the final checkout page shows "Service Fee: $9.95" below the "Place your order" button. CAC ¶ 18.

The Opposition relies on another inapposite case, *Hall v. Marriott Int'l, Inc.*, where a "bait-and-switch" theory survived because the defendant "fail[ed] to disclose the resort fee until a consumer is invested in the booking process." No. 19-CV-1715, 2020 WL 4727069, at *8 (S.D. Cal. Aug. 14, 2020). But that fee was not for a separate, optional service; it was an unavoidable part of the room price. Here, by contrast, Amazon immediately discloses the optional WFM delivery fee when a consumer *browses* an item—just one click away from the landing page—*before* anything goes in the cart. CAC ¶ 17. There is no "bait-and-switch" when a consumer agrees to pay a fee after multiple disclosures of that fee. *See Kelly v. BP W. Coast Prods. LLC*, No. 2:14-cv-01507, 2014 WL 7409220, at *8 (E.D. Cal. Dec. 29, 2014) (no bait-and-switch where

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL
- 6 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

gas station advertised only the price of gasoline then charged a debit-card fee at the pump, because it "always intended to sell gasoline for the price advertised," charged a fee only if the customer chose to use a debit card, and "required each customer's consent before charging that fee"); *see also* Mot. at 14-16.

Nor does Plaintiff plead reliance. She alleges that Amazon's website fails to adequately disclose the delivery fee, but the CAC "only provided 'excerpts' from [certain] webpages without explaining precisely which webpages had been viewed by [P]laintiff[], … or whether [she] had relied on them." *In re Google AdWords Litig.*, No. C 08-03369, 2011 WL 7109217, *4 (N.D. Cal. Mar. 17, 2011). Moreover, Plaintiff's reliance (if any) would be unreasonable as a matter of law because "the existence of the [service] fee was 'within [Plaintiff's] observation,'" yet Plaintiff "closed h[er] eyes to avoid discovery of the truth." *Davis v. HSBC Bank*, 691 F.3d 1152, 1163-64 (9th Cir. 2012). For these same reasons, Plaintiff also fails to link Amazon's alleged "bait-and-switch" scheme to her purported injury under the WCPA. Mot. at 17-18; *Gray*, 2023 WL 1068513, at *8.

## IV. AMAZON DID NOT BREACH THE CONTRACT.

Plaintiff claims that Amazon breached the Prime Terms by charging a fee for WFM deliveries. But she concedes, as she must, that the Prime Terms never mention, let alone promise, free WFM deliveries. To the contrary, the Prime Terms expressly provide that Amazon can change or remove Prime membership benefits at its discretion. Instead, Plaintiff retreats to an "extra-contractual representation" theory, arguing that the statements "FREE Delivery" and "FREE 2-hour grocery delivery" somehow became part of the Prime Terms. Opp. at. 15. That argument also fails.

In Washington, extrinsic evidence may be used only "to determine the meaning of ***specific words and terms used***" but "***not to … 'vary, contradict or modify*** the written [contract].'" *Hearst Commc'ns, Inc. v. Seattle Times*, 154 Wn.2d 493, 503, 115 P.3d 262 (2005) (emphases added). Plaintiff improperly invokes extrinsic facts to vary the express terms of the contract. The Prime Terms unambiguously state that Amazon can "remove Prime membership benefits" and "change … any aspect of Prime membership." CAC, Ex. 1 at 2. Amazon was contractually entitled to

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 7 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

remove the free WFM delivery Prime benefit. Therefore, the Court should decline to consider Plaintiff's extra-contractual statements, which "flatly contradict[]" the "clear language" in the contract. *Drut Techs., Inc. v. Microsoft Corp.*, No. 2:21-cv-01653, 2022 WL 2156962, at *4 (W.D. Wash. June 15, 2022).

Plaintiff relies on *Accretive Tech. Grp., Inc. v. Adobe Sys., Inc.*, No. C15-309, 2015 WL 4920079 (W.D. Wash. Aug. 17, 2015), for the proposition that contract integration tends to be a factual question. But whether the Prime Terms and COUs are "integrated" is irrelevant. *Accretive* aligns with Washington law that *only* "extra-contractual evidence that **does not contradict terms of the contract** may be considered." *Id.* at *7 (emphasis added). And, while the *Accretive* plaintiff alleged that the contract "was … not the final or comprehensive embodiment of the terms of the transaction between the parties," the CAC makes no such factual allegation as to the Prime Terms. *Id.* at *5. The CAC's conclusory allegation that the two statements "were integrated" into the contract is insufficient. CAC ¶ 121.

When it removed the WFM delivery benefit, Amazon exercised its contractual rights and did not breach the Prime Terms or modify the contract. *See Nye v. Univ. of Wash.*, 163 Wn. App. 875, 886, 260 P.3d 1000 (2011) (contract can be changed "when the provisions of that contract allow for the modification"). But even if the change did constitute a modification, Plaintiff concedes that a terminable-at-will contract can be unilaterally modified. Opp. at 17. And if a party forgoes the right to terminate after notice of such a unilateral modification, that is sufficient consideration. Mot. at 19. The Prime Terms state that Plaintiff can cancel her Prime membership at "any time."[2] *See* CAC, Ex. 1 at 1, 3. And the CAC does not allege that Plaintiff lacked notice of the delivery fee. *See Gray*, 2023 WL 1068513 at *5 (rejecting plaintiffs' lack of notice argument; "[n]owhere do [p]laintiffs allege that they … lacked notice of [the policies]"). To the contrary, the CAC confirms that Amazon "sent … U.S. customers an email saying it was going to

---

[2] Plaintiff claims that "Prime members who wanted to cancel their membership due to the imposition of the service fee, but who had used Amazon's Prime service even once during their annual membership would not be allowed to terminate the agreement and receive a refund." Opp. at 18. Prime members can always cancel; if they have enjoyed Prime benefits, they might not be entitled to a full refund, but that is a separate issue. Plaintiff does not allege that she tried to cancel Prime, or that she sought but was denied a full refund. By continuing to use Prime after knowing she would be charged a WFM delivery fee, Plaintiff consented to any alleged "modification" of the contract.

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 8 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

charge $9.95 per delivery," and that Amazon discloses "$9.95 for 2-hour delivery" on its website. Buckley Decl. Ex. D; CAC ¶ 17. In sum, Plaintiff's ill-conceived "integration" and "unilateral modification" theories cannot save her contract claim.

Plaintiff's tacked-on "implied covenant" claim is equally unavailing. Plaintiff identifies no "terms agreed to by the parties" from which the implied covenant could arise. *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 569, 807 P.2d 356 (1991). And, as addressed above, the CAC alleges no extra-contractual statement "integrated" into the Prime Terms. "As a matter of law, there cannot be a breach of the duty of good faith when [Amazon] simply stands on its rights" to remove Prime membership benefits "according to [the contract's] terms." *Id.* at 570.

Plaintiff argues that whether Amazon acted "reasonably" in "charging a $9.95 service fee … is a question of fact," citing *Skansgaard v. Bank of Am., N.A.*, 896 F. Supp. 2d 944 (W.D. Wash. 2011). Opp. at 19. In *Skansgaard*, a key contract term was ambiguous such that the reasonableness of defendant's actions was a factual question. 896 F. Supp. 2d at 947-48. But where the contract "unambiguously permit[s] [one party]" to do something, and that party's contractual right is "not subject to any conditions," then there is "no room for the exercise of discretion" and "nothing to which to apply the covenant of good faith." *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 740-41, 935 P.2d 628 (1997). The Prime Terms unambiguously allow Amazon to "add or remove Prime membership benefits"; thus, the implied covenant of good faith is irrelevant because Plaintiff cannot "contradict express terms in a contract" through an implied covenant. *Gray*, 2023 WL 1068513, at *4-5 (dismissing breach of implied covenant claim because Amazon's policies authorized the conduct at issue); *accord Goodyear Tire*, 86 Wn. App. at 741.

## V.  PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS.

Plaintiff does not deny that her unjust enrichment claim fails if there is a valid contract. *See* Opp. at 20. Still, she argues that the claim should survive as an "alternative theory of liability." *Id.* It should not. The CAC never pleads unjust enrichment in the "alternative." *See generally* CAC; *cf. Schneider*, 151 F.3d at 1197 n.1. Furthermore, under Washington law, a plaintiff cannot plead unjust enrichment in the alternative if she seeks to enforce a valid contract. *See Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1187 (W.D. Wash. 2010). Plaintiff cannot credibly

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL
- 9 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

argue that the Prime Terms are invalid when this lawsuit is premised entirely on Plaintiff's Prime membership. Consequently, Plaintiff "is bound by the provisions of [the Prime Terms]" and cannot "bring an action on an implied contract relating to the same matter, in contravention of the express contract." *Chandler v. Washington Toll Bridge Auth.*, 17 Wn.2d 591, 604, 137 P.2d 97 (1943); *Reading Hosp. v. Anglepoint Grp., Inc.*, No. C15-0251, 2015 WL 13145347, at *2 (W.D. Wash. May 26, 2015) (unjust enrichment claim barred because it was "'about' the same subject matter that is governed by the contract").

## VI. IMPROPER ALLEGATIONS SHOULD BE STRICKEN FROM THE CAC.

Amazon asked the Court to strike from the CAC an improper proposed class and allegations related to harm that Plaintiff never suffered. *See* Mot. at 22-24. Plaintiff's response is that those issues will not cause Amazon any "prejudice." Opp. at 21. But "Rule 12(f) says nothing about a showing of prejudice and allows a court to strike material *sua sponte*." *Atlantic Richfield Co. v. Ramirez*, 176 F.3d 481, 481 (9th Cir. 1999). Courts regularly grant motions to strike without any demonstration of prejudice to the moving party. *See* Mot. at 22-24.

Nevertheless, Amazon *is* prejudiced by "redundant, immaterial, [and] impertinent" allegations in the CAC. Plaintiff's second proposed nationwide class should be stricken as redundant of her first proposed class. *See Ramirez*, 176 F.3d at 481; Mot. at 22-23. Plaintiff counters that the second proposed class consists of "consumers who did not pay the service fee." Opp. at 22. But that directly contradicts the CAC and covers absent class members who cannot possibly satisfy Plaintiff's own definition of injury. *See* CAC ¶ 30 ("Plaintiff and the Class … suffered loss **in an amount equal to the deceptively advertised service fees** …"), ¶ 37 ("Plaintiff and the Class members **all purchased Whole Foods grocery deliveries** …") (emphases added). Under her own theory of harm, class members in the second proposed nationwide class have "[n]o concrete harm, no standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021). No amount of discovery would "produce persuasive information substantiating the[se] class action allegations." *Cashatt v. Ford Motor Co.*, No. 3:19-cv-05886, 2021 WL 1140227, at *1 (W.D. Wash. Mar. 24, 2021).

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 10 -

Fenwick & West LLP
1191 Second Avenue, 10th Floor
Seattle, Washington 98101

The Court should also strike Plaintiff's allegations about package delivery delays and the optional tip. Plaintiff admits that she was not impacted by either of those alleged issues. *See* Opp. at 23. Consequently, those issues are not "background" for Plaintiff's claims; they are irrelevant and baseless attacks on Amazon. A defendant is prejudiced by "superfluous pleadings," which "unnecessarily complicate[]" issues for the trier of fact. *Perez v. Guardian Roofing*, No. 3:15-cv-05623, 2016 WL 898545, at *3 (W.D. Wash. Mar. 9, 2016).

## CONCLUSION

Amendment would be futile because Plaintiff's legal theories are fundamentally flawed and cannot be saved. The Court should dismiss the CAC in its entirety, with prejudice.

Dated: March 3, 2023

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423
Y. Monica Chan, WSBA No. 58900
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Tel.: 206.389.4510
Email: bbuckley@fenwick.com
mchan@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Tel.: 415.875.2300
Email: jwakefield@fenwick.com

*Attorneys for Defendant*
AMAZON.COM, INC.

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 11 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

## LCR 7(e) WORD-COUNT CERTIFICATION

As required by Western District of Washington Local Civil Rule 7(e), I certify that this memorandum contains 4,062 words.

Dated: March 3, 2023

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
    Brian D. Buckley, WSBA No. 26423

REPLY ISO MTN TO DISMISS
AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 12 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101