THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON SERVICE FEE LITIGATION

Case No.: 2:22-cv-00743-TL

(Consolidated Case)

**AMAZON.COM'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT AND STRIKE CERTAIN ALLEGATIONS**

<u>NOTE ON MOTION CALENDAR:</u>
MARCH 3, 2023

ORAL ARGUMENT REQUESTED

REPLY ISO REQ. FOR JUDICIAL NOTICE
ISO AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

Fenwick & West LLP
1191 Second Avenue, 10th Floor
Seattle, Washington 98101

Plaintiff's Consolidated Amended Complaint ("CAC") refers to, cites, and relies on six documents: Amazon's Conditions of Use ("COUs"), two online articles about the $9.95 service fee for Whole Foods Market ("WFM") deliveries (the "Articles"), Amazon's September 2021 email announcement about the service fee ("Email Notice"), and two screenshots of the WFM checkout process on amazon.com ("Screenshots") (collectively, the "Noticed Records"). *See* Declaration of Brian D. Buckley ("Buckley Decl.") in Support of Amazon's Request for Judicial Notice ("RJN"), Exs. A-F. Because the Noticed Records form the basis for Plaintiff's claims, the Court should consider these materials in connection with Amazon's motion to dismiss.

## I. ARGUMENT

### A. The Noticed Records Are Incorporated By Reference Into The CAC.

Plaintiff acknowledges that incorporation by reference is appropriate when "plaintiff's claim depends on a document," and "the parties do not dispute the authenticity of the document." Opposition ("Opp.") at 2 (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). Plaintiff concedes that records like the COUs should be incorporated by reference in the CAC. *Id.* at 1; *see* Buckley Decl., Exs. A, C-D. But she claims that "even if a document is incorporated by reference into a complaint, the doctrine cannot be considered for the truth of the matter it asserts." Opp. at 2-3 (citing *Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028 (W.D. Wash. 2018) and *City of Roseville Empls. Ret. Sys. v. Sterling*, 963 F. Supp. 2d 1092 (E.D. Wash. 2013)). That misstates the standard. Just like the litigants in *Roseville*, Plaintiff "mistakenly conflate[s] the doctrine of incorporation by reference with the separate concept of judicial notice." 963 F. Supp. 2d at 1108. Unlike judicial notice, "once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss." *Id.* at 1107; *see also Wilson*, 349 F. Supp. 3d a 1042 (ruling on judicial notice, not incorporation by reference).

The Email Notice and Screenshots should also be incorporated by reference into the CAC because they form the basis of Plaintiff's claims. The Opposition argues that the Email Notice (**Exhibit B**) "is not integral or necessary to Plaintiff's CAC because the email was mentioned only in news articles that are cited in the CAC." Opp. at 3. The Court should reject this myopic view. This entire lawsuit hinges on Plaintiff's allegation that Amazon deceptively charged Prime

REPLY ISO REQ. FOR JUDICIAL NOTICE
ISO AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL
- 1 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

members a "hidden" and deceptive service fee for WFM delivery. CAC ¶ 14; *see also* Opp. at 3. The Email Notice was the origin of the service fee that is so integral to Plaintiff's claims. It also explained that Amazon implemented the fee to cover "operating costs." *Compare* CAC ¶ 14, *with* Buckley Decl., Ex. B. On this basis, Plaintiff alleges that the fee is "mislabeled" and "deceptive [in] nature." CAC ¶¶ 14, 26. This is the precise reason that the incorporation by reference doctrine exists: to prevent Plaintiff "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006).[1]

Plaintiff cites *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010), which actually supports Amazon's request. Opp. at 2. In *Coto*, the Ninth Circuit held that an agreement governing billing and collection services was incorporated into the complaint, even though the complaint never expressly referred to the agreement. 593 F.3d at 1038. Because the complaint contained allegations that the plaintiffs used the defendants to handle their billings, the agreement was "integral" to the amended complaint. *Id.* Plaintiff also cites *Hunichen v. Atonomi LLC*, No. C19-0615, 2020 WL 6875558 (W.D. Wash. Oct. 6, 2020), which is distinguishable. Opp. at 2. There, the movant sought to introduce blockchain transaction records, but those records appeared incomplete, movant sought to use the records as evidence of "party admissions," and the court was unaware of any other court that had ever considered blockchain evidence on a motion to dismiss. 2020 WL 6875558, at *5-6. Those factors clearly are not present here, and courts regularly incorporate by reference email communications. *See, e.g.*, *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 867 (N.D. Cal. 2022) (incorporating by reference Twitter's email notifications).

Plaintiff also seeks to exclude Screenshots of two webpages in the WFM checkout process (**Exhibits E and F**) that Plaintiff selectively omitted from the CAC. She attempts to recharacterize the CAC as challenging only the "initial webpage that shows the price of the Whole Foods grocery items." Opp. at 3. But this argument directly contradicts her allegations. The CAC contends that

---

[1] Plaintiff argues that Amazon did not establish that the Email Notice was sent to Plaintiff or that she was put on notice of the service fee. Opp. at 3. But "notice" is not an element of the incorporation by reference doctrine.

the entire "buying" and "ordering process" is part of Amazon's "drip pricing" or "bait-and-switch" scheme. CAC ¶¶ 15-19. The CAC even offers other screenshots from the ordering process, such as the item-specific page and the "Review your Whole Foods Market order" page. *See id.* ¶¶ 17-18. Plaintiff cannot select only the portions that support her claims, while omitting others that "weaken—or doom—[her] claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing *Parrino*, 146 F.3d at 706). A "review of the web pages in the context in which they are seen by consumers when they are using [Amazon's] website is necessary to determine if the webpages are deceptive." *See CMRE Fin. Servs. Inc. v. Doxo Inc.*, No. 2:22-cv-00298-RAJ-BAT, 2022 WL 16701259, at *4 (W.D. Wash. Oct. 7, 2022), *report and recommendation adopted*, No. 2:22-cv-00298-RAJ-BAT, 2022 WL 16699090 (W.D. Wash. Nov. 3, 2022). Because the allegedly deceptive nature of Amazon's WFM ordering process is the basis of Plaintiff's claims, "the [c]ourt can consider all aspects of … the checkout experience." *Id.*

### B. The COUs, Articles, And Screenshots Are Subject To Judicial Notice.

Alternatively, the Court should take judicial notice of the relevant materials.[2] Plaintiff concedes that the COUs and Articles are subject to judicial notice. *See* Opp. at 1. But she argues that the Court should not take judicial notice of the Screenshots because "Amazon fails to establish when these webpages were active or whether they existed at the time Plaintiff made her online order." Opp. at 5. As an initial matter, the CAC's undated screenshots from Amazon's website are vulnerable to the same argument. *See* CAC ¶¶ 16-17. Plaintiff does not explain why she is entitled to rely on the CAC's screenshots as a sword but exclude Amazon's Screenshots captured from the same checkout process.

In any event, Plaintiff's argument misses the mark. The Buckley Declaration explains when the Screenshots were captured and active. *See* Buckley Decl. ¶ 7. Moreover, Plaintiff does not dispute that the Court may take judicial notice of a publicly available website. *Wilson v. PTT, LLC*, 351 F. Supp. 3d 1325, 1338 (W.D. Wash. 2018) (cited in Opp. at 4). The Screenshots were captured from Amazon's publicly available website and shows "what was in the public realm at

---

[2] Amazon did not ask the Court to take judicial notice of Exhibit B, the Email Notice. *See* RJN at 5.

the time," *F.D.I.C. v. Clementz*, No. C13-737 MJP, 2013 WL 6212166, at *3 (W.D. Wash. Nov. 27, 2013) (citation omitted), and "seen by consumers when they are using [Amazon's] website," *CMRE*, 2022 WL 16701259, at *4. Because the accuracy of the Screenshots can be readily determined, the Court may take judicial notice of these exhibits.

## II. CONCLUSION

For these reasons, Amazon respectfully requests that the Court consider the Noticed Records in connection with its motion to dismiss the CAC.

Dated: March 3, 2023

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423
Y. Monica Chan, WSBA No. 58900
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Tel.: 206.389.4510
Email: bbuckley@fenwick.com
mchan@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Tel.: 415.875.2300
Email: jwakefield@fenwick.com

*Attorneys for Defendant*
AMAZON.COM, INC.

REPLY ISO REQ. FOR JUDICIAL NOTICE
ISO AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

- 4 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

**LCR 7(e) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rule 7(e), I certify that this memorandum contains 1,302 words.

Dated: March 3, 2023

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
  Brian D. Buckley, WSBA No. 26423

REPLY ISO REQ. FOR JUDICIAL NOTICE
ISO AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

- 5 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101