THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON SERVICE FEE LITIGATION

Case No.: 2:22-cv-00743-TL

(CONSOLIDATED CASE)

**AMAZON'S SUPPLEMENTAL BRIEFING ON *MARQUEZ V. AMAZON.COM, INC.***

AMAZON'S SUPPLEMENTAL BRIEFING ON
*MARQUEZ V. AMAZON.COM, INC.*
CASE NO.: 2:22-CV-00743-TL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.389.4510
FACSIMILE: 206.389.4511

In connection with Amazon's pending motion to dismiss (Dkt. No. 51), the Court directed Amazon to file a supplemental brief addressing the relevance of *Marquez v. Amazon.com, Inc.*, 69 F.4th 1262 (11th Cir 2023). Dkt. No. 65. This case and *Marquez* rely on the same underlying theory: that by removing one Prime membership benefit—in this case, free Whole Foods Market ("WFM") delivery, and in *Marquez*, the so-called "Rapid Delivery"—Amazon breached the Prime terms and violated Washington law. In a thorough and well-reasoned opinion, the *Marquez* court rejected that theory and affirmed dismissal of the plaintiffs' claims. The Court should follow suit and dismiss the Consolidated Amended Complaint ("CAC").

As the Court is aware, Prime is a subscription service that offers members many benefits that are not available to other Amazon customers. Among those benefits is "Rapid Delivery," which is expedited shipping (*e.g.*, same-day, one-day, or two-day) at no additional cost for some Prime-eligible products. During the COVID-19 pandemic, Amazon temporarily suspended Rapid Delivery without notifying Prime members. *Marquez*, 69 F.4th at 1266. The *Marquez* plaintiffs argued that, by this action, Amazon breached the parties' contract (*i.e.*, the Prime Terms & Conditions), breached the implied covenant of good faith and fair dealing, violated the Washington Consumer Protection Act ("WCPA"), and was unjustly enriched. *Id*. at 1268. The district court disagreed and dismissed the plaintiffs' claims. The Eleventh Circuit affirmed, and its reasoning applies with full force here.

Because Amazon is committed to anticipating and exceeding customer expectations, it periodically adds, changes, or discontinues Prime benefits in response to trends and customers' evolving needs. The Amazon Prime Terms repeatedly and clearly disclose that the benefits associated with the Prime membership may change.[1] Specifically, the Prime Terms state that Amazon "may choose in its **sole discretion** to add or remove Prime membership benefits"; Amazon "may **in [its] discretion** change these [Prime] Terms … or any aspect of Prime membership, without notice to you"; and "YOUR CONTINUED MEMBERSHIP AFTER [AMAZON] CHANGE[S] THESE TERMS CONSTITUTES YOUR ACCEPTANCE OF THE

---

[1] The Prime Terms are attached to and incorporated into the CAC. CAC, ¶ 8, Ex. 1.

AMAZON'S SUPPLEMENTAL BRIEFING ON - 1 -
*MARQUEZ V. AMAZON.COM, INC.*
CASE NO.: 2:22-CV-00743-TL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.389.4510
FACSIMILE: 206.389.4511

CHANGES." CAC, Ex. 1 at 2 (emphases added). If Prime members "DO NOT AGREE TO ANY CHANGES, [THEY] MUST CANCEL [THEIR] MEMBERSHIP." *Id.* The Prime Terms also incorporate the Amazon Conditions of Use ("COUs"), which disclose:

> AMAZON SERVICES AND ALL INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) AND OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH THE AMAZON SERVICES ARE PROVIDED BY AMAZON ON AN "AS IS" AND "AS AVAILABLE" BASIS.

Declaration of Brian D. Buckley ("Buckley Decl.") (Dkt. No. 53), Ex. A at 3-4. Those terms make clear that a Prime membership is a fluid bundle of benefits that Amazon can add, remove, or change over time, not a guarantee of any specific benefit or a fixed set of benefits. The *Marquez* decision involved the same set of terms. 69 F.4th at 1267.

In affirming dismissal of the plaintiffs' breach of contract claim, the Eleventh Circuit found that the Prime Terms "qualified the rights of Prime subscribers and gave Amazon the authority to modify Prime benefits." *Marquez*, 69 F.4th at 1270-71. "[I]f an action is permitted by the contract, the performance of that action is not a breach." *Id.* at 1270 (citing *Myers v. State*, 152 Wn. App. 823, 829-30, 218 P.3d 241 (2009)). Moreover, if a Prime member opts not to cancel her membership after Amazon makes a change to the benefits, that constitutes acceptance of and assent to the change. *Id.* at 1270 n.10 ("If [plaintiffs] chose not to cancel, however, their 'continued membership ... constitute[d] ... acceptance of the[ ] changes.' This provision reinforces our conclusion that there was no breach. That is, once plaintiffs accepted the new terms, they lost their claim that Amazon breached the original terms.").[2]

For the same reasons, Plaintiff's breach of contract claim here fails as a matter of law. Amazon had discretion to remove the free WFM delivery benefit, and Plaintiff agreed to such discretion when she signed up for Prime and when she renewed that agreement by choosing not to cancel her membership after the WFM benefit was removed. S*ee* CAC ¶¶ 24-25.[3]

---

[2] The Eleventh Circuit also rejected the plaintiffs' arguments that the Prime Terms are illusory and unconscionable. *Marquez*, 69 F.4th at 1271-73. Plaintiff has not made those arguments here.

[3] In addition to asserting the same claims at issue in *Marquez*, Plaintiff tacked on claims for violations of California's Consumer Legal Remedies Act, False Advertising Law, and Unfair Competition Law, and for fraud, negligent misrepresentation, concealment/non-disclosure, and declaratory relief. CAC ¶¶ 47-134. As Amazon addressed in its

AMAZON'S SUPPLEMENTAL BRIEFING ON - 2 -
*MARQUEZ V. AMAZON.COM, INC.*
CASE NO.: 2:22-CV-00743-TL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.389.4510
FACSIMILE: 206.389.4511

The same reasoning applies with equal force to require dismissal of Plaintiff's implied duty of good faith and fair dealing and WCPA claims. In affirming dismissal of the plaintiffs' implied duty of good faith and fair dealing claim in *Marquez*, the Eleventh Circuit held that "unconditional authority to determine a term effectively cancels the duty of good faith and fair dealing." 69 F.4th at 1273 (citing *Rekhter v. State, Dep't of Soc. & Health Servs.*, 180 Wn.2d 102, 119-20, 323 P.3d 1036 (2014)). Because the Prime Terms give Amazon "sole discretion" to change the Prime benefits, the Eleventh Circuit found it "the quintessential case of a 'contract [that] gives a party unconditional authority,'" which rendered the duty of good faith and fair dealing "***non-existent*** in this instance." *Id.* at 1273-74 (emphasis added). That rule defeats Plaintiff's implied duty claim in this case as well. As Amazon explained in its dismissal reply, "where the contract 'unambiguously permit[s] [one party]' to do something, and that party's contractual right is 'not subject to any conditions,' there is 'no room for the exercise of discretion' and 'nothing to which to apply the covenant of good faith.'" Dkt. No. 62 at 9 (quoting *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 740-41, 935 P.2d 628 (1997)). Likewise, the *Marquez* court held that Amazon's conduct was not unfair or deceptive because the terms governing Amazon's "power to alter subscribers' memberships" "were easily accessible and straightforward" and do not "hid[e] the ball in any way." *Marquez* at 1274-55 (quoting *HB Dev., LLC v. W. Pac. Mut. Ins.*, 86 F. Supp. 3d 1164, 1187 (E.D. Wash. 2015)). That is true here. Amazon puts Prime members on notice that Amazon can change or remove Prime benefits. CAC, ¶¶ 16-18, Ex. 1; Buckley Ex. A. In addition, Amazon specifically notified Prime members by email, in advance, that the free WFM delivery benefit was being eliminated. Buckley Ex. B.[4] Thus, Amazon did not misrepresent, omit, or "hide" anything, which defeats Plaintiff's WCPA claim (and, for that matter, all of her claims that are predicated on some alleged fraud or falsehood).

---

dismissal motion, Plaintiff's California law claims fail because the contract requires the application of Washington law. Dkt. 51, § I.A. The *Marquez* court correctly applied Washington law. 69 F.4th at 1270 n.8 (we "must apply Washington law in light of the choice-of-law clause" in the COUs). Plaintiff's other fraud- and misrepresentation-based claims also fail for the various reasons set out in Amazon's motion (Dkt. No. 51, § I.B), and because Amazon "concealed" nothing; as the *Marquez* court aptly noted, Amazon's terms and disclosures do not "hid[e] the ball in any way." 69 F.4th at 1274.

[4] In *Marquez*, the court affirmed dismissal of the plaintiffs' claims even though they did *not* have advance notice that Rapid Delivery was being suspended. 69 F.4th at 1266.

AMAZON'S SUPPLEMENTAL BRIEFING ON
*MARQUEZ V. AMAZON.COM, INC.*
CASE NO.: 2:22-CV-00743-TL

- 3 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.389.4510
FACSIMILE: 206.389.4511

The *Marquez* court also disposed of the plaintiffs' unjust enrichment claim. It is axiomatic that "unjust enrichment is appropriate only absent a contract." *Marquez*, 69 F.4th at 1276. The court found that the plaintiffs' unjust enrichment claim "incorporates by reference allegations of the existence of a contract between the parties" and that "contractual relationship defeats the[] unjust enrichment claim." *Id*. (quoting *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 887 (7th Cir. 2022)). Again, the same is true in this case. Moreover, the CAC never attempts to plead unjust enrichment in the "alternative," which (as explained in Amazon's reply) would be improper in any event. Dkt. No. 62 at 9-10 (citing *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1187 (W.D. Wash. 2010)); *see also Wodja v. Wash. State Emps Credit Union*, No. C15-5694-BHS, 2016 WL 3218832, at * 4 (W.D. Wash. June 9, 2016) (an unjust enrichment claim is not a viable alternative to a breach of contract claim). Like in *Marquez*, Plaintiff's unjust enrichment claim refers to and incorporates the parties' contract, and therefore fails as a matter of law.

In sum, *Marquez* is thorough, well-reasoned, and particularly instructive here. The *Marquez* court applied Washington law to dismiss claims substantially similar to Plaintiff's here, applying the same contractual provisions in the Prime Terms and COUS. As *Marquez* confirms, and for the reasons set forth in Amazon's motion to dismiss briefing, all of Plaintiff's claims fail as a matter of law and should be dismissed with prejudice.

Dated: November 17, 2023      Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
    Brian D. Buckley, WSBA No. 26423

Y. Monica Chan, WSBA No. 58900
401 Union Street, 5th Floor
Seattle, WA 98101
Tel.:    206.389.4510
Email:   bbuckley@fenwick.com
         mchan@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Email:   jwakefield@fenwick.com
*Attorneys for Defendant AMAZON.COM, INC.*

AMAZON'S SUPPLEMENTAL BRIEFING ON - 4 -
*MARQUEZ V. AMAZON.COM, INC.*
CASE NO.: 2:22-CV-00743-TL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.389.4510
FACSIMILE: 206.389.4511