The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON SERVICE FEE LITIGATION | No. 2:22-cv-00743-TL<br><br>(CONSOLIDATED CASE)<br><br>PLAINTIFF'S SUPPLEMENTAL BRIEFING ON *MARQUEZ V. AMAZON.COM, INC.* |

PLAINTIFF'S SUPPLEMENTAL BRIEFING ON
MARQUEZ V. AMAZON.COM, INC.
(Case No. 2:22-cv-00743-TL)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

Pursuant to the Court's Order, Dkt. No. 65, Plaintiff Dena Griffith submits this supplemental brief addressing *Marquez v. Amazon.com, Inc.*, 69 F.4th 1262 (11th Cir. 2023). *Marquez* is factually and legally distinct with respect to each claim in this case and therefore provides no meaningful support for Amazon's motion to dismiss.

To begin, the gravamen of the alleged wrongdoing is fundamentally different in the two cases. *Marquez* arose out of Amazon's decision to temporarily suspend "Rapid Delivery" of non-essential items at the start of the COVID-19 pandemic to prioritize delivery of medical supplies, food, and other essential goods. 69 F.4th at 1266. The emergent nature of the situation permeates the court's analysis. *Id.* at 1266, 1268, 1275 n.14, 1276. By contrast, the core of Plaintiff's allegations here are that Amazon falsely advertised "free" two-hour grocery delivery to Prime members, while in fact charging a $9.95 delivery fee in a way designed to mislead ordinary consumers. The delivery fee was not an emergency response to an unprecedented global pandemic; it was corporate profit-taking through drip-pricing and bait and switch advertising. This distinction carries through the analysis of each of Plaintiff's claims.

First, Amazon does not even address Plaintiff's Consumer Protection Act ("CPA") claim in its supplemental briefing, apparently recognizing that the CPA claim here is fundamentally different than in *Marquez*. Specifically, the CPA claim in *Marquez* was completely derivative of the contract claim. As the Eleventh Circuit explained, the *Marquez* plaintiffs alleged that Amazon violated the CPA because it "breach[ed] its contract" with Prime members and "'the least sophisticated consumer' was 'likely to [be] misl[ed]' *by the contract's terms*." 69 F.4th at 1275 (emphasis added). By contrast, the CPA allegations in this case are completely independent of the terms and conditions of the Prime contract.

PLAINTIFF'S SUPPLEMENTAL BRIEFING ON
MARQUEZ V. AMAZON.COM, INC. - 1
(Case No. 2:22-cv-00743-TL)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

Instead, they hinge on Amazon's false advertising of free Whole Foods delivery and its charging of a delivery fee for that service, contrary to its advertising and in a manner designed to keep the fee hidden from the ordinary consumer. Plaintiff's fraudulent inducement, bait and switch advertising, and drip-pricing claims can be adjudicated without reference to the terms of the Prime contract and are thus wholly distinguishable from the CPA claims in *Marquez*.

Second, although there may be some superficial resemblance between the breach of contract claims in the two cases, they in fact differ in significant ways. To begin, although the Eleventh Circuit "assume[d] that Amazon's contract with Prime subscribers included a promise to provide Rapid Delivery," it also noted that Rapid Delivery "is not a contract term." 69 F.4th at 1269, 1266 n.1. In other words, plaintiffs there did not and could not point to any contract term that guaranteed them Rapid Delivery. By contrast, Plaintiff here alleges that Amazon's advertised promise of "free" Whole Foods delivery was integrated into the Prime contract and that Amazon breached this specific promise when it began charging Whole Foods delivery fees.

Next, *Marquez* found that Amazon had the "right to limit Rapid Delivery" temporarily to essential items during the early days of the pandemic, in response to the public emergency and pursuant to contractual terms that allowed it to remove membership benefits or provide them on an "as is" and "as available" basis. 69 F.4th at 1270-71. Here, however, Amazon *permanently* eliminated a specifically promised benefit not because of any exigent circumstance but to boost its own profits. Indeed, there can be no argument that free Whole Foods delivery was no longer "available" – Amazon continued to provide the service, it just began charging for it.

PLAINTIFF'S SUPPLEMENTAL BRIEFING ON
MARQUEZ V. AMAZON.COM, INC. - 2
(Case No. 2:22-cv-00743-TL)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Moreover, *Marquez* reasoned that the temporary limitation on Rapid Delivery was not unconscionable and did not breach the contract because Prime subscribers had "the option to cancel their Prime membership *at any time*." 69 F.4th at 1273. By contrast, the Consolidated Complaint in this case alleges that this was not truly the case because Prime members who used any Prime benefit more than three days after the start of their annual membership could not cancel their membership or receive a refund in response to the termination of the "free" Whole Foods delivery program until their next annual renewal date. Dkt. No. 47, ¶23. The Eleventh Circuit's conclusions regarding breach of contract and unconscionability are undermined by its failure to either be apprised of or acknowledge this severe constraint on consumers' ability to cancel their Prime memberships.[1]

Third, *Marquez*'s analysis of the duty of good faith and fair dealing is distinguishable for much the same reasons. *Marquez* concluded that Amazon did not breach that duty because it had unconditional authority to suspend Rapid Delivery of some goods, the Prime contract conditioned Rapid Delivery on an "as is" and "as available" basis, and consumers had the right to cancel their Prime subscriptions if they disagreed with Amazon's modification of the contract. Here, however, Amazon did not have unfettered authority to start charging deceptive delivery fees after specifically promising (and integrating in the contract) "free" Whole Foods delivery, the "as available" clause of the Prime contract is not at issue, and customers could not cancel their memberships and get a refund. Thus, Amazon breached its duty of good faith and fair dealing by abusing its discretion under the contract to

---

[1] Amazon asserts that it notified consumers that it was terminating free Whole Foods delivery. That "fact" is not alleged in the Consolidated Complaint and Amazon cannot rely on an email outside the pleadings to support its motion to dismiss. *See* Dkt. No. 61 at 4. More importantly, it is irrelevant given the inability of consumers to cancel and receive a refund in response to the termination.

PLAINTIFF'S SUPPLEMENTAL BRIEFING ON
MARQUEZ V. AMAZON.COM, INC. - 3
(Case No. 2:22-cv-00743-TL)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

terminate the free delivery service without any refund or recourse to consumers and by engaging in surreptitious collection of an additional delivery fee. *See Rekhter v. State, Dep't of Soc. & Health Servs*., 323 P.3d 1036, 1041 (Wash. 2014) (holding "the duty of good faith and fair dealing arises when one party has discretionary authority to determine a future contract term" and may be breached even when a party does not breach the underlying contract); *Smartwings, a.s. v. Boeing Co*., No. C21-918 RSM, 2022 WL 579342, at *6 (W.D. Wash. Feb. 25, 2022) (holding that party may breach the duty in myriad ways, including evading the spirit of a bargain and willfully rendering imperfect performance, as well as abusing discretion granted under the contract).[2]

Finally, *Marquez* affirmed dismissal of plaintiffs' unjust enrichment claim because plaintiffs "specifically incorporated the terms of their contract with Amazon as part of their unjust enrichment count," even while recognizing that plaintiffs "may plead breach of contract and unjust enrichment in the alternative." 69 F.4th at 1276. This holding is inapposite for several reasons. First, Plaintiff's unjust enrichment claim here is premised on her payment of an additional delivery fee for a service Amazon promised would be free. *Cf. Fulltime Fantasy Sports, LLC v. Tedeschi*, No. C22-0295-JCC, 2022 WL 9354192, at *5 (W.D. Wash. Oct. 14, 2022) ("Plaintiff has alleged facts that show Defendants received benefits without [consideration]"). In *Marquez*, no such additional payment occurred. Second, Amazon incorrectly asserts that Plaintiff did not challenge the validity or

---

[2] To the extent Amazon argues, and *Marquez* concluded, that it has unconditional discretion to eliminate any and all Prime benefits, including those specifically promised, the Prime contract would be illusory. *See Interchange Assocs. v. Interchange, Inc*., 557 P.2d 357, 359 (Wash. Ct. App. 1976) ("When an absolute right to cancel a promised performance is retained, the promise is illusory and insufficient consideration to support enforcement of the return promise.") Here, of course, Plaintiff already performed her "return promise" by paying for a non-refundable Prime membership. On the other hand, if Amazon does not have an unbridled right to cancel all Prime benefits, then there must be some limits on its discretion and the duty of good faith and fair dealing would adhere.

PLAINTIFF'S SUPPLEMENTAL BRIEFING ON
MARQUEZ V. AMAZON.COM, INC. - 4
(Case No. 2:22-cv-00743-TL)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

conscionability of the Prime contract here. *See* Dkt. No. 70 (Def. Supp. Br.) at 2 n.2. In fact, the Consolidated Complaint specifically alleges that the contract is "void or voidable" and "unconscionable," questions its lawfulness or enforceability, and alleges that Amazon impermissibly modified the contract without consideration. *See* Dkt. No. 47, ¶¶123, 132. But even if these allegations are insufficiently precise, "courts have recognized that a plaintiff need not allege that a contract is invalid at the motion to dismiss stage, given that such an allegation is implicit in the assertion of a quasi-contract claim" *Scott v. Carr*, No. C20-0236-RSM, 2020 WL 6381812, at *5 (W.D. Wash. Oct. 30, 2020). Third, *Marquez*'s holding that dismissal is warranted because the unjust enrichment claim incorporated the contractual allegations by reference is not binding on this Court and is contrary to Fed. R. Civ. P. 8(d)(2), which allows pleading in the alternative "*in a single count.*" *Id.* (emphasis added); *see also Scott*, 2020 WL 6381812, at *4 (citing and discussing Fed. R. Civ. P. 8(d)(2)). Finally, even if the Court were to conclude that the Consolidated Complaint is somehow deficient, the appropriate remedy is to grant leave to amend, not to dismiss the claims outright.. *See Petersen v. Boeing Co.*, 715 F.3d 276, 282 (9th Cir. 2013) ("[L]eave to amend 'should be granted with extreme liberality.'"); *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 887 (7th Cir. 2022) (granting leave to amend unjust enrichment claim to eliminate incorporation by reference of contract allegations) (cited in *Marquez*, 69 F.4th at 1276).

DATED: December 1, 2023                     SCHROETER GOLDMARK & BENDER

*s/Adam J. Berger*
Adam J. Berger, WSBA #20714
Lindsay Halm, WSBA #37141
Carson Phillips-Spotts, WSBA #51207
401 Union Street, Suite 3400 | Seattle, WA 98101
Phone: (206) 622-8000 | berger@sgb-law.com

*Counsel for Plaintiff*

PLAINTIFF'S SUPPLEMENTAL BRIEFING ON
MARQUEZ V. AMAZON.COM, INC. - 5
(Case No. 2:22-cv-00743-TL)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

BORDE LAW PLLC
Manish Borde, WSBA #39503
600 Stewart St., 400
Seattle, WA 98101
Telephone: (206) 531-2722
mborde@bordelaw.com

LAW OFFICES OF RONALD A. MARRON
Ronald A. Marron (pro hac vice)
Michael T. Houchin (pro hac vice)
Lilach Halperin (pro hac vice)
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
ron@consumersadvocates.com
mike@consumersadvocates.com
lilach@consumersadvocates.com

*Counsel for Plaintiff*

PLAINTIFF'S SUPPLEMENTAL BRIEFING ON
MARQUEZ V. AMAZON.COM, INC. - 6
(Case No. 2:22-cv-00743-TL)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| **BORDE LAW PLLC**<br>Manish Borde, WSBA #39503<br>600 Stewart St., 400<br>Seattle, WA 98101<br>Telephone: (206) 531-2722<br>Email: mborde@bordelaw.com<br>*Attorney for Plaintiff* | **FENWICK & WEST LLP**<br>Brian D. Buckley, WSBA No. 26423<br>Y. Monica Chan, WSBA No. 58900<br>401 Union Street, 5th Floor<br>Seattle, WA 98101<br>Telephone: 206.389.4510<br>Email: bbuckley@fenwick.com<br>mchan@fenwick.com<br>*Attorneys for Defendant* |
| **LAW OFFICES OF RONALD A. MARRON**<br>Ronald A. Marron (*pro hac vice*)<br>Michael T. Houchin (*pro hac vice*)<br>Lilach Halperin (*pro hac vice*)<br>651 Arroyo Drive<br>San Diego, CA 92103<br>Telephone: (619) 696-9006<br>Fax: (619) 564-6665<br>Email: ron@consumersadvocates.com<br>mike@consumersadvocates.com<br>lilach@consumersadvocates.com<br>*Attorneys for Plaintiff* | Jedediah Wakefield (admitted *pro hac vice*)<br>555 California Street<br>San Francisco, CA 94104<br>Tel.: 415.875.2300<br>Email: jwakefield@fenwick.com<br>*Attorneys for Defendant* |

DATED at Vashon, Washington this 1st day of December, 2023.

*s/ Mary Dardeau*
Mary Dardeau, Paralegal
Schroeter Goldmark & Bender
401 Union Street, Suite 3400
Seattle, WA 98101
Tel: (206) 622-8000
dardeau@sgb-law.com

PLAINTIFF'S SUPPLEMENTAL BRIEFING ON
MARQUEZ V. AMAZON.COM, INC. - 7
(Case No. 2:22-cv-00743-TL)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305