UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON SERVICE FEE LITIGATION | Case No: 2:22-cv-00743-TL |
| | (CONSOLIDATED CASE) |
| | FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT- DEMAND FOR JURY TRIAL |

FIRST AMENDED CONSOLIDATED COMPLAINT-
CLASS ACTION DEMAND FOR JURY TRIAL

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Plaintiff Dena Griffith ("Plaintiff"), hereby brings this Action against Defendant Amazon.com, Inc. ("Defendant" or "Amazon") for misleading consumers concerning the amounts they must pay for grocery deliveries from Whole Foods Market and for breaching its contracts with its Amazon Prime members, and upon information and belief and investigation of counsel alleges as follows:

## I.     JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Defendant is a citizen of a state different from that of the Plaintiff, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interest and costs.

2.     This Court has both general and specific personal jurisdiction over the Defendant because Defendant has conducted and continues to conduct substantial business in the State of Washington and in King County, Washington.

3.     This Court has specific personal jurisdiction arising from Defendant's decision to conduct business in Washington. Defendant has sufficient minimum contacts with this State and sufficiently avails itself to the markets of this State to render the exercise of jurisdiction by this Court reasonable. Defendant maintains its corporate headquarters in the state of Washington.

4.     Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District.

## II.     PARTIES

5.     Defendant Amazon is the world's largest online marketplace. It is a Delaware corporation that is headquartered at 410 Terry Avenue North, Seattle, Washington 98109-5210.

6.     Plaintiff Dena Griffith is a citizen of the State of California who resides in Riverside County, California.

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 1 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

## III.    FACTUAL ALLEGATIONS

**A.    Amazon Advertises that Its Prime Members Will Receive "Free Delivery" and "Free 2-Hour Grocery Delivery"**

7.    Amazon offers a service called Amazon Prime, which is a paid subscription service that gives users access to additional services otherwise unavailable or available at a premium to other Amazon customers. Amazon Prime services include same, one or two-day delivery of goods and streaming music, video, e-books, gaming and grocery shopping services. In April 2021, Amazon reported that Prime had more than 200 million subscribers worldwide.[1]

8.    Amazon charges its customers approximately $14.99 per month or $139 per year for an Amazon Prime membership. Attached hereto as Exhibit 1 is a true and correct copy of Amazon's Prime Membership Agreement as of October 21, 2022.[2]

9.    One of the advertised benefits of Amazon Prime is that members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," including grocery deliveries from Whole Foods Market. Amazon makes these representations on the Amazon website and in television and print advertisements. Below are representative examples of advertisements from Amazon's website:

---

[1] *See Amazon Prime Tops 200 Million Members, Jeff Bezos Says,* VARIETY, *available at* https://variety.com/2021/digital/news/amazon-prime-200-million-jeff-bezos-1234952188/ (last visited June 6, 2022).

[2] The Prime Membership Agreement is available at https://www.amazon.com/gp/help/customer/display.html?nodeId=G2B9L3YR7LR8J4XP (last visited October 21, 2022).

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 2 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

## FREE 2–Hour Grocery Delivery
**Free ultrafast delivery on groceries and household essentials**



**Shop a wide selection of groceries including fresh foods and produce with free two-hour delivery from Fresh and your local Whole Foods Market. Available in select US cities**

- **Go to amazon.com/grocery to learn more**
- **Meet minimum order amount\***
- **Checkout using your existing Amazon account**

*\* Threshold amount may vary*

## Check out what's included:



### Fast, free delivery

Enjoy fast, free delivery, just for being a Prime member - including 2-hour delivery on thousands of items!



### Popular movies and shows

New releases. Award-winning Amazon Originals. Watch what you love on your favorite devices.



FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 3 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722



**Join Prime**

## FREE One-Day Delivery
### Get items the next day

**Available on more than ten million products, with no minimum purchase. Receive orders by 9 p.m the next day. Filter by "Get it tomorrow" when shopping. Selection and order cutoff varies by area.**
- **Look for the One-Day logo**
- **Add eligible items to your cart.**
- **Select delivery option at checkout.**

**LEARN MORE**

**B.**     **Amazon's "Free Delivery" Advertisements Are False and Misleading Because Amazon Charges a $9.95 Service Fee for Grocery Deliveries from Whole Foods Market**

10.     Whole Foods Market is a supermarket chain that is popularly known for its selections of organic foods. Whole Foods has approximately 500 stores in North America. In August of 2017, Amazon acquired Whole Foods Market and continues to own Whole Foods Market.

11.     Amazon offers its Prime members 2-hour grocery delivery from Whole Foods Market.

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722



**Pickup and delivery**

Prime members get convenient 2-hour grocery delivery and 1-hour pickup from their local store (available in select cities). Learn more and find frequently asked questions here.

Start a delivery or pickup order

12.     Amazon advertises that its Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," including for grocery deliveries from Whole Foods Market. This is false.

13.     In approximately October 25, 2021, Amazon began charging its customers— including its Prime member customers— a $9.95 "service fee" for all grocery deliveries from Whole Foods Market.[3] Accordingly, Amazon's representations that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery" are false, misleading, and likely to deceive a reasonable

---

[3] *See Amazon slaps a $9.95 fee on Whole Foods deliveries. And Walmart pounces,* CNN, *available at* https://www.cnn.com/2021/10/28/business/walmart-amazon-prime-fee/index.html (last visited June 6, 2022).

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

consumer, and Amazon's advertising and marketing omit information that would be important or material to a reasonable consumer.

14.    Amazon's $9.95 "service fee" is in essence a hidden or mislabeled delivery fee. As admitted by Amazon, the service fee was "put in place to help cover delivery operating costs like equipment and technology without raising product prices."[4] Amazon customers are only charged the $9.95 "service fee" for Whole Foods grocery deliveries. If a customer instead chooses to pick up the items in-store, then that customer will not be charged the service fee.

**C.    Amazon Engages in Bait-and-Switch Advertising by Not Disclosing the $9.95 Service Fee with the Advertised Price of the Whole Foods Grocery Items**

15.    In addition to Amazon's false representations that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," Amazon engages in a bait-and-switch advertising scheme by not disclosing the $9.95 service fee along with the advertised price of the Whole Foods grocery items.

16.    The first page of the Whole Foods delivery section on Amazon's website displays various grocery items alongside the advertised price of the items. For example, the advertised price of Whole Foods Feta Cheese is $4.29. Nowhere on this initial webpage is the $9.95 service fee disclosed as shown below:

---

[4] *See Amazon slaps a $9.95 fee on Whole Foods deliveries. And Walmart pounces,* CNN, *available at* https://www.cnn.com/2021/10/28/business/walmart-amazon-prime-fee/index.html (last visited June 6, 2022).

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722



17.     If a consumer then clicks on the desired grocery item, the next webpage states in opaque text "$9.95 for 2-hour delivery." This text is in small font and is unlikely to be noticed by a reasonable consumer. Moreover, the text is in smaller font and in a different color than the advertised price of the grocery item as shown below:

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 7 -

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

1    18.    Once the consumer clicks on the "add to cart" icon, there is a series of webpages asking

2    for payment and delivery information before the consumer arrives at the final "place your order" page.

3    On the "place your order" page, the service fee is shown in small text above the total price of the delivery

4    that is unlikely to be noticed by a reasonable consumer. Amazon's "place order" page is shown below:



16    19.    Amazon's practice of initially advertising only part of a price and then later revealing the

17    service fee as the consumer completes the buying process has been labeled "drip pricing" by the Federal

18    Trade Commission ("FTC").[5] Amazon uses drip pricing to bamboozle consumers using the tried and

19    true classic, and unlawful, bait advertising scheme.[6]   Again, Amazon advertises groceries from Whole

20

21    _____
     [5]  *See The Economics of Drip Pricing,* FEDERAL TRADE COMMISSION, *available at*
22    https://www.ftc.gov/news-events/events/2012/05/economics-drip-pricing (last visited June 6, 2022).

23    [6] "Bait advertising is an alluring but insincere offer to sell a product or service which the advertiser in
     truth does not intend or want to sell. Its purpose is to switch consumers from buying the advertised
24    merchandise, in order to sell something else, usually at a higher price or on a basis more advantageous

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 8 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Foods at a certain price and then tacks on a mandatory "service fee" later in the ordering process after the consumer is already invested in the ordering process.

**D.  Amazon Raises its Membership Prices**

20.    Amid instituting free Whole Foods delivery services for Amazon Prime members, Amazon announced that, beginning on May 11, 2018, the cost of an Amazon Prime membership would increase from $99 to $119.  While this increased cost immediately applied to new members who joined on or after May 11, 2018, preexisting Amazon Prime members' fees would increase upon renewal on or after June 16, 2018.  Around the time of this announcement, Amazon had approximately 100 million Prime members worldwide.

21.    Amazon understood that offering free two-hour delivery Whole Foods orders to Prime members increased the monetary value of Prime.  At the time, Amazon Chief Financial Officer, Brian Olsavsky, claimed that the price increase was a natural consequence of the growing benefits associated with an Amazon Prime membership, which would include free deliveries from Whole Foods.[7]

22.    The importance of this benefit became particularly pronounced during the Covid-19 pandemic, when deliveries from Whole Foods more than tripled from 2019 to 2020.[8]

23.    When Amazon eliminated Prime's free Whole Foods delivery program, however, the cost of a Prime membership was not reduced, nor did it provide any partial refund. Moreover, Amazon Prime members who had used a Prime benefit at any time outside a three-day period at the start of their

---

to the advertiser. The primary aim of a bait advertisement is to obtain leads as to persons interested in buying merchandise of the type so advertised." 16 CFR § 238.0.

[7]  https://arstechnica.com/information-technology/2018/04/amazon-to-raise-annual-membership-price-of-prime-to-119/.

[8] Jay Greene, *Amazon Prime Members Bristle at News of Whole Foods Delivery Charge*, WASH. POST (Sept. 29, 2021).

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 9 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

membership could not cancel their annual membership in response to the unilateral termination of the free delivery program until their next annual renewal date.

**F.    Plaintiff's Experience**

24.    At various times in early and mid-2021, Plaintiff saw and reasonably relied on Amazon's online advertisements of its free delivery of Whole Foods groceries to its Prime Customers. She specifically recalls having done so when visiting Amazon's platform on various occasions during this period where she saw advertisements for Prime that advertised "FREE Delivery" and "FREE 2-Hour Grocery Delivery." The advertisements were substantively identical or similar to the advertisements in ¶¶ 9-11, *supra*.

25.    In substantial, justified reliance on these advertisements, Plaintiff decided in or around June 2021 to subscribe to Amazon's Prime services, doing so in large measure because of Amazon's above-referenced advertisements and promise to make free deliveries of Whole Foods groceries to its Prime Customers.

26.    In or around June 2021, Plaintiff purchased a one-year Prime membership subscription. Upon purchasing this subscription, Plaintiff became obliged to pay Amazon's Prime subscription fees for one year, and she was eligible to cancel the subscription only under very narrow circumstances – either during the first three days of its term or before receiving any Prime service.

27.    Before then, Plaintiff shopped in person for many years at Whole Foods outlets in San Diego and in Palm Springs, California. Plaintiff decided to subscribe to Amazon's Prime services specifically to avail herself of Amazon's free deliveries of merchandise during the Covid-19 pandemic, including its free deliveries of groceries from Whole Foods. Amazon's advertisement of this service was a substantial inducement to Plaintiff to purchase an Amazon Prime membership.

28.    On June 5, 2021, Plaintiff made a $42.78 Whole Foods grocery purchase via the Amazon

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

platform using her Amazon Prime account and was not charged a $9.95 service fee.

29.     On July 6, 2021, Plaintiff made a $44.22 Whole Foods grocery purchase via the Amazon platform using her Amazon Prime account and was not charged a $9.95 service fee.

30.     On October 7, 2021, Plaintiff made a $67.35 Whole Foods grocery purchase via the Amazon platform using her Amazon Prime account and was not charged a $9.95 service fee.

31.     On January 22, 2022, however, Plaintiff made a $48.92 Whole Foods grocery purchase via the Amazon platform using her Amazon Prime account and was charged a $9.95 service fee, raising the item total to $58.87. Based on her viewing of the advertisements promising free delivery and the absence of service fees on her prior purchases from Whole Foods, Plaintiff did not expect she would be charged a fee for this purchase.

32.     Plaintiff does not recall ever having received or seen a specific, conspicuous notice of Amazon's addition of a $9.95 service to all Whole Foods grocery purchases. After realizing that she had been charged a service fee, Plaintiff did not place any further orders for delivery from Whole Foods.

33.     Plaintiff purchased grocery items from Amazon in reliance on its false, deceptive bargain-and-bait advertising and without knowledge of the true amount being charged for Amazon's deliveries to her of Whole Foods groceries. Amazon began to impose these charges without adequate notice in or around October 25, 2021.

34.     After Amazon terminated its free Whole Foods grocery delivery service and began surreptitiously collecting additional delivery fees, it provided no refund or recourse to consumers who, like Plaintiff, had already paid for a one-year Amazon Prime membership.

35.     Amazon also continued to advertise "Fast, free delivery" and "2-hour [grocery] delivery on a wide selection of fresh ingredients" well after October 25, 2021. For example, Plaintiff saw the below advertisement on the Amazon website on or around October 21, 2022:

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722



36.     Amazon automatically renewed Plaintiff's annual subscription to its Prime services in or around June 2022, doing so before Plaintiff got around to cancelling her subscription. By then, Plaintiff resented paying delivery fees for Amazon's deliveries of Whole Foods groceries and largely stopped making online purchases of them. She also resolved to cancel her Prime subscription the next time it came up for renewal, which was in June 2023.

37.     Offended by Amazon's change in pricing policies for Whole Foods grocery deliveries, Plaintiff successfully declined to renew her Prime Contract with Amazon in June 2023 after missing her opportunity to do so in June 2022.

38.     Plaintiff Griffith was deceived by and relied upon Defendant's misleading bargain and bait advertising, and specifically the hidden and deceptive nature of the service fee and the fact that Amazon advertises that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery." Plaintiff purchased grocery items from Defendant in reliance on the false and deceptive bargain and bait advertising and without knowledge of the true amount being charged based on Defendant's deceptive advertising and buried service fee.

39.     Plaintiff, as a reasonable consumer, is not required to scrutinize advertisements to ferret

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

out misleading facts and omissions, ascertain whether Defendant's pricing includes or excludes a service fee. In fact, Plaintiff is lawfully entitled to rely on statements that Defendant deliberately places on its website that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery."

40.     Because Plaintiff reasonably assumed that her grocery delivery order would conform to the advertised price and be free of unlawful or hidden charges, when it was not, she did not receive the benefit of her purchase. Instead of receiving the benefit of a free delivery as advertised, Plaintiff paid a $9.95 service fee.

41.     Plaintiff would not have placed her online grocery order and would not have paid as much as she had for the grocery order, in the absence of Defendant's misrepresentations and omissions. Had Defendant not violated Washington law, Plaintiff would not have been injured as she was. Plaintiff was also unable, and will not be able in the future, to effectively compare grocery delivery prices when purchasing from Amazon's website due to Amazon's initial deceptive advertising of grocery prices that are less than what a consumer will ultimately pay. Plaintiff has suffered a concrete, tangible, injury in fact caused by Defendant's wrongful acts and omissions.

42.     Plaintiff and the Class have lost money as a result of Defendant's unlawful behavior. Plaintiff and the Class altered their position to their detriment and suffered loss in an amount equal to the deceptively advertised service fees they paid for Whole Foods grocery deliveries.

43.     Plaintiff intends to, seeks to, and will renew her Prime membership and purchase Whole Foods grocery deliveries from the Amazon website again when she can do so with the assurance that the advertising of free delivery is lawful.

## IV.     CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 13 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

45.     **The Classes are defined as follows:**

(1) All Amazon Prime members residing in the United States who were charged a service fee in connection with an online delivery from Whole Foods Market from August 1, 2021 until the date notice is disseminated to the class, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

(2) All Amazon Prime members residing in the United States who ordered Amazon's Whole Foods free delivery and were annual members when the $9.95 fee was introduced on October 25, 2021, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

46.     The proposed Classes meet all criteria for a class action, including numerosity, commonality, typicality, predominance, superiority, and adequacy of representation.

47.     This action has been brought and may properly be maintained as a class action against Defendant. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

48.     The proposed Classes satisfy typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased Whole Foods grocery deliveries, were deceived by the false and deceptive advertising, and lost money as a result.

49.     The proposed Classes satisfy superiority. A class action is superior to any other means

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

for adjudication of the Class members' claims because it would be impractical for individual Class members to bring individual lawsuits to vindicate their claims.

50.    Because Defendant's misrepresentations were uniformly made on Amazon's website, all Class members including Plaintiff were exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate the law with impunity.

51.    The proposed Class representative satisfies adequacy of representation. Plaintiff is an adequate representative of the Class as she seeks relief for the Class, her interests do not conflict with the interests of the Class members, and she has no interests antagonistic to those of other Class members. Plaintiff has retained counsel competent in the prosecution of consumer fraud and class action litigation.

52.    The proposed Classes satisfy commonality and predominance. There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

53.    Questions of law and fact common to Plaintiff and the Class include but are not limited to:

a.    Whether Defendant failed to adequately disclose the presence of a service fee during the online ordering process;

b.    Whether Defendant's advertising omissions and representations constituted deceptive acts or practices in trade or commerce under Washington law;

c.    Whether Defendant's advertising omissions and representations constituted unfair business practices under the Washington Consumer Protection Act;

d.    Whether Defendant breached its duty of good faith and fair dealing by failing to continue providing free Whole Foods delivery to Prime members during the duration of their

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 15 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

memberships, by terminating free Whole Foods delivery without providing refunds or other recourse to Prime members, and/or by surreptitiously adding the delivery fee to Whole Foods orders.

e.   Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

f.   Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

54.   Plaintiff will fairly and adequately protect the interests of the Class, has no interests that are incompatible with the interests of the Class, and has retained counsel competent and experienced in class litigation.

55.   Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

56.   Class treatment is therefore appropriate under Federal Rule of Civil Procedure 23.

57.   Class damages will be adduced and proven at trial through expert testimony and other competent evidence, including evidence exclusively in Defendant's possession.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT**

**RCW 19.86.010 *ET SEQ.***

58.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

59.   The Washington Consumer Protection Act ("WCPA") makes it unlawful to commit "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 16 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

commerce." RCW 19.86.020. The WCPA provides a private right of action for "[a]ny person who is injured in his or her business or property" by violations of the Act. RCW 19.86.090.

60.     In the course of the Defendant's business, it knowingly and intentionally failed to disclose and actively concealed material facts and made false and misleading statements regarding its service fee for grocery deliveries from Whole Foods Market.

61.     Defendant's unfair and deceptive acts or practices include its false and misleading advertising of free Whole Foods delivery, its bargain and bait advertising, its drip pricing, and its concealment of the delivery service fee during the checkout process, all as described above, as well as its failure to provide any reduction or rebate in Prime membership fees or any way for annual members to cancel their membership in response to its imposition of the service fee.

62.     Defendant's actions as set forth above occurred in the conduct of trade or commerce and constitute unfair or deceptive trade practices under the WCPA. Defendant's actions impact the public interest because Plaintiff was injured in exactly the same way as thousands of others who paid a service fee for grocery deliveries from Whole Foods Market as a result of Defendant's generalized course of deception. Defendant's conduct has the capacity to, and has actually caused injury not only to Plaintiff, but to thousands of others in Washington and around the country.

63.     Plaintiff and the Class were deceived by Defendant's unfair and deceptive misrepresentations of material fact in deciding to enter into contracts or continue doing business with Defendant and/or in continuing to purchase Whole Foods orders for delivery after Defendant instituted the delivery charge. Buyers such as Plaintiff and members of the Class would have acted differently knowing that the Defendant charges a service fee in connection with grocery deliveries from Whole Foods Market. Plaintiff and members of the Class would have wanted to know, as would any reasonable person, that the Defendant charges a service fee in connection with grocery deliveries from Whole Foods

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 17 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Market, and this information would have changed their and any reasonable customer's decision to purchase Defendant's groceries for delivery.

64.     Plaintiff and the Class were injured as a result of the Defendant's conduct and suffered ascertainable monetary loss.

65.     Plaintiff seeks an award of actual damages, treble damages, declaratory relief, and attorney's fees and costs as permitted by the WCPA.

66.     Pursuant to RCW 19.86.095, Plaintiff will serve the Washington Attorney General with a copy of this complaint as Plaintiff seeks injunctive relief.

## SECOND CAUSE OF ACTION

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

67.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

68.     Defendant had a duty to perform its contractual obligations in good faith.

69.     By failing to perform under the contract by continuing to provide Plaintiff with free Whole Foods Market delivery with a minimum $35 purchase during the duration of Plaintiff's annual contract, Defendant breached the implied covenant of good faith and fair dealing.

70.     Defendant also breached its duty of good faith and fair dealing by abusing its discretion under the Amazon Prime contract to terminate the free delivery service without refund or recourse to consumers and by engaging in surreptitious collection of an additional delivery fee.

71.     Plaintiff was damaged as a result of Defendant's breaches of the implied duty of good faith and fair dealing.

72.     Plaintiff is entitled to damages caused by Defendant's breach of the implied duty of good faith and fair dealing.

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 18 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

# VI.    PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Defendant as to each and every cause of action, and the following remedies:

(a)    An Order declaring this action to be a proper class action, appointing Plaintiff as class representative, and appointing her undersigned counsel as class counsel;

(b)    An Order requiring Amazon to bear the cost of class notice;

(c)    An Order enjoining Amazon from engaging in the unfair, unlawful, and deceptive business practices and false advertising complained of herein;

(d)    An Order compelling Amazon to conduct a corrective advertising campaign;

(e)    An Order compelling Amazon to recall and destroy all misleading and deceptive advertising materials;

(f)    An Order requiring Amazon to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

(g)    An Order requiring Amazon to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or deceptive business act or practice, untrue or misleading advertising, plus pre-and post-judgment interest thereon;

(h)    An Order requiring Amazon to pay all actual damages, treble damages, and statutory damages permitted under the causes of action alleged herein;

(i)    An Order providing that the imposition of the $9.95 service fee on Whole Foods Market deliveries by Amazon to Amazon Prime members is void;

(j)    An award of attorneys' fees and costs; and

(k)    Any other and further relief that Court deems necessary, just, or proper, including declaratory relief.

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

## VII.    JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


DATED: January 8, 2024

                                    **BORDE LAW PLLC**

                                    By: s/ Manish Borde
                                    Manish Borde, WSBA #39503
                                    600 Stewart St., 400
                                    Seattle, WA 98101
                                    Telephone: (206) 531-2722
                                    Email: mborde@bordelaw.com

                                    **SCHROETER GOLDMARK & BENDER**

                                    By: s/ Adam J. Berger
                                    Adam J. Berger, WSBA #20714
                                    Lindsay Halm, WSBA #37141
                                    401 Union Street, Suite 3400
                                    Seattle, WA  98101
                                    Tel.: (206) 622-8000
                                    Fax: (206) 682-2305
                                    Email: berger@sgb-law.com
                                          halm@sgb-law.com


                                    **LAW OFFICES OF RONALD A. MARRON**

                                    By: s/ Ronald A. Marron
                                    Ronald A. Marron (admitted *pro hac vice*)
                                    Lilach Halperin (admitted *pro hac vice*)

                                    651 Arroyo Drive
                                    San Diego, CA 92103
                                    Telephone: (619) 696-9006
                                    Fax: (619) 564-6665
                                    Email: ron@consumersadvocates.com
                                    lilach@consumersadvocates.com

                                    **INTERIM CLASS COUNSEL FOR
                                    PLAINTIFF AND THE PROPOSED
                                    CLASSES**

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 20 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**BORDE LAW PLLC**
Manish Borde, WSBA #39503
600 Stewart St., 400
Seattle, WA 98101
Telephone: (206) 531-2722
Email: mborde@bordelaw.com
*Attorney for Plaintiff*


**LAW OFFICES OF RONALD A. MARRON**
Ronald A. Marron (*pro hac vice*)
Michael T. Houchin (*pro hac vice*)
Lilach Halperin (*pro hac vice*)
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Fax: (619) 564-6665
Email: ron@consumersadvocates.com
mike@consumersadvocates.com
lilach@consumersadvocates.com
*Attorneys for Plaintiff*

**FENWICK & WEST LLP**
Brian D. Buckley, WSBA No. 26423
Y. Monica Chan, WSBA No. 58900
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Email: bbuckley@fenwick.com
mchan@fenwick.com
*Attorneys for Defendant*

Jedediah Wakefield (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Tel.: 415.875.2300
Email: jwakefield@fenwick.com
*Attorneys for Defendant*


DATED at Vashon, Washington this 8th day of January, 2024.

*s/ Mary Dardeau*

Mary Dardeau, Paralegal
Schroeter Goldmark & Bender
401 Union Street, Suite 3400
Seattle, WA 98101
Tel: (206) 622-8000
dardeau@sgb-law.com

FIRST AMENDED CONSOLIDATED COMPLAINT
CLASS ACTION DEMAND FOR JURY TRIAL - 21 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722