UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON SERVICE FEE LITIGATION

Case No.: 2:22-cv-00743-TL

(CONSOLIDATED CASE)

**AMAZON.COM'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND TO STRIKE CERTAIN ALLEGATIONS**

NOTE ON MOTION CALENDAR:
MARCH 15, 2024

ORAL ARGUMENT REQUESTED

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS FACC
CASE NO.: 2:22-CV-00743-TL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

## INTRODUCTION

Defendant Amazon.com, Inc. submits this request for judicial notice concurrently with Amazon's motion to dismiss Plaintiff's First Amended Consolidated Class Action Complaint ("FACC") in its entirety or, in the alternative, to strike certain improper class allegations (the "Motion"). In connection with the Motion, Amazon respectfully requests that the Court consider certain documents that are incorporated by reference in the FACC but not attached to it. Amazon further requests that the Court take judicial notice of other publicly available documents, the accuracy of which is not reasonably in dispute. Without these additional materials, the Court cannot fairly and comprehensively consider the merits of Amazon's Motion or the legal viability of Plaintiff's claims and allegations in the FACC.

The following documents are subject to this request, and all are attached as lettered exhibits to the Declaration of Brian D. Buckley, filed in support of this request:

| Exhibit | Description |
| --- | --- |
| A | Amazon's email announcement, with the subject "Changes to Your Prime Grocery Benefits for Whole Foods Market Grocery Delivery" (September 24, 2021) |
| B | *CNN Business* article, entitled "Amazon slaps a $9.95 fee on Whole Foods deliveries. And Walmart pounces" (October 28, 2021) |
| C | Screenshot of the shopping cart webpage during the Whole Foods Market checkout process on amazon.com (November 15, 2022) |
| D | Screenshot of the "Schedule your order" webpage during the Whole Foods Market checkout process on amazon.com (June 9, 2022) |

## ARGUMENT

**I. Relevant Documents Are Incorporated By Reference In The Complaint.**

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), district courts routinely and properly consider documents that are "incorporated by reference" in the complaint without converting the motion into a Rule 56 motion for summary judgment. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). Under the "incorporation by reference" doctrine, a district court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (district court did not err in considering two documents mentioned in the

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS FACC
CASE NO.: 2:22-CV-00743-TL
- 1 -
FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

complaint), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporating by reference complete copies of websites where the complaint included only excerpts because "[i]n evaluating the context in which the statement appeared, we must take into account all parts of the communication that are ordinarily heard or read with it") (internal citations omitted). A document is properly incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Garner v. Amazon.com, Inc.*, No. C21-0750RSL, 2022 WL 1443680, at *2 (W.D. Wash. May 6, 2022) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

The purpose of the "incorporation by reference" doctrine is to prevent plaintiffs from surviving a Rule 12(b)(6) motion by selectively quoting only portions of documents upon which their claims are based. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006). Thus, a district court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). And, importantly, a court should *not* "accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998).

As an initial matter, the Court considered the *CNN Business* article (**Exhibit B**) in its Order on Motion to Dismiss and Strike Certain Allegations (Dkt. 72, "Order") because Plaintiff conceded that the article was referenced in the CAC. Order at 2 n.1. Amazon respectfully requests that the Court consider this article for the instant Motion as well because, like the CAC, Plaintiff repeatedly cites to and quotes from it in the FACC. *See* FACC ¶¶ 13-14, n.3, n.4.

Further, **Exhibits A-D** identified above are all referenced in the FACC and/or form part of the bases of Plaintiff's claims. The crux of the FACC is that, allegedly, Amazon's advertising of free Whole Foods Market ("WFM") delivery was deceptive and lured consumers into purchasing Prime memberships, then Amazon began "surreptitiously collecting additional delivery fees" without adequate notice or "refund or recourse to consumers who, like Plaintiff, had already paid

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS FACC
CASE NO.: 2:22-CV-00743-TL

- 2 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

for a one-year Amazon Prime membership." FACC ¶¶ 24-26, 33-34. In support of her claims, Plaintiff repeatedly cites to the *CNN Business* article (**Exhibit B)**, which discusses Amazon's email notice to Prime customers (**Exhibit A**), in which Amazon announced that "[s]tarting October 25, 2021, delivery orders from Whole Foods Market in your area will include a $9.95 service fee" and explained the nature of the fee. *See* FACC ¶¶ 13-14, n.3, n.4. Both of Plaintiff's remaining causes of action center on Amazon's actions and disclosures with respect to this service fee, rendering the article and the email notice integral to her claims. *See, e.g.*, *Al-Ahmed v. Twitter, Inc.,* No. 21-cv-08017-EMC, 2022 WL 1605673, at *4 (N.D. Cal. May 20, 2022) (incorporating by reference Twitter's notice to customers and its internal records of who received the notice because "the notifications submitted by [Twitter] are crucial to [plaintiff's] claims that [he] never received notifications"); *Walters v. Walden Univ., LLC*, No. 15-5651 RJB, 2015 WL 6550754, at *2 (W.D. Wash. Oct. 28, 2015) (incorporating by reference defendant's email to plaintiff that was foundational to plaintiff's claims).

Finally, the FACC relies on several screenshot excerpts of the checkout flow for WFM delivery orders on amazon.com to support Plaintiff's claim that Amazon allegedly engages in "bait-and-switch" advertising and "drip pricing" by not disclosing the WFM delivery service fee during checkout. *See* FACC ¶¶ 15-16, 19, 61. **Exhibits C and D** are additional screenshots of parts of the WFM grocery delivery checkout flow that Plaintiff intentionally omitted from the FACC. Plaintiff admits that she omitted "a series of webpages asking for payment and delivery information," but those missing pages clearly show Amazon's disclosures of, and consumers' consent to, the service fee for WFM deliveries. *Id.* ¶ 18. Because the allegedly deceptive nature of Amazon's WFM checkout process forms the basis for Plaintiff's claims, "the [c]ourt can consider all aspects of … the checkout experience." *See CMRE Fin. Servs. Inc. v. Doxo Inc.*, No. 2:22-cv-00298-RAJ-BAT, 2022 WL 16701259, at *4 (W.D. Wash. Oct. 7, 2022), *report and recommendation adopted*, No. 2:22-cv-00298-RAJ-BAT, 2022 WL 16699090 (W.D. Wash. Nov. 3, 2022). Accordingly, these webpages are properly incorporated by reference because it is unfair for Plaintiff to cherry-pick only portions of the checkout process without providing the full context. *See, e.g.*, *Knievel*, 393 F.3d at 1076; *Baxter v. Intelius, Inc.*, No. SACV 09-1031 AG (MLGx),

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS FACC
CASE NO.: 2:22-CV-00743-TL

- 3 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

2010 WL 3791487, at *2, *4 (C.D. Cal. Sept. 16, 2010) (incorporating by reference screenshot of a webpage where the complaint "referred repeatedly" to the webpage but "omit[ted] essential details from their description of the [] webpage").

In sum, **Exhibits A-D** are incorporated by reference in the FACC and appropriate for consideration in the context of a Rule 12 motion. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2012) (taking "into consideration information posted on certain [] web pages that [p]laintiffs referenced in the Complaint" and noting "[p]laintiffs directly quoted the material posted on these web pages, thereby incorporating them into the Complaint"); *Vallianos v. Schultz*, No. C19-0464-JCC, 2019 WL 4980649, at *4 (W.D. Wash. Oct. 8, 2019) (granting motion to dismiss based in part on screenshot of webpage incorporated by reference); *Branch*, 14 F.3d at 454 (holding that the district court did not err in considering documents that were mentioned in the complaint and whose authenticity neither party questioned); *City of Roseville Empls. Ret. Sys. v. Sterling*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013) ("once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss."). Indeed, the incorporation by reference doctrine specifically exists for situations like this where a plaintiff selectively includes only portions of documents that seemingly support her claims in order to survive a motion to dismiss. *See Parrino*, 146 F.3d at 706.

## II. Relevant Documents Are Subject To Judicial Notice.

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), district courts also routinely and properly consider documents or other facts of which judicial notice may be taken, without converting the motion into a Rule 56 motion for summary judgment. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment") (alteration in original) (citation omitted). Judicial notice is appropriate for a fact "not subject to reasonable dispute" that "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) & (b)(2). Proper subjects of judicial notice when ruling on a motion to dismiss include publicly accessible websites and news articles. *See, e.g.*,

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS FACC
CASE NO.: 2:22-CV-00743-TL

- 4 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

*Doxo*, 2022 WL 16701259, at *4 (taking judicial notice of defendant's website); *F.D.I.C. v. Clementz*, No. C13-737 MJP, 2013 WL 6212166, at *3 (W.D. Wash. Nov. 27, 2013) (taking judicial notice of news articles).

As mentioned above, the Court took judicial notice of **Exhibit B** in its Order, and Amazon respectfully requests the same treatment for the instant Motion as well. *See* Order at 2 n.1.

It also is appropriate for the Court to take judicial notice of the webpages in **Exhibits B-D**. Plaintiff cites and includes a link to the article at **Exhibit B**. *See* FACC ¶ 13 n.3, n.5. **Exhibits C and D** are also publicly available webpages captured from the WFM section of amazon.com by going through the WFM checkout process: https://www.amazon.com/alm/storefront/ref=grocery_wholefoods?almBrandId=VUZHIFdob2xlIEZvb2Rz. These publicly accessible websites are all proper subjects of judicial notice when ruling on a motion to dismiss. *See Daniels-Hall*, 629 F.3d at 998 (granting motion under Rule 12(b)(6) after taking judicial notice of materials "displayed publicly on the respective web sites" where "[p]laintiffs quoted this prospectus in their [c]omplaint and provided the web address where the prospectus could be found online"); *Doxo*, 2022 WL 16701259 at *4 (taking judicial notice of checkout process webpages).

Nor can Plaintiff reasonably dispute the accuracy of these exhibits because they can be found at publicly available websites and their veracity can be accurately and readily determined. *See, e.g.*, *Clementz*, 2013 WL 6212166 at *3 (taking judicial notice of publicly available news articles "as evidence of what was in the public realm at the time.").

## CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court deem **Exhibits A-D** in the Buckley Declaration incorporated by reference in the FACC or, alternatively, take judicial notice of **Exhibits B-D** and consider the documents in connection with Amazon's concurrently filed Motion.

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS FACC
CASE NO.: 2:22-CV-00743-TL

- 5 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

| | | |
|---|---|---|
| Dated: February 5, 2024 | Respectfully submitted, | |

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423
Y. Monica Chan, WSBA No. 58900
401 Union Street, 5th Floor
Seattle, WA 98101
Tel.:    206.389.4510
Email:  bbuckley@fenwick.com
          mchan@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Tel.:    415.875.2300
Email:  jwakefield@fenwick.com

*Attorneys for Defendant*
AMAZON.COM, INC.


REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS FACC
CASE NO.: 2:22-CV-00743-TL

- 6 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

# LCR 7(E) WORD-COUNT CERTIFICATION

As required by Western District of Washington Local Civil Rule 7(e), I certify that this memorandum contains 1,846 words.

Dated: February 5, 2024

FENWICK & WEST LLP

By: /s/ Brian D. Buckley
Brian D. Buckley, WSBA No. 26423

REQUEST FOR JUDICIAL NOTICE ISO
AMAZON'S MOTION TO DISMISS FACC
CASE NO.: 2:22-CV-00743-TL

- 7 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101