THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON SERVICE FEE LITIGATION | Case No.: 2:22-cv-00743-TL<br><br>(CONSOLIDATED CASE)<br><br>**AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS**<br><br><u>NOTE ON MOTION CALENDAR:</u><br>MARCH 15, 2024<br><br>ORAL ARGUMENT REQUESTED |

1

**TABLE OF CONTENTS**

2

**Page**

3
I.      INTRODUCTION ....................................................................................................1

4
II.     ARGUMENT ..........................................................................................................2

5
        A.      Plaintiff's WCPA Claim Fails. ...................................................................2

6
                1.      Rule 9(b) Applies. .............................................................................2

7
                2.      Plaintiff Pleads No Misrepresentation. ............................................4

8
9
                3.      Plaintiff Pleads No Omission. ...........................................................6

10
                4.      Plaintiff's "No-Refund" Theory Fails................................................7

11
                5.      Plaintiff Fails To Plead Causation. ...................................................8

12
        B.      Plaintiff's Implied Covenant Claim Fails. ...................................................9

13
        C.      Plaintiff's Proposed Classes Are Impermissibly Overbroad. .................10

14
III.    CONCLUSION.....................................................................................................11

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO AMAZON'S MOTION TO                         - i -
DISMISS AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Access the USA, LLC v. State of Washington*,
No. 14-2-13879-2, 2015 WL 12620039 (Wash. Super. Feb. 27, 2015) ...................................4

*Accretive Tech. Grp., Inc. v. Adobe Sys., Inc.*,
No. C15-309-RSM, 2015 WL 4920079 (W.D. Wash. Aug. 17, 2015) .................................10

*Badgett v. Sec. State Bank*,
116 Wn.2d 563, 807 P.2d 356 (1991) ....................................................................................10

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) ...................................................................................................5

*Gray v. Amazon.com, Inc.*,
No. 2:22-cv-800-BJR, 2023 WL 1068513 (W.D. Wash. Jan. 27, 2023)..................................4

*Hall v. Marriott Int'l, Inc.*,
No. 19-CV-1715, 2020 WL 4727069 (S.D. Cal. Aug. 14, 2020) .............................................6

*Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*,
58 F. Supp. 3d 1166 (W.D. Wash. 2014) ..............................................................................10

*Haywood v. Amazon.com, Inc.*,
No. 2:22-cv-01094-JHC, 2023 WL 4585362 (W.D. Wash. July 18, 2023) ......................8, 10

*Heck v. Amazon.com, Inc.*,
No. C22-3986, 2022 WL 17419554 (N.D. Cal. Dec. 5, 2022) .................................................3

*In re Apple In–App Purchase Litig.*,
855 F. Supp. 2d 1030 (N.D. Cal. 2012) ..................................................................................7

*In re Apple iPhone Antitrust Litig.*,
846 F.3d 313 (9th Cir. 2017) .................................................................................................11

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .................................................................................................2

*Kelly v. BP W. Coast Prods. LLC*,
No. 2:14-cv-01507, 2014 WL 7409220 (E.D. Cal. Dec. 30, 2014).....................................6, 7

*Konik v. Time Warner Cable*,
No. CV 07-763 SVW, 2010 WL 11549435 (C.D. Cal. July 19, 2010) ...................................9

*Marquez v. Amazon.com, Inc.*,
69 F.4th 1262 (11th Cir. 2023) ...............................................................................................4

REPLY ISO AMAZON'S MOTION TO
DISMISS AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

ii

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

1

**TABLE OF AUTHORITIES**
**(CONTINUED)**

2
**Page(s)**

3
*New Vision Unlimited, LLC v. Glasses USA, Inc.,*
4
    No. 22-22534, 2023 WL 3535386 (S.D. Fl. May 18, 2023)......................................6

5
*Nielson v. Eisenhower & Carlson,*
    100 Wn. App. 584 (2000) ...................................................................................9

6
*Odom v. Microsoft Corp.,*
7
    486 F.3d 541 (9th Cir. 2007) ...........................................................................3, 4

8
*REX-Real Est. Exch. Inc. v. Zillow Inc.,*
9
    No. C21-312 TSZ, 2021 WL 3930694 (W.D. Wash. Sept. 2, 2021)........................2

*Samuels v. Old Kent Bank,*
10
    No. 96 C 6667, 1997 WL 458434 (N.D. Ill. Aug. 1, 1997)....................................8

11
*Sanders v. Apple Inc.,*
12
    672 F. Supp. 2d 978 (2009) ...............................................................................11

13
*Schaub v. JPMorgan Chase Bank N.A.,*
    No. 78439-1-I, 2019 WL 2751168 (July 1, 2019) ................................................9
14

*Smartwings, a.s. v. Boeing Co.,*
15
    No. C21-918, 2022 WL 579342 (W.D. Wash. Feb. 25, 2022)..............................10

16
*Veera v. Banana Republic, LLC,*
17
    6 Cal. App. 5th 907 (2016) ................................................................................6

18
*Voss-Curry v. Crown Equip. Corp.,*
19
    No. 2:22-cv-01062-BJR, 2022 WL 4368047 (W.D. Wash. Sept. 21, 2022) .......5, 7

20
*Walters v. Vitamin Shoppe Indus., Inc.,*
    701 F. App'x 667 (9th Cir. 2017) .......................................................................5

21
*Williams v. Gerber Prod. Co.,*
22
    552 F.3d 934 (9th Cir. 2008) ..............................................................................5

23
**OTHER AUTHORITIES**

24
Fed. R. Civ. P. 8 ......................................................................................................1

25
Fed. R. Civ. P. 9(b) ........................................................................................1, 2, 3, 4

26
Fed. R. Civ. P. 12(g) ...............................................................................................11

27

28

REPLY ISO AMAZON'S MOTION TO        - iii -        **FENWICK & WEST LLP**
DISMISS AND TO STRIKE                                 401 UNION STREET, 5TH FLOOR
CASE NO.: 2:22-CV-00743-TL                           SEATTLE, WASHINGTON  98101

I.      INTRODUCTION

The crux of Plaintiff's lawsuit is that Amazon offered free Whole Foods Market (WFM) delivery as a Prime membership benefit and then later discontinued that benefit.  The Court ruled that Amazon had a contractual right, under the Prime Terms, to do just that.  Dkt. 72 ("Dismissal Order") at 14.  Because Plaintiff assented to and is bound by the Prime Terms, she cannot challenge Amazon's underlying right to periodically change Prime benefits.  Instead, she challenges how Amazon *exercised* that contractual right, claiming that Amazon's conduct violated the Washington Consumer Protection Act (WCPA) and the implied covenant of good faith and fair dealing.  As the Court already determined in the Dismissal Order, Plaintiff is wrong on both counts.  And despite the Court providing Plaintiff with a clear roadmap to the deficiencies in her claims, her First Amended Consolidated Complaint (FACC), and now her Opposition (Dkt. 79) to Amazon's motion, do not cure those deficiencies.

*First*, Plaintiff's WCPA claim fails at the most basic level because it "suffers from a lack of details about Plaintiff's own experience."  Dismissal Order at 11.  The Court directed Plaintiff to identify specific advertisements or statements by Amazon on which Plaintiff relied and when.  Plaintiff ignores that instruction, relying instead on the same undated "example" advertisements, and still never telling the Court what she *actually* saw and *when*.  Under either Rule 9(b) or Rule 8, without any specificity about Plaintiff's own experience, Amazon "cannot properly answer Plaintiff's claims."  *Id*. at 12.

Plaintiff's vague, generalized pleading also fails to establish any misrepresentation by Amazon that could support a WCPA claim.  Plaintiff concedes that, for many months of her Prime membership, WFM delivery was free.  She does not identify any time when Amazon referred to WFM delivery as free when in fact it was not, much less allege that she relied on that particular representation.  As she struggles to frame Amazon's ads as misleading, Plaintiff cannot escape that Amazon *never* guaranteed that WFM delivery would perpetually remain free for Prime members and *always* stated that Prime benefits may change.  Similarly, Plaintiff quibbles over the WFM disclosures on one page of the amazon.com website, but cannot deny that a consumer is shown the

REPLY ISO AMAZON'S MOTION TO
DISMISS AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 1 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101

1  WFM delivery fee at least *four times* before she consents to pay it.  In short, Plaintiff has not

2  identified any Amazon conduct that is "unfair or deceptive" under the WCPA.

3         *Second*, Plaintiff did nothing in the FACC to save her implied-covenant claim.  As the

4  Court ruled, that claim fails as a matter of law because Amazon was contractually authorized to

5  change the WFM delivery benefit and an implied covenant cannot contradict the express contract

6  terms.

7         On her third attempt to plead viable claims—with the benefit of clear direction from the

8  Court—Plaintiff has failed again.  The FACC should be dismissed with prejudice.

9  **II.  ARGUMENT**

10       **A.  Plaintiff's WCPA Claim Fails.**

11            **1.  Rule 9(b) Applies.**

12         Plaintiff acknowledges that courts in this district apply Rule 9(b)'s heightened standard to

13  WCPA claims that sound in fraud.  Opp. at 5.  And she concedes that Rule 9(b) applies where a

14  plaintiff alleges "a unified fraudulent course of conduct," even if her claim is not labeled "fraud."

15  *REX-Real Est. Exch. Inc. v. Zillow Inc.*, No. C21-312 TSZ, 2021 WL 3930694, *8 (W.D. Wash.

16  Sept. 2, 2021) (Rule 9(b) applied even though plaintiff "alleged some fraudulent and some non-

17  fraudulent conduct.").  Plaintiff argues that Rule 9(b) does not apply if she alleges only conduct

18  that has a "tendency" or "capacity" to deceive.  *Id.*  But that is *not* what she alleges.  To the

19  contrary, notwithstanding that Plaintiff dropped her common-law fraud claim, her WCPA claim

20  remains grounded on the core assertion that Amazon engaged in fraudulent conduct.  *See* Mot.

21  at 10 (collecting FACC cites).  Indeed, the Opposition recognizes that the FACC accuses Amazon

22  of "deceptive intent" and "deceptive conduct."  Opp. at 5-6.  Moreover, the Court already applied

23  Rule 9(b) to Plaintiff's WCPA claim and the FACC made no substantive changes to Plaintiff's

24  core WCPA allegations.  Dismissal Order at 11.  Accordingly, Rule 9(b) applies.

25         The Court previously dismissed Plaintiff's WCPA claim because it "suffers from a lack of

26  details about Plaintiff's own experience."  Dismissal Order at 11; *see Kearns v. Ford Motor Co.*,

27  567 F.3d 1120, 1126 (9th Cir. 2009) (plaintiff must plead the "who, what, when, where, and how").

28  Rather than address that deficiency, the FACC continues to cite a mishmash of Amazon ads, some

REPLY ISO AMAZON'S MOTION TO
DISMISS AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 2 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101

that reference "Free 2-hour Grocery Delivery" for WFM but do not mention Prime (FACC ¶ 9); some that reference "Prime" and "2-hour grocery delivery" in the context of WFM but do not mention "free" (*id.* ¶ 11); and some that reference "Prime," and "2-hour delivery" on "Groceries," but do not mention WFM (*id.* ¶ 35). Plaintiff argues that those vague allegations are sufficient to establish the "What" under Rule 9(b) because "Amazon advertises that its Prime members will receive 'FREE Delivery' and 'FREE 2-Hour Grocery Delivery,' including for grocery deliveries from Whole Foods Market." Opp. at 7. But the Court already rejected that argument, ruling that Plaintiff cannot merely rely on undated "'representative' examples" and "general allegations about Defendant's practices." Dismissal Order at 11. Despite the Court's direction, Plaintiff still does not "identify which *actual* advertisements she 'read and relied on' or all of what they said." *Id*.

The Court also instructed Plaintiff that "*when* she viewed the unidentified advertisements" is a "crucial detail" because she alleges that Amazon "made false and misleading advertisements that delivery was free at a time when delivery was, in fact, not free," and she acknowledges that, as early as October 2021, there was media coverage of the WFM delivery fee. Dismissal Order at 12. Plaintiff attempts to establish the "When" by arguing that she "saw advertisements for free 2-hour delivery of WFM orders in 'early and mid-2021' and that she purchased an annual subscription to Prime in June 2021 in reliance on those ads." Opp. at 7. But that vague allegation does not address whether Plaintiff saw ads at a time when WFM delivery was free or paid. Nor does it address what Plaintiff saw in the months before January 2022, when she was first charged a WFM delivery fee. Moreover, the ads at issue remain *unidentified*. Plaintiff *still* has never told the Court what specific ads she saw and purportedly relied on. *See Heck v. Amazon.com, Inc*., No. C22-3986, 2022 WL 17419554, *3 (N.D. Cal. Dec. 5, 2022) (rejecting the same rhetorical ploy of merely labeling insufficient allegations as "what" and "when").

Recognizing that she cannot meet the well-established Rule 9(b) requirements, Plaintiff instead challenges the standard. She argues that the "additional specificity demanded by Amazon is not required to satisfy Rule 9(b)." Opp. at 8. Plaintiff is wrong, and the only case she cites— *Odom v. Microsoft Corp.*, 486 F.3d 541, 554-55 (9th Cir. 2007)—is inapposite. *Odom* involved a claim that Best Buy employees sent the plaintiffs' credit card information to Microsoft, which then

REPLY ISO AMAZON'S MOTION TO
DISMISS AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 3 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

imposed unauthorized charges. *Id*. Those plaintiffs satisfied Rule 9(b) because the only "arguable deficiency" in their complaint was the omission of the specific employees' names, which were unnecessary because there was "no reason to believe that defendants will be hampered in their defense." *Id*. In contrast, Plaintiff has omitted all of the key details about her own experience that would allow Amazon to defend itself. Dismissal Order at 12 ("Without more details, Plaintiff has not met the 9(b) standard, and Defendant cannot properly answer Plaintiff's claims.").

### 2.    Plaintiff Pleads No Misrepresentation.

Plaintiff must "allege a deceptive statement or act" by Amazon, but the FACC identifies no statement that "was false or misleading when it was made." *Access the USA, LLC v. State of Washington*, No. 14-2-13879-2, 2015 WL 12620039, *1 (Wash. Super. Feb. 27, 2015). Plaintiff claims that, in "early and mid-2021," she relied on Amazon ads for "FREE Delivery" and "FREE 2-Hour Grocery Delivery." Opp. at 9. But she also admits that she received free WFM delivery until January 2022. FACC ¶¶ 28-30. In other words, when Plaintiff saw these unidentified ads, *they were true*; at that time, WFM delivery *was* a free benefit for Prime members. Indeed, the Opposition admits that "nothing in the FACC alleges when Amazon stopped using this ad or when it decided to stop free WFM deliveries." Opp. at 9. In other words, Plaintiff failed to allege that she saw ads for free WFM delivery *at a time when it was not actually free*. That gap in her pleading alone dooms Plaintiff's WCPA claim based on any misrepresentation.

Plaintiff now argues that Amazon's advertisements "have the capacity to induce a reasonable consumer to sign up for the Prime Service" (Opp. at 12), but that cannot be the basis for a claim. It is undisputed that Prime members assent to the Prime Terms, which provide that Amazon has discretion to change or remove Prime membership benefits. FACC, Ex. 1 at 1-2. The Court already ruled as much. Dismissal Order at 15 ("[A]ssuming (without deciding) that free Whole Foods delivery or two-hour delivery are terms that are integrated into the T&C, the Court finds that Defendant had contractual authority to suspend these benefits."). And courts routinely enforce the Amazon terms and conditions as a basis to dismiss consumer-protection claims. *See, e.g.*, *Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1274-75 (11th Cir. 2023); *Gray v. Amazon.com,*

REPLY ISO AMAZON'S MOTION TO
DISMISS AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 4 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

*Inc.*, No. 2:22-cv-800-BJR, 2023 WL 1068513, *8 (W.D. Wash. Jan. 27, 2023) ("Plaintiffs may not premise a CPA claim on the disclosures contained in Amazon's policies.").

Grasping for theories, Plaintiff also argues for the first time that, based on Amazon's ads, a consumer "could believe they would be entitled to free Whole Foods delivery for the duration of their Prime membership." Opp. at 9. As a threshold matter, that theory is nowhere in the FACC. It is axiomatic that Plaintiff "may not defeat a motion to dismiss by supplementing the complaint through [her] opposition brief. *Voss-Curry v. Crown Equip. Corp.*, No. 2:22-cv-01062-BJR, 2022 WL 4368047, *2 (W.D. Wash. Sept. 21, 2022). Moreover, nothing in the FACC supports this "implied-guaranteed" theory. Plaintiff's various "example" ads do not say that WFM is free for Prime members, let alone that it always will be. FACC at 3-4 (first image showing "FREE 2-Hour Grocery Delivery" but never mentioning Prime; second and third images showing "FREE … Delivery" for Prime members but for package deliveries). Similarly, in the Opposition, Plaintiff points to an October 2022 ad and argues, for the first time, that it is deceptive "in light of Amazon's past promotion and provision of free WFM deliveries, its ownership of Whole Foods, and the omission from the ad of any qualifiers." Opp. at 10. It would be patently *unreasonable* for any consumer to understand that advertisement—*which does not even mention WFM*—as somehow implicitly guaranteeing free WFM delivery for Prime members.

The Opposition encapsulates Plaintiff's theory this way: "A reasonable consumer should not be expected to look beyond Amazon's misleading advertisements to discover the truth from small print buried in the Prime Terms or a one-time blast email that consumers are unlikely to open." Opp. at 12. In support of that dubious argument, Plaintiff misconstrues two cases: *Williams v. Gerber Prod. Co*., 552 F.3d 934 (9th Cir. 2008), and *Walters v. Vitamin Shoppe Indus., Inc.*, 701 F. App'x 667 (9th Cir. 2017). Those cases merely stand for the unremarkable principle that corrective fine print on the back of product packaging cannot negate deceptive statements on the front. Here, there is no "front-back" dichotomy because Plaintiff has not alleged any actionable misrepresentation. As the Ninth Circuit put it, only "*if* the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016) (dismissing packaging-based claim because there is

1    "no deceptive act to be dispelled").  Thus, Plaintiff's WCPA claim premised on misleading

2    statements fails as a matter of law.

3                    **3.    Plaintiff Pleads No Omission.**

4         Plaintiff's "omission" theory is that Amazon engaged in a "bait-and-switch" scheme and

5    "drip pricing" by omitting the WFM service fee from the first page of the WFM section of

6    amazon.com ("WFM Landing Page").  Opp. at 14; FACC, ¶¶ 15, 19.  That theory also fails.  As

7    the Opposition admits, Amazon "disclos[es] the fee on other webpages during the checkout

8    process" (Opp. at 15); in fact, Amazon does so *no fewer than four times*.  *See* Mot. at 5-6

9    (cataloguing the multiple disclosures of the WFM delivery fee during the checkout process).  It is

10   not credible to argue that Amazon's extensive disclosures of the fee are negated by the lack of a

11   specific disclosure on the WFM Landing Page.

12        The Opposition again relies on inapposite cases.  In *Veera v. Banana Republic, LLC*, the

13   defendant allegedly failed to disclose its true prices because it advertised a sale on store windows,

14   but customers learned at the register that not all items were discounted.  6 Cal. App. 5th 907 (2016).

15   Here, Plaintiff does not dispute that Amazon accurately advertised the retail price of WFM items

16   during the checkout process.  In *Hall v. Marriott Int'l, Inc.*, a "bait-and-switch" theory survived

17   because the defendant "fail[ed] to disclose the resort fee until a consumer is invested in the booking

18   process."  No. 19-CV-1715, 2020 WL 4727069, *8 (S.D. Cal. Aug. 14, 2020).  But the *Hall* fee

19   was not for an optional service, but for an unavoidable part of the room price; here, Amazon

20   customers *choose* between paid delivery or free pickup at checkout.  FACC ¶ 14.  Likewise, in

21   *New Vision Unlimited, LLC v. Glasses USA, Inc.*, the defendants allegedly failed to disclose

22   processing fees "until deep into the purchasing process," after the plaintiff had already "filled out

23   online forms, providing details about her prescriptions, [and] contact information for her doctor."

24   No. 22-22534, 2023 WL 3535386, *1, 4 (S.D. Fl. May 18, 2023).  In stark contrast, Amazon

25   immediately discloses the *optional* WFM delivery fee when a consumer *browses* an item, *before*

26   anything goes in her cart.  FACC ¶ 17.

27        There is simply no "bait-and-switch" when a consumer agrees to pay a fee after multiple

28   disclosures.  *Kelly v. BP W. Coast Prods. LLC*, No. 2:14-cv-01507, 2014 WL 7409220 (E.D. Cal.

Dec. 30, 2014), is instructive.  There, the plaintiff alleged that a gas station engaged in a "bait-and-switch" because it advertised only the price of gasoline on the street sign but charged a debit-card fee at the pump.  *Id.* at *8.  The court dismissed the consumer protection claims because the station disclosed the fee "soon after [plaintiff] pulled into the station" and "as soon as it learned [plaintiff] intended to pay with a card"; the station charged the fee only if the customer chose to use a debit card; and the station "required each customer's consent before charging that fee."  *Id.* at *7-8.  The same is true here.  Consumers are charged a WFM delivery fee only after repeatedly being told the fee applies and choosing that option.

Finally, Plaintiff recasts her flawed theory based on the WFM Landing Page as a "partial representation."  Opp. at 17.  Again, that new theory is not in the FACC.  *Voss-Curry*, 2022 WL 4368047 at *2.  Moreover, Plaintiff alleges no "material" "omission [that] is contrary to a representation actually made by the defendant."  *In re Apple In–App Purchase Litig.*, 855 F. Supp. 2d 1030, 1039 (N.D. Cal. 2012).  As addressed, the alleged omission—*i.e.*, that the fee is not identified on the WFM Landing Page—is immaterial, and certainly not misleading, given Amazon's myriad disclosures of the fee in multiple spots on the very same website.  It also is entirely consistent with the Prime Terms, which allow Amazon to discontinue particular benefits, and Amazon's notice to consumers that it was doing so with respect to WFM delivery.  In short, nothing about the WFM Landing Page is actionably deceptive.

### 4.    Plaintiff's "No-Refund" Theory Fails.

The FACC added a vague claim related to Amazon's alleged "failure to provide any reduction or rebate in Prime membership fees."  *See* Mot. at 12-15; FACC, ¶ 61.  But Plaintiff does not dispute that the Prime Terms repeatedly disclose that "[t]he Prime membership fee is non-refundable" and that "Amazon will "refund your full membership fee only if you and your account did not make any eligible purchases or take advantage of Prime benefits since your latest Prime membership charge."  FACC, Ex. 1 at 1-2.  Plaintiff also does not dispute that she is bound by those terms.  Notably, Plaintiff also does not allege that she ever sought or was denied a refund of her Prime membership fees.

REPLY ISO AMAZON'S MOTION TO
DISMISS AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 7 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101

Plaintiff falls back on the general notion that "Amazon acted unfairly by inducing consumers to sign up for annual Prime subscriptions with the promise of free Whole Foods delivery, then refusing to refund or permit members to cancel those subscriptions when it unilaterally terminated the service with little or no warning." Opp. at 19. But as Plaintiff admits, Amazon gave customers notice about "a new charge [for WFM delivery]" and repeatedly discloses the fee on the website. Buckley Decl., Ex. B; FACC ¶¶ 17-18. And, setting aside that there is no allegation that Plaintiff or any other Prime member was in fact denied a refund, this theory fails as a matter of law. As the *Samuels v. Old Kent Bank* court explained, there is no "authority holding that the exercise of an express contractual right … can constitute a deceptive or unfair trade practice in the absence of some aggravating circumstances or other fraudulent conduct." No. 96 C 6667, 1997 WL 458434, *9-12 (N.D. Ill. Aug. 1, 1997). In *Haywood v. Amazon.com, Inc.*, No. 2:22-cv-01094-JHC, 2023 WL 4585362 (W.D. Wash. July 18, 2023), the plaintiff challenged Amazon's exercise of its contractual right to "remove reviews or terminate access to services in Amazon's sole discretion," as plainly disclosed in Amazon's terms. *Id*. at *7 (collecting cases). The court dismissed the WCPA claim because "Amazon's exercise of a right permitted by the contract and disclosed to Plaintiff is not an unfair or deceptive act or practice." *Id.* at *11. Here, Amazon fully discloses its contractual right to remove Prime benefits without refunding all Prime members. Its exercise of that right is not unfair or deceptive.

### 5. Plaintiff Fails To Plead Causation.

Plaintiff does not allege or contend that she ever sought any "refund or recourse" from Amazon to prevent her purported injury. In fact, Plaintiff acknowledges her own "neglect in timely canceling her Prime membership in June 2022," instead continuing her membership for another year. Opp. at 21. Plaintiff admits that her "neglect" could "constitute a failure to mitigate that might reduce or cut off her damages" after June 2022, but she argues that "by then the harm had already been done" because "Amazon had extracted at least one delivery fee from her." *Id*. Yet Plaintiff concedes that Amazon repeatedly disclosed the WFM delivery fee throughout the checkout process. FACC ¶¶ 17-18. And, as the Court noted, Plaintiff "twice cites an October 28, 2021, CNN news article reporting on a new $9.95 delivery fee on orders for Whole Foods

deliveries placed through Prime, but Plaintiff placed the at issue order on January 22, 2022—three months after the change."  Dismissal Order at 12 (citations omitted).  In order to be "deceived," Plaintiff also would have had to ignore Amazon's September 2021 notice to Prime members that the WFM delivery fee was coming.  Buckley Decl., Ex. B.

Plaintiff's own inaction, and her disregard of Amazon's ample disclosures, were "the sole cause of … her injury," breaking the chain of causation.  *Nielson v. Eisenhower & Carlson*, 100 Wn. App. 584, 593 (2000) (explaining but-for and proximate cause); *see also Schaub v. JPMorgan Chase Bank N.A.*, No. 78439-1-I, 2019 WL 2751168, *6 (July 1, 2019).  Amazon's disclosures broke any causal link between its alleged "misleading advertising and drip-pricing tactics" and Plaintiff's purported injury.  *See Konik v. Time Warner Cable*, No. CV 07-763 SVW (RZx), 2010 WL 11549435 at *7  (C.D. Cal. July 19, 2010) ("[A]ny injury suffered by a plaintiff as a result of conduct undertaken after the plaintiff knows or suspects that defendant's statements are untrue cannot be said to be caused by (or in reliance on) defendants' statements.").  Accordingly, Plaintiff's WCPA claim independently fails because she has not plausibly alleged causation.

## B.    Plaintiff's Implied Covenant Claim Fails.

The Court dismissed Plaintiff's implied-covenant claim because the only conduct at issue here—*i.e.*, Amazon's imposition of a WFM delivery fee—was permitted by the Prime Terms.  As the Court noted, "[b]ecause Defendant's conduct was authorized by the T&C, Defendant had no duty that was required to be performed in good faith."  Dismissal Order at 16.  Plaintiff added no allegations in the FACC to address that ruling.  Instead, in the Opposition, Plaintiff implores the Court to simply change its mind (and the law).  The thrust of Plaintiff's argument is that Amazon's position proves too much because, "[b]y Amazon's logic, it could terminate all or virtually all of the services and benefits that it used to entice consumers into buying Prime memberships and remain immune from any charge that it abused its discretion or evaded the spirit of its bargain with those consumers."  Opp. at 23.  But that is just another way of saying that the Prime Terms are illusory, an argument the Court already rejected.  As the Court held, "[i]n Washington, a contract is illusory only if it lacks all consideration and mutuality of obligation, e.g., the promisor has *no* obligations with regard to *any* parts of the contract."  Dismissal Order at 16-17 (quotations and

REPLY ISO AMAZON'S MOTION TO
DISMISS AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 9 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

1  citations omitted).  Contrary to Plaintiff's fanciful hypothetical, Amazon did *not* remove all of the

2  Prime membership benefits, which remain extensive and valuable.

3        All Amazon did was exercise its contractual right to discontinue a particular Prime benefit.

4  A party cannot breach an implied covenant by simply standing on its contractual rights.  *Badgett*

5  *v. Sec. State Bank*, 116 Wn.2d 563, 570, 807 P.2d 356 (1991).  And Plaintiff has identified no other

6  provision of the Prime Terms that guaranteed her free WFM delivery, so there is no other

7  contractual duty to support an implied-covenant claim.  *See, e.g., Haywood*, 2023 WL 4585362

8  at *5; Dismissal Order at 16 ("If there is no contractual duty, there is nothing that must be

9  performed in good faith.").  Plaintiff argues that "a violation of the duty of good faith and fair

10  dealing does not require a breach of the underlying contract."  Opp. at 23.  But that is the wrong

11  framing: Plaintiff's implied-covenant claim fails because it would "contradict express contract

12  terms."  *Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp. 3d 1166, 1173-74 (W.D.

13  Wash. 2014).  That is why Plaintiff's cases—*Smartwings, a.s. v. Boeing Co.*, No. C21-918, 2022

14  WL 579342 (W.D. Wash. Feb. 25, 2022), and *Accretive Tech. Grp., Inc. v. Adobe Sys.*, Inc., No.

15  C15-309-RSM, 2015 WL 4920079 (W.D. Wash. Aug. 17, 2015)—are inapposite.  There was no

16  suggestion in either case that the plaintiffs' implied-covenant claims were in direct conflict with

17  the express terms of the contract.  The Court should follow its prior ruling and dismiss this claim.

18        **C.**    **Plaintiff's Proposed Classes Are Impermissibly Overbroad.**

19        As an alternative to dismissal, the Court should strike Plaintiff's proposed class definitions

20  because they are overbroad and include individuals who lack standing.  *See* Mot. at 21-22.

21  Plaintiff's counterarguments are unavailing.

22        *First*, Amazon's motion to strike is not premature.  As the Court already determined, it can

23  and should strike Plaintiff's overbroad allegations now.  As the Court explained, "[w]hile motions

24  to strike are generally disfavored, a court may strike class allegations if the plaintiff '[can]not make

25  a *prima facie* showing of Rule 23's prerequisites or that discovery measures [are] likely to produce

26  persuasive information substantiating the class action allegations.'"  Dismissal Order at 19.

27  Moreover, a court may strike class allegations before discovery if "any questions of law are clear

28

REPLY ISO AMAZON'S MOTION TO
DISMISS AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

- 10 -

**FENWICK & WEST LLP**
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

1    and not in dispute" and "under no set of circumstances could the claim or defense succeed."

2    *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (2009).

3          Those prerequisites are met here.  Plaintiff's proposed classes are facially overbroad and,

4    as before, include "Prime members who *never* paid for the Whole Foods delivery service."

5    Dismissal Order at 20.  For instance, Plaintiff's first proposed class encompasses Prime members

6    who were fully apprised of the new WFM service fee—through Amazon's advance notice, during

7    the checkout process, or through news coverage—and could not possibly have been the victims of

8    "bait-and-switch" or "drip pricing."  Plaintiff's second proposed class sweeps in Prime members

9    who, while they might have used free WFM delivery *before* October 25, 2021, did not do so *after*

10   the delivery fee was imposed and thus were never charged the fee.

11         *Second*, citing Rule 12(g), Plaintiff argues that the Court should decline to strike the first

12   proposed class because "Amazon failed to raise it in its previous motion to dismiss."  Opp. at 26.

13   But the FACC raises new allegations that underscore the flaws in the class definitions.  And Rule

14   12(g) does not prohibit courts from considering new arguments on a second motion to dismiss.

15   *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) (citation omitted).

16   **III.   CONCLUSION**

17         Plaintiff has failed three times to state a viable claim.  The Court should dismiss this case

18   with prejudice.

19         Dated:  March 15, 2024              Respectfully submitted,

20                                            FENWICK & WEST LLP

21

22                               By: */s/ Brian D. Buckley*

23                                    Brian D. Buckley, WSBA No. 26423
                                     Y. Monica Chan, WSBA No. 58900
24                                    401 Union Street, 5th Floor
                                     Seattle, WA 98101
25                                    Tel.:     206.389.4510
                                     Email:    bbuckley@fenwick.com
26                                             mchan@fenwick.com

27                                    Jedediah Wakefield (admitted *pro hac vice*)
                                     555 California Street
28                                    San Francisco, CA 94104
                                     Tel.:     415.875.2300

Email:    jwakefield@fenwick.com

*Attorneys for Defendant*
AMAZON.COM, INC.

REPLY ISO AMAZON'S MOTION TO
DISMISS AND TO STRIKE
CASE NO.: 2:22-CV-00743-TL

\- 12 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

1

**LCR 7(e) WORD-COUNT CERTIFICATION**

2          As required by Western District of Washington Local Civil Rule 7(e), I certify that this

3     memorandum contains 4,198 words.

4                                        Dated:  March 15, 2024

5                                        FENWICK & WEST LLP

6

7                                        By: */s/ Brian D. Buckley*
                                              Brian D. Buckley, WSBA No. 26423
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO AMAZON'S MOTION TO                    - 13 -                    FENWICK & WEST LLP
DISMISS AND TO STRIKE                                                    401 UNION STREET, 5TH FLOOR
CASE NO.: 2:22-CV-00743-TL                                               SEATTLE, WASHINGTON  98101