UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON SERVICE FEE LITIGATION | Case No.: 2:22-cv-00743-TL<br><br>(CONSOLIDATED CASE)<br><br>**AMAZON.COM'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND TO STRIKE CERTAIN ALLEGATIONS**<br><br><u>NOTE ON MOTION CALENDAR:</u><br>MARCH 15, 2024<br><br>ORAL ARGUMENT REQUESTED |

REPLY ISO REQ. FOR JUDICIAL NOTICE
ISO AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

1   Plaintiff's First Amended Consolidated Class Action Complaint ("FACC") refers to and cites four documents: Amazon's September 2021 email announcement about the institution of the service fee ("Email Notice"), an online article about the $9.95 service fee for Whole Foods Market ("WFM") deliveries, and two screenshots of the WFM delivery checkout process on amazon.com ("Screenshots") (collectively, the "Noticed Records"). *See* Dkt. No. 78 ("Buckley Declaration"), Exs. A-D. Because the Noticed Records form the basis for Plaintiff's claims, the Court can and should consider them in connection with Amazon's motion to dismiss.

I.   ARGUMENT

   A.   The FACC Incorporates The Noticed Records By Reference.

Plaintiff acknowledges that incorporation by reference is appropriate when "plaintiff's claim depends on a document," and "the parties do not dispute the authenticity of the document." Plaintiff's Opposition to Amazon.com's Request for Judicial Notice ("Opp.") at 3 (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). Plaintiff also concedes that the online article about Amazon's institution of the service fee for WFM deliveries (**Exhibit B**) should be incorporated by reference in the FACC. *Id.* at 2. But she claims that even if a document is incorporated by reference into a complaint, "the document 'cannot be considered for the truth of the matter it asserts.'" Opp. at 4 (citing *Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028 (W.D. Wash. 2018) and *City of Roseville Empls. Ret. Sys. v. Sterling*, 963 F. Supp. 2d 1092 (E.D. Wash. 2013)). Plaintiff misstates the standard. Just like the litigants in *Roseville*, Plaintiff "mistakenly conflate[s] the doctrine of incorporation by reference with the separate concept of judicial notice." 963 F. Supp. 2d at 1108. Unlike judicial notice, "once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss." *Id.* at 1107; *see also Wilson*, 349 F. Supp. 3d at 1042 (ruling on judicial notice, not incorporation by reference).

The Email Notice and Screenshots should also be incorporated by reference into the FACC because they form the basis of, and are crucial to, Plaintiff's claims. Plaintiff argues that the Email Notice (**Exhibit A**) should not be incorporated by reference because she "does not refer to this email in the FACC." *See* Opp. at 4. The Court should reject Plaintiff's myopic view. The FACC repeatedly cites to articles referencing the Email Notice that "warned shoppers last month a new

charge was coming." Buckley Decl., Ex B; *see also* FACC n.3, n.4, n.8. Yet much of the lawsuit hinges on Plaintiff's allegation that Amazon deceptively and "surreptitiously" charged Prime members a "hidden" and deceptive service fee for WFM delivery "without adequate" or "conspicuous" notice. FACC ¶¶ 14, 32-34; *see also* Opp. at 6. This situation is the precise reason that the incorporation by reference doctrine exists: to prevent Plaintiff "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006); *see also Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 867 (N.D. Cal. 2022) (incorporating evidence concerning an issue that was only "somewhat hinted at" in the complaint because it was "crucial to [the plaintiff's] claims that he ever received notifications.") (citation omitted).[1] The Email Notice plainly gave advance notice of the service fee that is so integral to Plaintiff's claims.

Plaintiff argues that the incorporation by reference does not apply "[i]f [a] document merely creates a defense to the well-pled allegations in the complaint." Opp. at 5 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). But as explained above, the Email Notice is not "merely" a defense. The FACC repeatedly acknowledges the existence of the Email Notice, cites to articles referencing it (FACC n.3, n.4, n.8), and challenges its adequacy (*id.* ¶¶ 32-33, 53). It is therefore integral to her claims. *See, e.g., id.* ¶¶ 13-19, 31-34.

Plaintiff also misplaces her reliance on *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010), which *supports* Amazon's request. Opp. at 5. In *Coto*, the Ninth Circuit held that the complaint incorporated an agreement governing billing and collection services, even though the complaint never expressly referred to the agreement. 593 F.3d at 1038. Because the complaint contained allegations that the plaintiffs used the defendants to handle their billings, the agreement was "integral" to the amended complaint. *Id.* Plaintiff also cites *Hunichen v. Atonomi LLC*, No.

---

[1] Plaintiff argues that Amazon did not establish that the Email Notice was sent to Plaintiff or that she was put on notice of the service fee. Opp. at 3. But "notice" is not an element or requirement of the incorporation by reference doctrine.

C19-0615, 2020 WL 6875558 (W.D. Wash. Oct. 6, 2020), which is distinguishable. Opp. at 5. There, the movant sought to introduce blockchain transaction records, but those records appeared incomplete, movant sought to use them as evidence of "party admissions," and the court was unaware of any other court that had ever considered blockchain evidence on a motion to dismiss. 2020 WL 6875558 at *5-6. Those factors are clearly absent here, and courts regularly incorporate by reference email notifications. *See, e.g.*, *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 867 (N.D. Cal. 2022) (incorporating by reference Twitter's email notifications).

Plaintiff also seeks to exclude two Screenshots of webpages from the WFM checkout process (**Exhibits C and D**) that Plaintiff selectively omitted from the FACC. Plaintiff attempts to recharacterize the FACC as challenging only the "initial webpage that shows the price of the Whole Foods grocery items." Opp. at 6. But this argument directly contradicts her allegations. The FACC contends that the entire "buying" and "ordering process" is part of Amazon's "drip pricing" or "bait-and-switch" scheme where it "tacks on a mandatory 'service fee'…after the consumer is already invested in the ordering process." FACC ¶¶ 17-19, 61. The FACC even offers other screenshots from the ordering process, such as the item-specific page and the "Review your Whole Foods Market order" page. *See id.* ¶¶ 17-18. Plaintiff cannot cherry pick only the portions that purportedly support her claims, while omitting others that "weaken—or doom—[her] claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing *Parrino*, 146 F.3d at 706). In fact, a "review of the web pages in the context in which they are seen by consumers when they are using [Amazon's] website is necessary to determine if the webpages are deceptive." *See CMRE Fin. Servs. Inc. v. Doxo Inc.*, No. 2:22-cv-00298-RAJ-BAT, 2022 WL 16701259, *4 (W.D. Wash. Oct. 7, 2022), *report and recommendation adopted*, No. 2:22-cv-00298-RAJ-BAT, 2022 WL 16699090 (W.D. Wash. Nov. 3, 2022). Because the allegedly deceptive nature of Amazon's entire WFM ordering process is the basis of Plaintiff's claims, "the [c]ourt can consider all aspects of … the checkout experience." *Id.*

REPLY ISO REQ. FOR JUDICIAL NOTICE
ISO AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

- 3 -

Fenwick & West LLP
401 Union Street, 5th Floor
Seattle, Washington 98101

### B. The Article And Screenshots Are Subject To Judicial Notice.

Alternatively, the Court should take judicial notice of the relevant materials.[2] Plaintiff concedes that the article is subject to judicial notice. *See* Opp. at 1, 9. But she argues that the Court should not take judicial notice of the Screenshots because "Amazon fails to establish when these webpages were active or whether they existed at the time Plaintiff made her online order." Opp. at 9. As an initial matter, the FACC's undated screenshots from Amazon's website are vulnerable to the same argument. *See* FACC ¶¶ 16-17. Plaintiff does not explain why she is entitled to rely on the FACC's screenshots as a sword but exclude Amazon's Screenshots captured from the same checkout process.

In any event, Plaintiff's argument misses the mark. The Buckley Declaration explains when the Screenshots were captured and active. *See* Buckley Decl. ¶¶ 4-5. Moreover, Plaintiff does not dispute that the Court may take judicial notice of a publicly available website. *Wilson v. PTT, LLC*, 351 F. Supp. 3d 1325, 1338 (W.D. Wash. 2018) (cited in Opp. at 8). The Screenshots were captured from Amazon's publicly available website and shows "what was in the public realm at the time," *F.D.I.C. v. Clementz*, No. C13-737 MJP, 2013 WL 6212166, *3 (W.D. Wash. Nov. 27, 2013) (citation omitted), and "seen by consumers when they are using [Amazon's] website," *CMRE*, 2022 WL 16701259 at *4.

Plaintiff relies on *Garcia v. Bell Gardens Hosp., LLC* to exclude the Screenshots, but that case is inapposite. 2021 WL 4260404, *2 (C.D. Cal. July 27, 2021); Opp. at 9. There, the plaintiff objected to the defendant's request for judicial notice of certain webpages of the defendant's website because they were not the same as the website plaintiff saw. *Id*. The plaintiff noted that the defendant significantly changed its website after being served with the complaint, and submitted a declaration with exhibits showing the older version of the defendant's website. *Id*. None of that is true here. Notably, Plaintiff does *not* claim that the Screenshots were any different from what she saw when she placed her order. Nor does Plaintiff assert that Amazon changed its

---

[2] Amazon did not ask the Court to take judicial notice of Exhibit A, the Email Notice. *See* RJN at 5.

REPLY ISO REQ. FOR JUDICIAL NOTICE - 4 -  
ISO AMAZON'S MOTION TO DISMISS  
CASE NO.: 2:22-CV-00743-TL

FENWICK & WEST LLP  
401 UNION STREET, 5TH FLOOR  
SEATTLE, WASHINGTON 98101

WFM delivery checkout process. And the accuracy of the Screenshots can be readily determined by visiting Amazon's website. Accordingly, the Court may take judicial notice of the Screenshots.

## II. CONCLUSION

For these reasons, Amazon respectfully requests that the Court consider the Noticed Records in connection with Amazon's motion to dismiss the FACC.

Dated: March 15, 2024

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423
Y. Monica Chan, WSBA No. 58900
401 Union Street, 5th Floor
Seattle, WA 98101
Tel.: 206.389.4510
Email: bbuckley@fenwick.com
mchan@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Tel.: 415.875.2300
Email: jwakefield@fenwick.com

*Attorneys for Defendant*
AMAZON.COM, INC.

REPLY ISO REQ. FOR JUDICIAL NOTICE
ISO AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

- 5 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

## LCR 7(e) WORD-COUNT CERTIFICATION

As required by Western District of Washington Local Civil Rule 7(e), I certify that this memorandum contains 1,593 words.

Dated: March 15, 2024

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
    Brian D. Buckley, WSBA No. 26423

REPLY ISO REQ. FOR JUDICIAL NOTICE
ISO AMAZON'S MOTION TO DISMISS
CASE NO.: 2:22-CV-00743-TL

- 6 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101