UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON SERVICE FEE LITIGATION | CASE NO. 2:22-cv-00743-TL<br><br>(CONSOLIDATED CASE)<br><br>ORDER ON MOTION TO CONSOLIDATE |

This matter is before the Court on Defendant Amazon.com Inc.'s Motion to Consolidate. Dkt. No. 81. Having reviewed Plaintiff Dena Griffith's response (Dkt. No. 85) and Defendant's reply (Dkt. No. 89), as well as the opposition of interested party Wilbert Napoleon (Dkt. No. 83), the Court DENIES the motion.

I.    BACKGROUND

The Court assumes familiarity with the facts of the case. Relevant to the instant motion, this matter is a proposed class action related to the cost of Defendant's Whole Foods grocery delivery services. *See* Dkt. Nos. 47 (Consolidated Class Action Complaint), 73 (First Amended

Consolidated Class Action Complaint). Plaintiff argued that Defendant's decision to end free delivery services and instead charge a fee for the same benefit is a violation of California and Washington consumer protection laws (Dkt. No. 47 ¶¶ 47–89) as well as Washington tort and contract law (*id.* ¶¶ 90–130). Upon an initial motion to dismiss by Defendant, all of Plaintiff's claims were dismissed with leave to amend certain claims. *See* Dkt. No. 72 (order). In her amended complaint, Plaintiff now asserts only a violation of the Washington Consumer Protection Act ("WCPA") (Dkt. No. 73 ¶¶ 58–66) and a breach of the duty of good faith and fair dealing (*id.* ¶¶ 67–72). Defendant filed a second motion to dismiss, which remains pending. *See* Dkt. No. 76.

On February 9, 2024, another action related to Prime benefits was filed in this District. In *Napoleon v. Amazon.com, Inc.*, named plaintiff Wilbur Napoleon brings a proposed class action related to Defendant's decision to end ad-free streaming of movies and television shows as a benefit of Prime membership. No. C24-186, Dkt. No. 1 (W.D. Wash. Feb. 9, 2024). Napoleon argues that Defendant's decision to end ad-free streaming and charge a fee for the same benefit is a violation of Washington contract law (*id.* ¶¶ 36–56) as well as of California and Washington consumer protection laws (*id.* ¶¶ 57–114).

Defendant now moves to consolidate this matter with the *Napoleon* matter. Dkt. No. 81; *see also* Dkt. No. 89 (reply). Plaintiff opposes (Dkt. No. 85), as does Napoleon (Dkt. No. 83). Defendant also gives notice of two other actions in this District (filed after the Motion to Consolidate) that are also related to Defendant's decision to end ad-free streaming.[1] Dkt. Nos. 84, 88; *see Gianne et al. v. Amazon.com Inc.*, No. C24-309, Dkt. No. 1 (W.D. Wash. Mar.

---

[1] In its notices, Defendant does not explicitly request that these matters also be considered and consolidated under the instant motion. However, to the extent that Defendant may later seek to consolidate these matters, the Court's reasoning is still applicable, as the *Napoleon*, *Gianne*, and *Peterson* matters all concern Defendant's elimination of ad-free video streaming.

7, 2024); *Peterson et al. v. Amazon.com Inc.*, No. C24-364, Dkt. No. 1 (W.D. Wash. Mar. 19, 2024).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Courts have broad discretion to consolidate cases pending in the same district. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016). In deciding whether to exercise this discretion, courts generally look to such factors as "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to [any opposing party]." *Amazon.com, Inc. v. AutoSpeedstore*, No. C22-1183, 2022 WL 11212033, at *1 (W.D. Wash. Oct. 19, 2022) (citing 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2383 (3d ed., Apr. 2022 Update)).

## III. DISCUSSION

Defendant argues that this matter and the *Napoleon* matter may be consolidated because they involve common questions of law and fact. *See* Dkt. No. 81 at 5–7. Defendant also argues that various factors support consolidation, including judicial economy, consistency of results, and lack of prejudice. *See id.* at 7–8. In opposition, Plaintiff argues that the two matters "do not involve common questions of law or fact" as required under Rule 42(a). Dkt. No. 85 at 4; *see id.* at 4–6. Napoleon emphasizes that the matters are "factually and legally different." Dkt. No. 83 at 3; *see id.* at 3–4. Plaintiff and Napoleon also argue that consolidation is not appropriate because it will not promote judicial economy and will prejudice Plaintiff. *See* Dkt. No. 85 at 6–7; Dkt. No. 83 at 2–6.

Here, the Court finds that consolidation is not appropriate. While there may be *some* common questions of law or fact (*e.g.*, the applicability of the Prime Terms & Conditions), there are significant differences, both factually and legally, that caution against consolidation.

For example, Prime Video has its own contractual terms and conditions that may be at issue in *Napoleon* but are not applicable to this matter. *See* Amazon Prime Video Terms of Use, https://perma.cc/7AVM-CAVW (last updated Oct. 19, 2023); *Napoleon*, No. C24-186, Dkt. No. 1 ¶¶ 36–43 (alleging that plaintiff entered "contracts" that promised ad-free video streaming). Indeed, Napoleon points out that "in response to consumer inquiries and complaints about the removal of ad-free videos, [Defendant's] customer service department has been pointing consumers to the section in its Prime Video terms and conditions that governs 'updates and modifications to the service.'" Dkt. No. 83 at 4 (citing Prime Video Terms § 6(d)). Defendant does not appear to dispute that the Prime Video terms may be applicable to the *Napoleon* case, instead arguing that both cases are governed by the Prime terms and need not be identical. *See* Dkt. No. 89 at 3. To be sure, the cases "need not be identical as a prerequisite to consolidation," *Abbott v. Amazon.com Inc.*, No. C23-1372, 2023 WL 7496362, at *1 (W.D. Wash. Nov. 13, 2023), but the possible relevance of additional contractual terms not applicable to this matter weighs against consolidation.

In addition, the cases will involve distinct factual discovery, even if there is ultimately some degree of overlap. This matter concerns a change to Whole Foods delivery services made in 2021 (Dkt. No. 73 ¶ 13), whereas *Napoleon* concerns a change to Prime Video services made in 2024 (No. C24-186, Dkt. No. 1 ¶ 13)—different changes, three years apart, with different representations to consumers by Defendant. The putative classes are also different: here, the classes are comprised of all Prime subscribers who used the Whole Foods delivery service in 2021 forward (Dkt. No. 73 ¶ 45), whereas in *Napoleon*, the classes are comprised of annual

ORDER ON MOTION TO CONSOLIDATE - 4

Prime subscribers as recent as December 2023 (No. C24-186, Dkt. No. 1 ¶ 29). All these differences would appear to complicate the Court's management of a consolidated case. Defendant insists that "overlapping and duplicative discovery" (Dkt. No. 89 at 4) supports consolidation, but this is not a self-evident proposition. Other than identifying "similar periods" for these service changes (*id.*), Defendant does not at all explain what the overlapping discovery might be and thus to what degree consolidation would promote judicial economy.

As another court in this District recently observed, "[Defendant] is huge; it may get accused of violating similar laws many times a year, in many different ways, and not all of these actions can or should be consolidated." *Daly v. Amazon.com, Inc.*, No. C22-910, 2024 WL 841457, at *3 (W.D. Wash. Feb. 28, 2024). Even if there are common questions of law or fact between this matter and *Napoleon*, the differences are significant enough that the Court does not find consolidation appropriate here.

### IV.  CONCLUSION

Accordingly, Defendant's Motion to Consolidate (Dkt. No. 81) is DENIED.

Dated this 28th day of March 2024.

Tana Lin
United States District Judge